**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 0 4 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

EVELYN KONRAD, ESQ.,

                                    Plaintiff,

        – against –

MARK EPLEY, PAUL ROBINSON, ELBERT W.
ROBINSON, JR., WILLIAM BROWN, DENIS
GUERIN, DONALD and MELINDA QUINTIN,

                                    Defendants.

---

Case No. 12-cv-4021 (JFB)(ETB)

**ANSWER OF DEFENDANT
WILLIAM BROWN**

---

Defendant William J. Brown ("Brown") answers the complaint as follows:

1.      Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1, including all of its sub-parts.

2.      Brown denies the allegations in paragraph 2 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.      Brown denies the allegations in paragraph 3 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.      Brown denies the allegations in paragraph 4 as they relate to him or that individuals are put on constructive notice of a *common plan and scheme* and denies the characterization of the Rosko neighborhood, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.      Brown denies the allegations in paragraph 5 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in

paragraph 5, and avers that the property located at 17 Adams Lane is not in violation of any covenant cited by Petitioner, even assuming that the covenants were enforceable as against Brown *and* that a claim to enforce the covenant were not barred by the statute of limitations and/or released under applicable statute.

6.      Brown denies the allegations in paragraph 6 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and avers that, on April 23, 2008, following multiple public meetings concluding in unanimous approval by the Board of Architectural Review and Historic Preservation of the Village of Southampton ("BARHP") of the plans for 17 Adams Lane, as currently built, Plaintiff filed an Article 78 proceeding in the Supreme Court for the State of New York, Suffolk County, *In the Matter of Evelyn Konrad, Esq., et al. v. The Southampton Village Board of Architectural Review and Historic Preservation et al.*, Index No. 13838/2008, in which she and the other petitioner challenged that approval, naming the BARHP, Brown, and others as respondents (the "17 Adams Lane Article 78 Proceeding"). Brown further avers that, on May 8, 2009, New York Supreme Court granted respondents' motion to dismiss the petition, holding that "[t]hese motions having been made after the service of verified answers, the proceeding is dismissed on its merits;" that judgment was entered on that decision on September 11, 2009; that, on January 28, 2010, the same court denied petitioners' motion to renew and reargue the petition; and that petitioners did not appeal that result (the final judgment in the 17 Adams Lane Article 78 Proceeding, the "Article 78 Judgment"). Brown further avers that all claims in this case against Brown relating to 17 Adams Lane, if Brown were properly before the Court, would be barred by the Article 78 Judgment, the statute of limitations and/or released under applicable statute.

7.      Brown denies the allegations in paragraph 7 as they relate to him, and

2

otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7, and avers that Plaintiff has commenced *multiple* Article 78 proceedings in the Supreme Court for the State of New York, Suffolk County addressing land use in the Village of Southampton and, more specifically, the Rosko neighborhood; including Index No. 26161/2007 and 35049/2007, both of which were dismissed.

8.      Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8.

9.      Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Brown denies the allegations in paragraph 11 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Brown denies the allegations in paragraph 16 as they relate to him, and

3

otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and avers that Plaintiff *did* commence the 17 Adams Lane Article 78 Proceeding against Brown, which was "dismissed on its merits."

17. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Brown denies the allegations in paragraph 18 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18, and avers that Plaintiff commenced a defamation action against Brown in the Supreme Court for the State of New York, New York County, *Konrad v. Brown*, Index number 102110/10 (the "Defamation Suit"), involving Plaintiff's extensive factual submissions, multiple motions for renewal, extensive additional submissions, an attempt to join defendant Robinson as a party to the matter under a purported *conspiracy to defame* Plaintiff, that the court granted Brown's motion to dismiss and in the alternative for summary judgment and adhered to that decision on the motions for renewal, and that Plaintiff appealed to the Appellate Division, First Department, which affirmed the judgment in favor of Brown. Brown further avers Plaintiff moved for leave to appeal to the New York Court of Appeals, which denied the motion (the "Defamation Judgment"), and that, if Brown were properly before the Court, all claims in this case against Brown, if not barred by the Article 78 Judgment, statute of limitations and/or released under applicable statute, are barred by the Defamation Judgment.

19. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20.

