Evelyn Konrad
18 So. Rosko Drive
Southampton, NY 11968
212-585-1240
631-283-4407

29 September 2012

**Via ECF and U.S. Mail**
Hon. Magistrate Judge E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

RE: Konrad v. Epley et al.
Docket No. 12 CV 4021

LETTER MOTION FOR LEAVE
TO AMEND THE COMPLAINT

Dear Judge Boyle:

I am making this Letter Motion to request leave to amend the complaint by adding a necessary defendant, namely Elichia Brown, who is co-owner of the Brown property, 17 Adams Lane, Southampton, New York 11968. That property is at issue in this lawsuit.

Since Mrs. Elichia Brown's name appears as a co-owner on the deed of sale for 17 Adams Lane, no adjudication of the status of 17 Adams Lane could be enforced, unless Mrs. Elichia Brown has an opportunity to defend herself and her property in this matter. (See Attachment 1, portions of the deed of sale transferring title from Sharon E. Kerr to William Brown and Elichia Brown, husband and wife, at the time residing at 151 East 58th Street, New York, NY 10022.) In order to add Elichia Brown as a defendant, I will have to add her name to the caption of the case, as a party to the proceedings, and insert her name where William Brown and the property at 17 Adams Lane are at issue.

The status of the case is as follows: Paul Robinson, former Trustee of the Village of Southampton, an original defendant in this matter, who owns eleven properties in the Village, has not yet been served. Furthermore, there is no delay from the addition of Elichia Brown as a defendant because, Christopher Rodriguez Esq., of Kayser & Redfein LLP (515 Madison Avenue, New York, New York 10022, 212-935-5057) called me on Thursday, 27 September, to tell me that he would be representing defendant Denis Guerin in this matter, and he asked me for an extension of time until 29 November, which I agreed to do.

The court may, in its discretion, consider such factors as whether allowing the amendment of the pleading at this state of the litigation will prejudice defendants. No such prejudice is involved. My addition of an essential defendant in this matter will not affect the timing of this case, currently scheduled for a scheduling conference on 7 December 2012. (See Attachment 2, Doc 3, the Order for the 7 December scheduling conference.)

It is settled law that, once an answer is served, Rule 15 allows a plaintiff to amend its complaint

"only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). No procedurally valid answer has been filed in this case. Furthermore, it is stated that a court should freely give leave to amend "when justice so requires." *Anderson News, LLC v. Am Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

Mr. Brown and his wife, Elichia, moved to New Canaan, CT, five days after my process server served Elichia Brown with the Summons and Complaint for William Brown at 17 Adams Lane (See Attachment 3, Doc 7, the third Affidavit of Service dated 15 August 2012 and included in the "Summons Executed") Defendant Brown's objections to this service are contained in his letter to Judge Bianco. (Attachment 4. Doc 14.) My answers, asking the Court to validate the sworn affidavit from my process server from Doc 7 has not yet been answered, but is included as Attachment 5 herewith, with copies of document 15, my letter to Judge Bianco and attachments.)

Does this Court recognize the validity of my process server's affidavit reproduced from Document 7? May I have the Court's permission to serve Elichia Brown with a Waiver of Service under Federal Rule 4, or should I use my usual process server for in-person service in New Canaan?

Respectfully submitted,

*Evelyn Konrad*
Evelyn Konrad

**VIA ECT and U.S. MAIL**

William Brown
27 Old Stamford Road
New Canaan, CT 06840

**ATTACHMENT 1**

True copy of two pages from the deed for 17 Adams Lane showing Elichia Brown as owner, with her husband William Brown, of the 17 Adams Lane property in Southampton

Case 2:12-cv-04021-JFB-AKT Document 20 Filed 09/29/12 Page 4 of 19 PageID #: 284
Case 2:12-cv-04021-JFB-ETB Document 1-1 Filed 08/13/12 Page 104 of 146 PageID #: 159

369

THIS IS A LEGALLY BINDING INSTRUMENT. IF NOT FULLY UNDERSTOOD, WE RECOMMEND ALL PARTIES TO THE INSTRUMENT CONSULT AN ATTORNEY BEFORE SIGNING.