4

21.    Brown denies the allegations in paragraph 21 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and avers that, in the Defamation Case, Evelyn Konrad, "being duly sworn and deposed" affirmed "[t]hat at all times Evelyn Konrad is a resident of the State of New York, City and County of New York, at 200 East 84th Street New York, New York" and provided the same New York City address in her appellate briefs in the same matter, filed with the Supreme Court of the State of New York Appellate Division, First Department, and the New York Court of Appeals.

23.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    Brown admits that, for a period of time after completion of the house at 17 Adams Lane, he was a resident of the Rosko Place neighborhood, and otherwise denies the allegations in paragraph 26, and avers that 17 Adams Lane is classified as an investment property and listed for rent and/or sale with The Corcoran Group and Brown Harris Stevens of the Hamptons, LLC.  Brown further avers he is a resident of New Canaan, Connecticut and that he was not personally served, nor was any other party served at his *dwelling or usual place of abode* in New Canaan or other business address.

5

27.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Brown denies the allegations in paragraph 31 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

37.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

38.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     Brown denies the allegations of paragraph 39 with respect to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

40.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42, and avers that no *alleged* covenants for the neighborhood were ever enforced and the use of a "children's playhouse" is undefined and indistinguishable in use from a pool house or similar structure and further avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

43.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43.

44.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.     Brown denies the absence of pool houses or extraneous structures in the neighborhood, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46, and avers that Plaintiff has a large structure in her rear yard that is not a garage.

47.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Brown admits 17 Adams Lane is identified on the same map as 37 Leos Lane and 7 South Rosko Drive, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48, and avers that 17 Adams Lane was "placed on the map to show continuity of the streets" as asserted in writing by the surveyor identified on the same map and was not the property of Owner and Developer Leo Rosko on the date he created or filed the Subdivision Map for Rosko Place.

49.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Brown lacks knowledge sufficient to form a belief as to the truth of the

8

allegations in paragraph 52.

53.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 58, including all sub-parts.

59.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 60, and avers that 52 South Rosko Drive is *three* houses south of the address identified as Plaintiff's property.

61.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.     Brown denies Plaintiff's characterization of the Rosko Place subdivision or that the new houses "cannot be in harmony with [the] neighborhood", and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.    Brown denies violating any common plan and scheme of the Rosko subdivision, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 65.

66.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66, and avers that the Defamation Judgment concluded Plaintiff is a *limited public figure* for purposes of the controversies cited by Petitioner.

67.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Brown lacks knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 73.

74.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 74.

75.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 75.

76.     Paragraph 76 was omitted by Plaintiff.

77.     Paragraph 77 was omitted by Plaintiff.

78.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 78.

79.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 79.

80.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 80.

81.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 81.

82.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 82.

83.     Brown lacks knowledge sufficient to form a belief as to the truth of the
allegations in paragraph 83, and avers that the Supreme Court Appellate Division, First
Department found in the Defamation Judgment that the assertion that Plaintiff "made a false
statement in an article 78 proceeding" was "substantially true" and "the assertion that Plaintiff
had made a false statement before an administrative tribunal was substantially true, as show by
the video and transcript of the hearing."

84.     Brown denies the allegations in paragraph 84 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Brown admits Mrs. Mary Dick was a previous owner of 17 Adams Lane, denies that the 17 Adams Lane Article 78 Proceeding was dismissed solely for *lack of evidence*, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 85, and avers that Plaintiff and Dr. Elaine Fox initiated the 17 Adams Lane Article 78 Proceeding against him and that the 17 Adams Lane Article 78 Proceeding was dismissed by Justice Mayer of the Supreme Court of New York, Suffolk County "on the merits with prejudice" for, among other things, being "misguided" and "wholly unsubstantiated, without merit, and not properly interposed in the instant Article 78 proceeding."

86.     Brown admits 17 Adams Lane was previously owned by John Borucke, and otherwise denies the allegations in paragraph 86.

87.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 87.

88.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 89.

90.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 90

91.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.     Paragraph 92 was omitted by Plaintiff.

93.     Paragraph 93 was omitted by Plaintiff.

94.     Paragraph 94 was omitted by Plaintiff.

95.     Paragraph 95 was omitted by Plaintiff.

96.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     Brown denies the allegations in paragraph 98 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 98.