**THIS INDENTURE**, made the 30th day of November, 2007,

**BETWEEN**

**SHARON E. KERR**

59 Leos Lane, Southampton, New York 11968

party of the first part, and

**WILLIAM BROWN AND ELICHIA BROWN,** husband & wife
151 East 58th Street. #39B. New York, NY 10022

party of the second part:

**WITNESSETH**, that the party of the first part, in consideration of one dollar and other good and valuable consideration, lawful money of the United States, paid by the party of the second part, does hereby grant and release unto the party of the second part, his heirs and assigns forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Village and Town of Southampton, County of Suffolk and State of New York, more particularly bounded and described on Schedule "A" annexed hereto and made a part hereof.

Premises being commonly known as 17 Adams Lane, Southampton, New York 11968
Suffolk County Tax Map Number 0904-014.00-01.00-063.000

BEING AND INTENDED TO BE the same premises described in deed dated November 22, 2006, recorded December 28, 2006, in Liber 12485 page 151.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, his heirs and assigns forever.

AND the party of the first part covenants that he has not done or suffered anything whereby the said premises have been encumbered in any way whatever.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has hereunto set his hand and seal the day and year first above written.

In presence of:

_____
SHARON E. KERR

Acknowledgment by a Person Within New York State
(RPL § 309-a)

STATE OF NEW YORK, COUNTY OF SUFFOLK, ss:

On the 30th day of November in the year 2007, before me, the undersigned, personally appeared SHARON E. KERR, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Joseph W. Abramski_
(signature and office of individual taking acknowledgment)

JOSEPH W. ABRAMSKI
Notary Public, State of New York
No. 01AB5023744
Qualified in Suffolk County
Commission Expires February 14, 2010

Acknowledgment by a Person Outside New York State
(RPL § 309-b)

STATE OF _____, COUNTY OF _____ ss:

On the _____ day of _____ in the year 2007 before me, the undersigned, personally appeared personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

Premises: 17 ADAMS LANE, SOUTHAMPTON

Section 14
Block 1
Lot 63

BARGAIN AND SALE DEED
With Covenant Against Grantor's Acts

SHARON E. KERR
TO
WILLIAM AND ELICHIA BROWN

Return by Mail to:
Richard S. Ferran, Esq.
P.O. Box 1283
529 Hampton Road
Southampton, New York 11969

**ATTACHMENT 2**

Document 3: Order for the 7 December scheduling Conference

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
EVELYN KONRAD

                                                Plaintiff(s),                            <u>ORDER</u>

          -against-                                                         CV 12-04021 (JFB)(ETB)
MARK EPLEY, ET AL

                                               Defendant(s),
----------------------------------------------------------------------X

      The above-captioned case has been referred to E. Thomas Boyle, Magistrate Judge, for purposes of scheduling discovery, resolution of discovery disputes, settlement conferences and any other purposes set forth at 28 U.S.C. § 636(b)(1)(A).

      An initial scheduling conference will be held in this case at 11:00 a.m. on December 7, 2012 before Judge Boyle, in Courtroom 830, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York. All counsel must be present unless excused by the court. Counsel for plaintiff(s) is obligated to serve a copy of this order on each defendant.

**COUNSEL FOR PLAINTIFF(S) OR PLAINTIFF <u>PRO SE</u> IS OBLIGATED TO SERVE A COPY OF THIS ORDER ON EACH DEFENDANT.**

**1. <u>Planning Meeting and Automatic Disclosure - Rule 26(f) and (a)(1), Fed. R. Civ. P.</u>**

      The parties are required to comply with the automatic disclosure rules contained at Rule 26(a)(1) of the Federal Rules of Civil Procedure. The parties are directed to provide the required information within fourteen (14) days after the planning meeting of the parties, as required by Rule 26(f) of the Federal Rules of Civil Procedure. This planning meeting should occur as soon as practicable, but no later than twenty-one (21) days before the initial scheduling conference.

**2. <u>File a Proposed Discovery Plan - Rule 26(f), Fed. R. Civ. P.</u>**

      A proposed discovery plan should be filed with the Court within fourteen (14) days after the planning meeting.