99.     Brown denies the allegations in paragraph 99 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 102.

103.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 103.

104.    Brown lacks knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 104.

        105.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 105.

        106.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 106.

        107.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 107.

        108.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 108.

        109.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 109.

        110.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 110.

        111.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 111.

        112.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 112.

        113.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 113.

        114.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 114.

        115.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 115.

116.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.     Brown denies the allegations in paragraph 121 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 121, including all of its sub-parts.

122.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.     Brown denies the allegations in paragraph 125 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 125.

126.     Brown lacks knowledge sufficient to form a belief as to the truth of the

allegations in paragraph 126.

127. Brown denies that there is a common plan and scheme which limits the houses, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 127, and avers that the covenants cited by Petitioner, even if enforceable *and* not barred by the Article 78 Judgment *and* not barred by the statute of limitations *and* not released under applicable statute, expressly state "[n]either cost nor square nor cubic footage shall be arbitrarily controlling factors in the matter of approval, but rather esthetic suitability of plans and elevations to the individual site and to the property as a whole and sound building such as is currently found in usual firstclass house construction and no plan so conforming with their requirements shall be arbitrarily rejected."

128. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 128.

129. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 129.

130. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 130.

131. Brown denies the allegations in paragraph 131 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 131, and avers that any relief sought by Petitioner in relation to the covenants cited, even if enforceable, would be barred by the statute of limitations and/or released under applicable statute.

132. Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 133.

134.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 136.

137.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 138.

139.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 139.

140.    Brown denies the allegations in paragraph 140 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 140.

141.    Brown denies the allegations in paragraph 141 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 141.

142.    Brown denies the allegations in paragraph 142 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 142.

143.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 143.

144.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 144.

145.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Brown denies the allegations in paragraph 146 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 146.

147.    Brown denies the allegations in paragraph 147 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 147.

148.    Brown denies the allegations in paragraph 148 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 148.

149.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 149.

150.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 150.

151.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 151.

152.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 152.

153.    Brown denies the allegations in paragraph 153 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 153.

154.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 154.

155.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 155.

156.    Brown denies the presence of a *common plan and scheme* and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 156.

157.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 157.

158.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 158.

159.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.    Brown denies the allegations in paragraph 163 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in

paragraph 163.

164.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 164.

165.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 165.

166.    Brown denies that Leo Rosko or John Borucke imposed any limitation of mass on new homes or *common plan and scheme*, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 166.

167.    Brown denies the allegations in paragraph 167 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 167.

168.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    Brown denies the public hearing for 17 Adams Lane was arbitrarily terminated, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 169, and avers that there were multiple public hearings before the BARHP on the application of 17 Adams Lane and Plaintiff has commenced numerous Article 78 proceedings touching this very matter in New York Supreme Court, Suffolk County, all of which were dismissed.

170.    Brown denies the multiple public BARHP hearings addressing the application for 17 Adams Lane were arbitrarily terminated, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.    Brown denies the allegations in paragraph 171 as they relate to him, and

20

otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 171.

172.    Brown denies the allegations in paragraph 172 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 173.

174.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 175.

176.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.    Brown denies the allegations in paragraph 177 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 177.

178.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 178.

179.    Brown denies the allegations in paragraph 179 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 179, and avers that Plaintiff has made multiple polarizing comments in *The Southampton Press* Letters to the Editor section involving attacks on individuals, including a Supreme Court Justice with which she disagreed, and other groups.

180.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 180.

181.    Brown denies the allegations in paragraph 181 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 181.

182.    Brown denies the allegations in paragraph 182 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 182.

183.    Brown denies the allegations in paragraph 183 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 184.

185.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 185.

186.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 186.

187.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 187.

188.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 188.

189.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 189.

190.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 190.

191.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Brown denies the allegations in paragraph 194 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 196.

197.    Brown denies the allegations in paragraph 197 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 197.

198.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 198.

199.    Brown denies the allegations in paragraph 199, and avers that any such claim is precluded by the Article 78 Judgment, the Defamation Judgment, statute of limitations and/or have been released under applicable statute.