      The proposed discovery order should include the following:

1. Deadline for motions to amend pleadings including joinder of additional parties.
2. Date for service of initial document production demands and interrogatory requests with responses served within thirty (30) days.
3. Deadline for seeking approval to file any motion for summary judgment.
4. Date for the submission of the pre-trial order.
5. The discovery completion date.
6. Any agreement between the parties relating to the disclosure and discovery of electronically stored information ("ESI"), including the form(s) in which it is to be produced.
7. Any agreement between the parties relating to claims of privilege, including the

procedure to follow for returning inadvertently produced materials.

### 3. Court Intervention

The parties are advised that discovery demands must be served at least forty-five (45) days in advance of the discovery completion date to support a request for court intervention. Any motion for court intervention relating to discovery must be filed at least thirty (30) days prior to discovery completion.

### 4. Modification of a Scheduling Order

Any request for modification of a scheduling order must be filed and served prior to the discovery completion date. A scheduling order will be modified by the Court only upon a showing of good cause. Fed. R. Civ. P. 16(b). Extensions -- not exceeding a total of 120 days-- shall be granted based upon good cause. Any further modification shall only be granted upon a showing of manifest injustice. Fed. R. Civ. P. 16(e).

### 5. Request for a Conference

Any request for a conference with the Court shall be in writing and shall set forth the reason for the request and at least two (2) dates on which all parties are available.

### Individual Practices

The individual rules of the Court can be found in the New York Law Journal (www.nylj.com), at the Eastern District of New York web site at "www.nyed.uscourts.gov" or copies may be obtained from the Clerk's Office of the Eastern District of New York.

**ELECTRONIC CASE FILING (ECF) - All documents filed with the court shall be filed electronically, in compliance with Administrative Order 2004-08, dated June 22, 2004.**

SO ORDERED:

Dated: Central Islip, New York
       August 29, 2012

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge

**ATTACHMENT 3**

True copy of Doc 7, Affidavit of Service dated 15 August 2012, for William Brown

# AFFIDAVIT OF SERVICE

| | |
|---|---|
| Index #: | CV 12 4021 |
| Date Filed: | August 13, 2012 |
| Court Date: | |
| Assigned Justice: | |

**UNITED STATES DISTRICT COURT: EASTERN DISTRICT**
**COUNTY**

ATTORNEY(S): EVELYN KONRAD, ESQ.   PH: 212-585-1240
ADDRESS: 200 E. 84th ST  NEW YORK  NY  10028  File No.:

**EVELYN KONRAD**

*Plaintiff(s)/Petitioner(s)*

VS.

**MARK EPLEY ET AL**

*Defendant(s)/Respondent(s)*

STATE OF NEW YORK, COUNTY OF SUFFOLK SS.:

**LAURA BANCROFT**, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On **Wednesday, August 15, 2012** at **10:54AM**. at **17 ADAMS LANE SOUTHAMPTON, NY 11968** deponent Served the within

**SUMMONS AND COMPLAINT IN A CIVIL ACTION**

on: **WILLIAM BROWN**

**Defendant** therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

**#1 INDIVIDUAL** ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person.

**#2 CORPORATION** ☐ By delivering to and leaving with _____ and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** ☒ By delivering a true copy of each to **ELISHA BROWN** a person of suitable age and discretion. Said premises is recipient's: [ ] actual place of business  [X] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** ☐ By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business  [ ] dwelling house (place of abode) within the state. The place of Business/Employment were not known to the server.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on _____ at _____
on _____ at _____
on _____ at _____
on _____ at _____
Address confirmed by _____

**#5 MAIL COPY** ☒ On **8/17/2012**, deponent completed service under the last two sections by depositing a true copy of each document to the the above address in a 1st Class postpaid properly addressed envelope not indicating that mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.  Certified Mail #:

**#7 DESCRIPTION** ☒ A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3) Sex: Female   Color of skin: White   Color of hair: Blonde   Age: appx.37   Height: appx. 5'7"
Weight: appx. 137   Other Features:

**#8 WIT. FEES** ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9 MILITARYSRVC** ☒ Your deponent asked person spoken to whether the defendant was in the active military service of the United States or N. Y. State and received a negative reply. Upon information and belief I have; being based on the conversation and observations above narrated, defendant is not in the military service.