23

200.    Brown denies the allegations in paragraph 200, and avers that Plaintiff *did* commence the 17 Adams Lane Article 78 Proceeding against Brown, which was "dismissed on its merits." Brown further avers that any such claim is barred by the Article 78 Judgment, the Defamation Judgment, statute of limitations and/or has been released under applicable statute.

201.    Brown denies the allegations in paragraph 201 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.    Brown denies the allegations in paragraph 202 as they relate to him, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

203.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 203.

204.    Brown denies the allegations in paragraph 204 as they relate to him, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

205.    Brown denies the allegations in paragraph 205, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

206.    Brown denies the allegations in paragraph 206, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

207.    Brown denies the allegations in paragraph 207, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of

limitations and/or have been released under applicable statute.

208.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.     Brown denies the allegations in paragraph 209 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 209, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

210.     Brown denies the allegations in paragraph 210 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 210, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

211.     Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 211.

212.     Brown denies the allegations in paragraph 212 as they relate to him, and otherwise lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 212, and avers that any such claims are precluded by the Defamation Judgment and/or have been released under applicable statute.

213.     Paragraph 213 was omitted by Plaintiff.

214.     Brown denies the allegations in paragraph 214, and avers that any such claims against Brown are barred by the Article 78 Judgment, Defamation Judgment, statute of limitations and/or have been released under applicable statute.

215.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 215.

216.    Brown lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 216, which Plaintiff has inadvertently listed twice.

## FIRST AFFIRMATIVE DEFENSE

Improper venue

## SECOND AFFIRMATIVE DEFENSE

Improper service

## THIRD AFFIRMATIVE DEFENSE

Lack of standing

## FOURTH AFFIRMATIVE DEFENSE

Lack of personal jurisdiction

## FIFTH AFFIRMATIVE DEFENSE

Lack of subject-matter jurisdiction

## SIXTH AFFIRMATIVE DEFENSE

Failure to state a claim

## SEVENTH AFFIRMATIVE DEFENSE

Res judicata

## EIGHTH AFFIRMATIVE DEFENSE

Collateral estoppel

## NINTH AFFIRMATIVE DEFENSE

Statute of limitations

## TENTH AFFIRMATIVE DEFENSE

Release

## ELEVENTH AFFIRMATIVE DEFENSE

Laches

## TWELVTH AFFIRMATIVE DEFENSE

Unclean hands

## THIRTEENTH AFFIRMATIVE DEFENSE

Not defamatory

## FOURTEENTH AFFIRMATIVE DEFENSE

Truth, substantial truth and/or opinion

## FIFTEENTH AFFIRMATIVE DEFENSE

Limited public figure

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's reputation in the community is incapable of harm by Brown

WHEREFORE, Defendant William Brown respectfully requests that the Court dismiss the complaint herein as against him, with prejudice, and requests the Court impose such sanctions and award such relief as may be just and proper.

Dated:  New Canaan, CT                          WILLIAM BROWN
        September 1, 2012

                                                27 Old Stamford Road
                                                New Canaan, CT 06840
                                                Tel.:  (203) 966-5753

                                                *Pro se*

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  SEP 04 2012  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EVELYN KONRAD,

                                Plaintiff,

        – against –

MARK EPLEY, PAUL ROBINSON, ELBERT W.
ROBINSON, JR., WILLIAM BROWN, DENIS
GUERIN, DONALD and MELINDA QUINTIN,

                                Defendants.

Case No. 12-cv-4021

**AFFIRMATION OF SERVICE**

        I, William Brown, declare under penalty of perjury that I have served copy of the

attached Answer upon Evelyn Konrad whose address is 200 East 84th Street, New York, NY

10028 and Elbert W. Robinson, Jr. at 61 Main Street, Southampton, NY 11968, by First-Class

mail, postage prepaid.  Plaintiff's Complaint did not provide a home or office address for

Defendants Mark Epley, Paul Robinson, Denis Guerin or Donald and Melinda Quintin.


Dated:  New Canaan, CT
        September 1, 2012

WILLIAM BROWN

27 Old Stamford Road
New Canaan, CT  06840
Tel.:  (203) 966-5753

*Pro se*