**#10 OTHER** ☐

Sworn to before me on this **23** day of **AUGUST, 2012**

**SUSAN CORTINA**
NOTARY PUBLIC, State of New York
No. 01CO6047509, Qualified in Suffolk County
Term Expires September 5, 2014

**LAURA BANCROFT**
Server's Lic #
InvoiceWorkOrder 2012852
.pdf

ONE WORLD JUDICIAL SERVICES, INC. -   Lic. # 1310235

**ATTACHMENT 4**

Doc 14:   Defendant Brown's letter to Judge Bianco
claiming insufficient service

Case 2:12-cv-04021-JFB-AKT   Document 20   Filed 09/29/12   Page 11 of 19 PageID #: 291

William Brown
27 Old Stamford Road
New Canaan, CT 06840
(203) 966-5753

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2012 ★
LONG ISLAND OFFICE

September 14, 2012

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

Honorable Judge Bianco:

My name is William Brown and, while reserving all rights and defenses as a named *pro se* defendant in the above-referenced matter, it is my desire to clarify and crystalize certain facts for the Court. It is my understanding that the plaintiff attempted service on me August 16, 2012 at 17 Adams Lane in Southampton, NY 11968. I was not personally served and this address does not represent my *dwelling or usual place of abode*.

As indicated in my Answer, which was filed with the Court on September 4, 2012, the above-mentioned address relates to an investment property currently listed for sale and/or rent. My family resides in New Canaan, CT, which has been my residence since prior to any attempted service; each of my two daughters attend school in New Canaan and my address may be easily confirmed via numerous third-party sources available to the plaintiff.

Respectfully, I do not accept that plaintiff has properly served me as of this date. Should the plaintiff desire my participation in this proceeding, it my expectation to be properly served; the plaintiff is welcome to serve me personally at the address in my Affirmation of Service or, as I frequently travel, pursuant to Federal Rule of Civil Procedure 4(d), if properly made.

In the absence of proper service, it would be my expectation to file a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure for improper service, among other reasons. As the Court is no doubt aware, plaintiff is a licensed and practicing attorney in good standing. For this

1

Honorable Judge Bianco

September 14, 2012

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

reason, I respectfully request the Court to dispense with the procedural considerations or deferential review ordinarily afforded to the plaintiff as a *pro se* litigant.

Thank you in advance for your consideration.

Regards,

William Brown

CC:    Evelyn Konrad, Esq.
       via First-Class Mail, postage pre-paid

2

## ATTACHMENT 5

Doc 15: Plaintiff Konrad's letter to Judge Bianco
Providing evidence of proper service

Evelyn Konrad
Attorney-at-Law
18 So. Rosko Drive
Southampton, New York 11968
631-283-4407
212-585-1240
ek616367@cs.com

20 September 2012

Hon. Joseph F. Bianco
Eastern District Court of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Konrad v. Epley, et al.
Docket No. 12 CV 4021
Via ECF

Dear Judge Bianco:

I am writing in answer to the letter to you from William Brown, dated September 14, 2012, disputing the valid affidavit of service for process served on defendant Brown's wife Elichia in their then-home at 17 Adams Lane in Southampton on August 15, 2012.

William Brown's statement that his "family resides in New Canaan, Ct., which has been my residence since prior to any attempted service" is a misstatement. In his letter to this court, Mr. Brown denies that 17 Adams Lane is or was his "dwelling" or "legal place of abode," claiming 17 Adams Lane as "an investment property." I am attaching a redacted letter to the editor by Mr. Brown, The Southampton Press dated 24 December 2009, in which he states (attachment 1):

> "We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes. We're not spec builders, not that it's relevant. We live here full time raising a family and have enjoyed getting to know others in the area."

The same process server served William Brown's wife, Alicia aka Elichia Brown, at the same address, 17 Adams Lane in the Rosko neighborhood or subdivision of Southampton Village, on February 15, 2010, and Mr. Brown did not dispute the service. (Attachment 2)

Until Spring 2012, when William Brown bought a property in New Canaan, the 17 Adams Lane address was his only legal residence, and, as shown by my email to two friends dated 20 August 2012, he appears not to have moved from that address until August 20, five days after my process server served his wife, Elichia, in their home at 17 Adams Lane, in front of his daughter. In the email I refer to in the previous sentence (attachment 3), I state:

> "when I got back from grocery shopping around 6 or so pm, I thought I saw a large moving truck in the Brown driveway..."

-1-

Do this letter and the three attachments put this service dispute to rest?

Respectfully submitted,

*Evelyn Konrad* (signature)

Evelyn Konrad

Attachments  1. Redacted Brown Letter to the Editor, The Southampton Press, 24 December 2009
                 2. Affidavit of service William Brown, accepted by his wife, on February 19, 2010
                 3. Copy of 20 August 2012 email by Plaintiff Konrad to friends noting a moving
                    van in the 17 Adams Lane driveway for Elichia and William Brown

cc: By U.S. Mail: Courtesy Copy to Judge Joseph F. Bianco
                      Eastern District of New York
                      100 Federal Plaza
                      Central Islip, NY 11722

    By U.S. Mail to William Brown
                27 Old Stamford Road
                New Canaan, CT 06840

                687 Oanoke Ridge
                New Canaan, CT 06840

Plant a tree                                                                                    1/13/10 7:45 PM

Publication: Southampton Press - Eastern; Date: Dec 24, 2009; Section: Letters to the Editor; Page: A15 

## Plant a tree

We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes. We're not spec builders—not that it's relevant. We live here full time raising a family and have enjoyed getting to know others in the area.

We're new to the village and process, starting with an empty lot. This was our first house. We hired a wonderful architect tasked with designing a house for a growing family, but traditional and cottage-like in style.

**WILLIAM BROWN**

Southampton

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

Date Filed: February 18, 2010
Court Date: ___
Assigned Justice: ___

ATTORNEY(S): EVELYN KONRAD, ESQ. PH: 212-585-1240
ADDRESS: 200 E. 84th ST NEW YORK NY 10028 File No.:

**EVELYN KONRAD**

vs.

**WILLIAM BROWN**

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF SUFFOLK SS.:

PATRICIA CONROY, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On Friday, February 19, 2010 at 10:27AM at 17 ADAMS LANE SOUTHAMPTON, NY 11968 deponent Served the within **SUMMONS WITH NOTICE**

on: WILLIAM BROWN
Defendant therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

**#1 INDIVIDUAL** ☐ By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person.

**#2 CORPORATION** ☐ By delivering to and leaving with ___ and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** [X] By delivering a true copy of each to ALICIA BROWN - WIFE, a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [X] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** ☐ By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on ___ at ___
on ___ at ___
on ___ at ___
on ___ at ___
Address confirmed by ___

MAR - 3 2010

**#5 MAIL COPY** [X] On 2/23/2010, deponent completed service under the last two sections by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

**#7 DESCRIPTION** [X] A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1,2 or 3) Sex: Female Color of skin: White Color of hair: Blonde Age: appx. 30'S Height: appx. 5'4"
Weight: appx. 140 Other Features: ___

**#8 WIT. FEES** ☐ the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

**#9 MILITARYSRVC** [X] Your deponent asked person spoken to whether the defendant was in the active military service of the United States or N.Y. State and received a negative reply. Upon information and belief I have; being based on the conversation and observations above narrated, defendant is not in the military service.

**#10 OTHER** ☐

Sworn to before me on this 23 day of FEBRUARY, 2010

DIANNE GONZALEZ-PRINGLE
NOTARY PUBLIC, State of New York
No. 01GO6025621, Qualified in Suffolk County
Term Expires June 01, 2011

PATRICIA CONROY
Server's Lic #
InvoiceWorkOrder 0956168

ONE WORLD JUDICIAL SERVICES, INC. - P.O. BOX 93 - DEER PARK, NY 11729 (631.667.8260)



**Brown moving?**

From: ek616367 <ek616367@cs.com>
To: efoxmd <efoxmd@optonline.net>; esallyc <esallyc@optonline.net>
Date: Mon, Aug 20, 2012 7:24 pm

Hi friends:
when I got back from grocery shopping around 6 or so this pm, I thought I saw a large moving truck in the Brown driveway. If either of you knows anything about that, it would, of course, be helpful.

In the meantime, he got off scott-free, and I've been damaged.

Love, Evelyn