William Brown
27 Old Stamford Road
New Canaan, CT  06840

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   OCT 0 2 2012   ★

LONG ISLAND OFFICE

October 1, 2012

Via *Pro Se* Office

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

Re:  Konrad v. Epley, et al
Docket No. 12 CV 4021

Honorable Judge Bianco:

I have made no "misstatement" to the Court re:  687 Oenoke Ridge and plaintiff's continued assertion, coupled with inappropriate quips to the contrary, does not alter the truth of my statement.  The Assessor's Office of New Canaan confirms this fact; copy attached for the Court's convenience.

My address is as indicated above and, respectfully, I ask the Court to direct Plaintiff to act as previously instructed by Chambers and send all required communications with no release required, as I travel frequently, or being conditioned on my providing plaintiff a "sworn statement" of any kind.

Further, I respectfully ask that the Court deny plaintiff's letter motion dated September 29, 2012 in which she requests leave to amend her complaint to add Elichia Brown, my wife, as a co-defendant in this proceeding.  Plaintiff's request should be denied on the grounds that it is both prejudicial to the interest of justice, again forcing my family to respond to a meritless claim, and would prolong the resolution of the same; something plaintiff appears intent on doing.

In plaintiff's letter to Chambers dated September 12, 2012, her request, in part, for delaying the pre-motion hearing seeking to dismiss her frivolous claims was predicated on the basis that "the other four remaining defendants will be served by September 26, 2012."

In this light, I would note for the Court that any claim by plaintiff that she was unaware that 17 Adams Lane was jointly owned by me and my wife is simply not credible.  Specifically, plaintiff previously commenced an Article 78 proceeding against us, in which she raised the same allegations as outlined in her complaint.  The proceeding was dismissed *with prejudice*, not

RECEIVED

UCT 0 2 2012

EDNY PRO SE OFFICE

1

Re:   Konrad v. Epley, et al
      Docket No. 12 CV 4021

appealed and any similar claims relating to real property are well beyond the statute of limitations; please see the attached Memorandum and Judgment of the Supreme Court of the State of New York, County of Suffolk, Index No.13838/2008. Accordingly, plaintiff's failure to include my wife as a co-defendant or, for that matter, the current and prior owners of *every other* home built pursuant to the Southampton Zoning Code as amended in 2005, all of which would be prejudiced by an award in plaintiff's favor, was either of her own negligence or by design in an effort to frustrate and prolong the resolution of a meritless action; in either case, as it relates to me, 17 Adams Lane and Elichia Brown the statute of limitations renders the request moot.

Further, plaintiff's ambiguous and unsubstantiated claims of defamation have absolutely nothing to do with my wife and, if directed at me, were previously resolved by the Supreme Court of the State of New York, New York County, Index No. 102110/10 and subsequently the Supreme Court, Appellate Division, First Department[1]; copy attached for the Court's convenience.

Respectfully and in light of the fact that plaintiff's claims against me and any possible claims against my wife have either (i) previously been litigated or (ii) are barred by the statute of limitations or other applicable statute, among numerous other shortcomings, delaying the expedient resolution of this meritless action is prejudicial to the interests of justice. If not denied, in the alternative, I would urge the Court to delay ruling on plaintiff's letter motion until *after* holding the previously requested pre-motion conference, at which time the frivolity of plaintiff's position may be fully weighed.

As a pro se defendant, I also respectfully ask the Court to give consideration in delivering any future determination to the fact that my responses to plaintiff's various filings with the Court are delayed as result of their being filed via the *Pro Se* Office.

Respectfully,

William Brown

cc:   Evelyn Konrad, Esq.
      via First-Class Mail, postage pre-paid

---

[1] Plaintiff's subsequent motion for leave to appeal to the New York Court of Appeals was denied.

Case 2:12-cv-04021-JFB-AKT   Document 22   Filed 10/01/12   Page 3 of 48 PageID #: 304



**New Search**    **Back to Results**    **View Property**    **Print**    **View Map**    **Logout**

| Location | Owner | Account | MBLU |
|---|---|---|---|
| 687 OENOKE RIDGE | DREXLER BLAKE | 00709 | 0033/ 0034/ 0112/ |

## Parcel Value

| Item | Appraised Value | Assessed Value |
|---|---|---|
| Buildings | 3,482,800 | 2,437,960 |
| Extra Building Features | 15,800 | 11,060 |
| Outbuildings | 38,600 | 27,020 |
| Land | 1,344,000 | 940,800 |
| **Total** | **4,881,200** | **3,416,840** |

## Owner of Record

DREXLER BLAKE
JAN
687 OENOKE RIDGE
NEW CANAAN, CT 06840

## Owner History

| Name | Book/Page | Sale Date | Sale Price |
|---|---|---|---|
| DREXLER BLAKE | 375/ 88 | 03/07/1991 | 2,065,000 |
| KAALI-NAGY SANDOR | 360/ 227 | 05/25/1989 | 675,000 |
| BROWN TIMOTHY M | 278/ 38 | 05/19/1982 | 0 |

## Assessment History

| Year | Total Assessment |
|---|---|
| 2011 | 3,416,800 |
| 2010 | 3,416,800 |
| 2009 | 3,416,800 |
| 2008 | 3,416,800 |
| 2007 | 3,455,300 |
| 2006 | 3,455,300 |
| 2005 | 3,455,300 |
| 2004 | 3,455,300 |
| 2003 | 3,455,300 |
| 2002 | 2,611,770 |

## Utilities

| Utility Description |
|---|
| Septic/Well |

## Building Permits

| Permit ID | Issue Date | Ammount | Description |
|---|---|---|---|
| 12-0570 | 05/04/2012 | 74,000 | ROOF PERMIT |
| 1782-0112 | 05/16/1996 | 50,000 | DREXLER, BLAKE |
| 1766-0112 | 01/25/1996 | 40,000 | DREXLER, BLAKE |

## Land Line Valuation

| Size | Zone | Dev Map # | Appraised Value | Assessed Value |
|---|---|---|---|---|
| 2.2 AC | 4 AC | 1385, 5024 | 1,344,000 | 940,800 |

Case 2:12-cv-04021-JFB-AKT   Document 22   Filed 10/01/12   Page 4 of 48 PageID #: 305

Building Details - Click Buildings Below

Building 1



**Building 1**

| Item | Value |
| --- | --- |
| Style | Colonial |
| Stories | 2.5 |
| Exterior Wall 1 | Wood Shingle |
| Roof Cover | Wood Shingle |
| Roof Structure | Typical |
| Interior Wall 1 | Drywall |
| Interior Floor 1 | Hardwood |
| Heat Fuel | Typical |
| Heat Type | Forced Air |
| AC Type | Central |
| Total Bedrooms | 05 |
| Total Bathrooms | 5 |
| Half Bathrooms | 3 |
| Total Rooms | 12 |
| | |
| Year Built | 1990 |

**Building Sketch**

**FSP[49]**

**Outbuildings**

| Code | Description | Units |
| --- | --- | --- |

| SPL1 | Pool IG Concrt | 800 S.F. |
| BTHI | Cabana | 166 S.F. |

**Extra Features**

| Code | Description | Units |
|------|-------------|-------|
| FPO | Extra FPL Open | 3 UNITS |
| FPL2 | Frplce Brick | 2 UNITS |

**Subarea Summary**

| Code | Description | Gross Area | Living Area |
|------|-------------|------------|-------------|
| BAS | First Floor | 3,262 | 3,262 |
| FGR | Garage | 975 | 0 |
| FHS | Half Story, Finished | 4,215 | 2,108 |
| FOP | Open Porch | 54 | 0 |
| FSP | Screen Porch | 737 | 0 |
| FUS | Upper Story, Finished | 3,258 | 3,258 |
| UBM | Basement, Unfinished | 3,240 | 0 |
| | | **Total Living Area:** | **8,628** |

MEMORANDUM

SUPREME COURT, SUFFOLK COUNTY                    I.A.S.  PART 7

----------------------------------------------------X

In the Matter of the Application of EVELYN          :      By:          MAYER, J.S.C.
KONRAD, ESQ. and ELAINE FOX, M.D.                  :      Dated:       April    , 2009

                    Petitioners,                   :

FOR A JUDGMENT PURSUANT TO ARTICLE                 :      Index No.    08-13838
78 AND RULE 3016[b] OF THE CIVIL                   :
PRACTICE OF LAW AND RULES,                         :      Mot. Seq.    #001; CDISPSUBJ
                                                   :                   #002 - MotD; #003 - MD
      - against -                                  :                   #004 - MD; #005 - MotD
                                                   :
                                                   :      Return Date: 5/16/08
THE SOUTHAMPTON VILLAGE BOARD OF                   :      Adj. Date:   10/02/08
ARCHITECTURAL REVIEW AND HISTORIC                  :
PRESERVATION, THE SOUTHAMPTON                      :
BUILDING DEPARTMENT and WILLIAM and                :
and ELICHIA BROWN,                                 :
                                                   :
                    Respondents.                   :
----------------------------------------------------X

EVELYN KONRAD, ESQ.      ROBINSON & ROBINSON       BENNET & READ, LLP
Atty for Petitioners     Atty for Respondent Board Atty for Respondents Brown
18 S. Rosko Drive        61 Main Street            212 Windmill Lane
Southampton, NY 11968    Southampton, NY 11968     Southampton, NY 11968

     In this Article 78 proceeding petitioners seek a judgment annulling a resolution by
respondent Board of Architectural Review and Historic Preservation of the Village of
Southampton (BARHP), dated March 24, 2008, pertaining to an application by respondents
William and Elichia Brown for architectural review approval. The motions by respondents are
granted with respect to the requests for a dismissal of the petition and are otherwise denied.
These motions having been made after the service of verified answers, the proceeding is
dismissed on its merits.

     Respondents William and Elichia Brown are the owners of certain vacant real property
located at 17 Adams Lane in the Village of Southampton. They desire to construct a new single-
family residence, a detached garage and a swimming pool on the premises. In December, 2007,
respondents William and Elichia Brown applied to respondent BARHP for architectural approval
of their new residence. The Brown application was discussed at various meetings open to the
public conducted by respondent BARHP and on March 24, 2008, the board issued a
determination unanimously approving the Brown application.

Konrad v Village of Southampton BARHP
Index No. 08-13838
Page No. 2

Petitioners, who are nearby landowners, commenced the instant Article 78 proceeding
alleging that respondent BARHP's March 24, 2008 resolution was enacted without adequate
public notice thereby constituting a violation of lawful procedure and petitioners' due process
rights; that respondent Board's decision to approve the Brown's application plan was arbitrary
and capricious, unsupported by substantial evidence, an abuse of discretion and affected by error
of law; and that respondents BARHP and Building Department engaged in fraudulent conduct in
processing and approving respondents Brown's application.

Respondents BARHP and Brown each served and filed answers with objections in point
of law addressed to the petition and then made motions to dismiss the petition. Respondents
contend, *inter alia*, that the petitioners lack standing to commence this proceeding, that the
petitioners support their petition with proof *de hors* the record, and that the petitioners seek
certain relief which is not available in an Article 78 proceeding.

As a threshold issue, respondents raise an objection regarding the standing of petitioners
to bring this proceeding. "The standing of a party to seek judicial review of a particular claim or
controversy is a threshold matter which, once questioned, should ordinarily be resolved by the
court before the merits are reached" (*Hoston v New York State Department of Health*, 203 AD2d
826, 827 611 NYS2d 61, *lv denied* 84 NY2d 803, 617 NYS2d 137 [1994], citing *Society of
Plastics Indus., Inc. v County of Suffolk*, 77 NY2d 761, 570 NYS2d 778 [1991]; *New York
State Nurses Ass'n. v Axelrod*, 152 AD2d 888, 544 NYS2d 236 [1989]). To establish standing to
review an administrative determination, a petitioner must show that he or she will "suffer direct
harm, injury that is in some way different from that of the public at large" (*Society of Plastic
Indus. v County of Suffolk*, *supra at* 774). An allegation of close proximity alone gives rise to an
inference of damage or injury that enables a nearby owner to challenge a Zoning Board decision
without proof of actual injury (see, *Kuciaski v Zoning Board of Appeals of the Town of Dover*,
148 AD2d 612, 539 NYS2d 77 [1989]; *see also, Sun-Brite Car Wash, Inc. v Board of Zoning
Appeals of the Town of North Hempstead*, 69 NY2d 406, 515 NYS2d 418 [1987]).

Petitioners herein own one family residence within the residential neighborhood close to
the property at issue. In fact, the Suffolk County Tax map submitted by respondents Brown
reveals that the petitioners' properties are situated within a 400 foot radius of the subject property.
When standing has been found as a matter of law due to proximity, the distances to the subject
property have been comparable to the distance involved herein (see, *Manupella v Troy City
Zoning Board of Appeals*, 272 AD2d 761, 707 NYS2d 707 [2000], wherein 301 feet and 714 feet
were held to be close proximity to proposed homeless adult residence; *Sopchak v Guernsey*, 176
AD2d 403, 574 NYS2d 110 [1991], wherein 500 feet was held to be close proximity to proposed
mobile home; Cf. *Rediker v Zoning Board of Appeals of the Town of Phillipstown*, 280 AD2d
548, 721 NYS2d 77 [2001] wherein a distance of 1/3 of a mile from a proposed cellular tower;
and *Burns Pharmacy of Rensselaer, Inc. v Conley*, 146 AD2d 842, 536 NYS2d 248 [1989]
wherein 1,000 to 1,500 feet from a new pharmacy were held to negate an inference of injury).
Accordingly, the petitioners have satisfied their burden of proving standing to maintain this

Konrad v Village of Southampton BARHP
Index No. 08-13838
Page No. 3

judicial proceeding.

As to petitioners' contention that the BARHP's determination was rendered in violation of lawful procedure and petitioners' due process rights, such claims are without merit. The alleged deficiencies in the notice of public hearing did not deprive the respondent BARHP of jurisdiction. In fact, the record reflects that notice on this application was given in compliance with the requirement of Section 116-32[d] of the Village Code. Moreover, petitioners had actual knowledge of the hearings and either appeared at the hearings and voiced their opinions and objections with respect to the Brown's application, or they did so by written correspondence which was made part of the record (see, *Cellular Telephone Company v Meyer*, 200 AD2d 743, 607 NYS2d 81 [1994]; *Baer v Town of Waterford*, 186 AD2d 850, 587 NYS2d 817 [1992]; *Ahearn v Zoning Board of Appeals of the Town of Shawangunk*, 158 AD2d 801, 551 NYS2d 392 [1990]; *Petronella v Zoning Board of Appeals of the City of Yonkers*, 138 AD2d 712, 526 NYS2d 525 [1988]; see also, *Grande v Town of Islip*, 172 AD2d 663, 568 NYS2d 635 [1991]; *Zelenski v Inc. Village of Patchogue*, 51 AD2d 1055, 381 NYS2d 531 [1976]).

Insofar as the allegations of the petition may be construed as a challenge to the validity of the notice requirements on their face, the Court notes that such a claim is not properly pursued in an Article 78 proceeding and must be asserted in a declaratory judgment action against the legislative authority, in this case, the Southampton Village Board of Trustees. Petitioners' apparent attempt to convert the Article 78 proceeding into a hybrid Article 78 proceeding and declaratory judgment action by moving to effect such a conversion is misguided. Inasmuch as the Board of Trustees has not been made a party to this proceeding, the Court lacks the authority convert the Article 78 proceeding into a declaratory judgment action (*Garden City Center Assocs. v Inc. Village of Garden City*, 193 AD2d 740, 598 NYS2d 62 lv to app den 82 NY2d 658, 604 NYS2d 557 [1993]). Petitioners' motion for an order amending the caption and the petition to set forth a claim for a declaratory judgment is denied.

As to the substantive claims of the petition, judicial review of an administrative determination of a local board is limited to determining whether action taken by the board is supported by substantial evidence and is not illegal arbitrary, or an abuse of discretion (*see, Stroh v Gross*, 269 AD2d 384, 702 NYS2d 874 [2000] citing *Johnson v Village of Westhampton Beach*, 244 AD2d 335, 663 NYS2d 663 [1997]; *DGM Partners-Rye v Board of Architectural Review of the City of Rye*, 148 AD2d 608, 539 NYS2d 74 [1989]. The disposition of this proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered (*Fanelli v New York City Conciliation and Appeals Board*, 90 AD2d 756, 455 NYS2d 814 [1982] aff'd 58 NY2d 952, 460 NYS2d 534). Consequently, this Court has not considered any of the newly proffered evidence submitted by the petitioners herein because these documents constitute evidentiary material *de hors* the record (see, *Hogg v Clanciulli*, 247 AD2d 474, 668 NYS2d 712 [1998]; *Barretto v Zoning Board of Appeals of the Incorporated Village of Bayville*, 123 AD2d 692, 507 NYS2d 57 [1986]). *A fortiori*, this Court must confirm

Konrad v Village of Southampton BARHP
Index No. 08-13838
Page No. 4

the Board's determination if it is supported by facts in the record and has a rational basis in the
law, (*DGM Partners-Rye v Board of Architectural Review of the City of Rye,* supra; *see also,
Mastroianni v Strada,* 173 AD2d 827, 571 NYS2d 55 [1991]), and may not substitute its
judgment for that of the administrative body (*Canisius College v City of Buffalo,* 217 AD2d 985,
629 NYS2d 886 [1995] app den 86 NY2d 709, 634 NYS2d 443).

Under the Southampton Village Code, the Board of Architectural Review and Historic
Preservation "...is charged with the duty of maintaining the desirable character of the municipality
and of disapproving the construction, reconstruction and alterations of buildings that are designed
without consideration of the harmonious relation of the new or altered building to such buildings
as already exist and the environs in which they are set" (Village Code § 116-33 subd. A). "The
Board is [further] charged with the duty of exercising sound judgment and of rejecting plans
which, in its opinion, are not of harmonious character because of proposed style, materials, mass,
line, color, detail or placement upon the property or in reaction to the spaces between buildings or
the natural character of landscape or because the plans do not provide for the location and design
of structures and open spaces so as to create a balanced and harmonious composition as a whole
and in relation to its several parts and features to each other" (Village Code § 116-33 subd. B).
Every application for a building permit for the construction of any building or structure must be
referred to the Board for architectural review (Village Code § 116-32 subd. B). No building
permit shall be issued by the Building Inspector on any application which has been referred to
the Board unless the Board shall have granted architectural approval for the building or structure
(Village Code § 116-32 subd. F). The Board may require changes in plans as a condition of their
approval (Village Code § 116-32 subd. G).

Here, the record reflects that the Board reviewed and considered the Browns' application
in a series of public meetings held over a span of several months time before rendering its
determination to grant approval of that application. During that time period revisions were made
to the Browns' building plans to accommodate both the concerns of the BARHP and nearby
landowners. Although the proposed residence, in its original design, conformed to the restrictions
of the Village's zoning code, respondents Brown agreed to alter its architectural design so as to
make the structure less obtrusive. Respondent Board thus concluded that the design of the
proposed dwelling and its accessory structures is consistent with the architectural styles present in
the community and met or exceeded the requirements of Section 116-33 of the Village Code. The
Board also recognized that much of the opposition to the project centered on the size of the
proposed residence, rather than its architectural style, and noted that it complied with the "floor
area ratio" limitations set forth in the Village Code. Respondent Board then advised opponents of
the Brown application that it is not within the purview of the BARHP to impose size limitations
upon residences which comply with the requirements of the Code. The Board then advised it is
within the province of the Village Board of Trustees to legislate the size of buildings and that
neighborhood opponents should address their requests to reduce the permissible living area of
residences to the Village Board Trustees.

Konrad v Village of Southampton BARHP
Index No. 08-13838
Page No. 5

Based upon the foregoing, the Court concludes that respondent BARHP's resolution of March 24, 2008 is supported by the evidence on the record and has a rational basis in law. The determination is, therefore, confirmed.

Petitioners' remaining claims seeking monetary damages and the Court's referral of this matter to the New York State Attorney General to investigate the Village's Building Department, and certain unidentified members of respondent BARHP who allegedly engaged in a fraudulent, corrupt and illegal conspiracy for the benefit of a number of unnamed speculators/builders are wholly unsubstantiated, without merit, and not properly interposed in the instant Article 78 proceeding.

Accordingly, the petition is denied and the proceeding is dismissed. The dismissal of the proceeding renders moot petitioners' motion for class action status. The Court notes, however, that class action status would not be afforded this proceeding (*see, Suffolk Housing Services v Town of Brookhaven*, 69 AD2d 242, 418 NYS2d 452 [1979]). Finally, the Court finds an insufficient showing of frivolous conduct on the part of the petitioners so as to warrant an award of costs or sanctions under 22 NYCRR 130-1.1.

Submit judgment.

5/8/09

_____
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

AT AN I.A.S. TERM PART ___7___ OF THE
Supreme Court of the State of New York.
Held in and for the County of Suffolk at the
courthouse located in _Riverhead_
New York on the ___11___ day of _Sept_
2009.

----------------------------------------------------------------X

IN the matter of the Application of EVELYN
KONRAD, Esq. and ELAINE FOX,

c/o attny                    Petitioners,

Evelyn Konrad
18 S Rosko Drive
Southampton ny
11968

FOR a judgement pursuant to Article 78
And Rule 3061[b] of the Civil Practice
Law and Rules,

JUDGEMENT

ENTERED  OCT 05 2009
AT  352 pm

-against-

THE SOUTHAMPTON VILLAGE BOARD
OF ARCHITECTURAL REVIEW AND
HISTORIC PRESERVATION, THE
SOUTHAMPTON BUILDING DEPARTMENT and
WILLIAM and ELICHIA BROWN,  favor of
                             Respondents. c/o attny(s)

Index no. 08-13838

P. H. MAYER, JSC

----------------------------------------------------------------X

Ø
EB
NON
DOCKETABle

Petitioners, Evelyn Konrad, Esq., *pro se*, and Elaine Fox, M.D., appearing by
Evelyn Konrad, Esq., having commenced a proceeding under CPLR Article 78 seeking to
annul a decision of the respondent Southampton Village Board of Architectural Review
and Historic Preservation and a declaratory judgement, and the respondents jointly
having moved this court, *inter alia,* to dismiss the petition, and the motion having
regularly come before the Hon. Peter Mayer, JSC, at a Special Term Part 7, of this court
held at the courthouse thereof located at 1 Court Street, Riverhead, New York, 11901,
and after due deliberation having been held thereon, and a decision having been made by
the court dated May 8, 2009, in favor of the respondents and against the petitioners  it is
dismissing the petition and directing the entry of judgement as hereinafter provided and
the costs of the respondents having been duly taxed in the sum of TWO HUNDRED
DOLLARS ($ 200.00) it is

J.S.C.

ORDERED, ADJUDGED AND DECREED, that judgement be entered in favor of the respondents Southampton Village Board of Architectural Review and Historic Preservation, William Brown and Elichia Brown dismissing the petition on the merits with prejudice.

Dated: September 11, 2009                    Enter,

_____
Hon. Peter H. Mayer, JSC

**GRANTED**

SEP 11 2009

JUDITH A. PASCALE
Clerk of Suffolk County

Robinson & Robinson
_____
Attny for S.hampton Village Brd
61 Main Street
Southampton NY
11968

Bennet & Read
_____
Attny for Browns
212 Windmill Lane
Southampton ny
11968

Index No. 13838    Year 2008
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

In the Matter of the Application of Evelyn Konrad, Esq and Elaine Fox, M.D.,

Petitioners,

For a Judgment Pursuant to Article 78 of the Civil Practice Law & Rules and Rule 3016(b) of the CPLR,

-against-

The Southampton Village Board of Architectural Review And Historic Preservation, the Southampton Village Building Department and William & Elichia Brown,

Respondents,

NOTICE OF SETTLEMENT

Signature (Rule 130-1.1-a)

John J. Bennett
Print name beneath

BENNETT & READ, LLP

Attorney for

Office and Post Office Address, Telephone
212 WINDMILL LANE
SOUTHAMPTON, NEW YORK 11968
(631) 283-9906

This firm does not accept service by fax or e-mail

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

PLEASE take notice that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

BENNETT & READ, LLP

Attorneys for

Office and Post Office Address
212 WINDMILL LANE
SOUTHAMPTON, NEW YORK 11968

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order dismissing Art. 78 Petition of which the within is a true copy will be presented for settlement to the Hon. Peter M. Mayer one of the judges of the within named Court, at 1 Court St., Riverhead, NY on July 13, 2009 at 9:30 AM.
Dated, June 22, 2009

Yours, etc.

BENNETT & READ, LLP

Attorneys for

Office and Post Office Address
212 WINDMILL LANE
SOUTHAMPTON, NEW YORK 11968

To

Attorney(s) for

2009 JUN 29 A 11:42
SUFFOLK COUNTY
SUPREME COURT

2009 OCT - 5 PM 3:52
JUDITH A. PASCALE
SUFFOLK COUNTY CLERK

FILED: NEW YORK COUNTY CLERK 09/14/2010

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: **HON. CAROL EDMEAD**                                    PART _35_

Index Number : 102110/2010

KONRAD, EVELYN                                              INDEX NO. _____

vs                                                         MOTION DATE _8·20·10_

BROWN, WILLIAM                                             MOTION SEQ. NO. _001_

Sequence Number : 001                                      MOTION CAL. NO. _____

DISMISS ACTION

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

**Cross-Motion:**   ☐ Yes   ☐ No

Upon the foregoing papers, it is ordered that this motion

In accordance with the accompanying Memorandum Decision, it is hereby

ORDERED that defendant motion to dismiss the Amended Complaint of the plaintiff pursuant to CPLR 3211(a)(1) (documentary evidence), (a)(7) (failure to state a claim), and pursuant to CPLR 3212 for summary judgment, is granted, and this action is hereby dismissed; and it is further

ORDERED that the branch of defendant's motion for an order awarding sanctions against plaintiff is denied; and it is further

ORDERED that plaintiff's application for an order awarding sanctions against defendant is denied; and it is further

ORDERED that defendant shall serve a copy of this order with notice of entry upon plaintiff within 20 days of entry; and it is further

ORDERED that the Clerk may enter judgment accordingly.

This constitutes the decision and order of the Court.

Dated: _9·10·10_                          _____
                                          **HON. CAROL EDMEAD**   J.S.C.

Check one:   ☑ **FINAL DISPOSITION**      ☐ **NON-FINAL DISPOSITION**

Check if appropriate:   ☐ **DO NOT POST**      ☐ **REFERENCE**

☐ **SUBMIT ORDER/JUDG.**      ☐ **SETTLE ORDER /JUDG.**

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 35
------------------------------------------------------------------------x
EVELYN KONRAD,

                              Plaintiff,                        Index No.  102110/10

                                                                DECISION/ORDER
          -against-

WILLIAM BROWN,

                              Defendant.
------------------------------------------------------------------------x
HON. CAROL ROBINSON EDMEAD, J.S.C.

                          <u>MEMORANDUM DECISION</u>

 In this defamation action, defendant William Brown ("defendant") moves to dismiss the

Amended Complaint of the plaintiff Evelyn Konrad ("plaintiff") pursuant to CPLR 3211(a)(1)

(documentary evidence) and (a)(7) (failure to state a claim), and pursuant to CPLR 3211(c) for

summary judgment, and for sanctions.

 *Factual Background*

 This action stems from a controversy arising from plaintiff's objection to the construction

of homes she calls "McMansions" being built in her community in Southampton, New York.

 Defendant submitted to the Southampton Village Board of Architectural Review and

Historic Preservation (the "ARB") plans to build a house.  After holding public sessions at which

it took comments, the ARB approved the plans.  Plaintiff filed an Article 78 proceeding against,

*inter alia*, the ARB and defendant, to annul the approval, and the proceeding was later dismissed.

In another Article 78 proceeding, the Court ordered a builder to resubmit plans to the ARB a

second time due to a failure to place a notice in the newspaper of a hearing on his application.

(This decision was later vacated on renewal and reargument, when a public notice from

September 2007 was later uncovered and presented to the Court).

On October 15, 2009, an article titled "Angry neighbor wins small victory, forces developer back to review" was published on 27east, a website of *The Southampton Press* and *East Hampton Press*, reporting plaintiff's "small victory" in the second Article 78 proceeding (the "Angry Neighbor" or "27east" article).

Plaintiff wrote a letter to the editor entitled "Not neighborly," which was published in *The Southampton* on December 17, 2009.  In that letter, plaintiff described herself as "stand[ing] up against the lawless takeover of our Rosko Place development by speculative builders, aided by an administration riddled with conflicts of interest."  She described her Article 78 proceeding naming the ARB and defendant as one of "the three lawsuits I paid for."  She referred to defendant's claim that his property and another were not part of the "Rosko neighborhood" as a fabrication and further referred to defendant as "fabricat[ing] false evidence to get his way."

In response, defendant wrote a letter to the editor, entitled "Plant a tree" (the "Letter"). The Letter states, in relevant part:

> We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes . .
>
> * * * * *
>
> . . . Ms. Konrad *wanted the ARB to deny our application, made false statements* and attempted to delay the process.  Videotapes of the meetings memorialize her actions. Upon unanimous ARB approval . . .we built the house largely as designed. Our neighbor, Ms. Konrad sued us, seeking to have our house "chopped down.". . . .
>
> In Ms. Konrad's letter to the editor . . . she provided justification for suing us. There is no justification. If you read the lawsuit or letter we submitted at the November ZBA meeting, you'll see we never said the things she claimed. Ms. Konrad seems to like suing people—she's suing *a former client in Manhattan that "discharged" her.* . . .
>
> * * * * *

2

. . . Out of 73 properties in the neighborhood, 47 are in the [Rosko Place] subdivision - and we're not one of them. The maps we presented to the ZBA prove it. . . .

\* \* \* \* \*

The same article suggests Ms. Konrad *won a decision* against another neighbor by making a *false statement*. I'm surprised that's considered a "victory" of any size. The article failed to mention that Ms. Konrad is bound, as an attorney, by the New York State Bar Association's Rules of Professional Conduct to report *her misstatement* to the court.

This kind of behavior is not constructive, nor should it be condoned. . . If you really want to beautify Rosko, plant a tree.

(Emphasis added)

Plaintiff then commenced this action, citing the entire text of the Letter, and alleging that the Letter defamed her by stating that she (1) "made false statements" as an attorney to a "regulating agency"; (2) "won a decision by making false statements, as an attorney"; (3) was "discharged by a client, as the attorney"; and (4) "failed to meet her obligation to report false statements to the court, as an attorney" (the "Statements").

In support of dismissal, defendant argues that the Amended Complaint fails to meet the requirement of CPLR 3016(a) that, in a defamation action, "the particular words complained of shall be set forth in the complaint ...." Plaintiff's inclusion of the entire text of the Letter does not meet Rule 3016(a)'s requirement any more than annexing and incorporating it by reference would. Plaintiff's paraphrase of what she claims that the Letter "states" is insufficient. And, plaintiff's paraphrases are inaccurate, leaving defendant to guess at her claims. The Letter does not "state" that plaintiff made false statements "as an attorney to a regulatory agency." The Letter refers to plaintiff as an attorney in another connection altogether, and only when necessary to illustrate a point. Nor does the Letter state that plaintiff won a court decision by making false statements, as an attorney; instead, the Letter refers to the "Angry neighbor" article. Nor does the

3

Letter "state," that Konrad failed to meet her obligation to report false statements to the court, as an attorney; the Letter says that the 27east article failed to mention the reporting obligation. It does not refer to "false statements," but to "a" "misstatement," that, in defendant's view, the article suggested that plaintiff made. Given plaintiff's persistence in failing to plead the particular words of which she complains, the dismissal should be without leave to amend. Alternatively, plaintiff should be limited to the four Statements that defendant actually made in the Letter that most closely match plaintiff's paraphrases.

Defendant further argues that under *Brian v Richardson* (87 NY2d 46 [1995]), the Letter expressed defendant's opinion concerning a matter of public controversy and is therefore not actionable. Defendant contends that in the Letter, he marshaled several sources of information, and cited particular sources, to support his opinion that plaintiff's actions and approach were "not constructive and should not be condoned," and advocated a moderate and political approach as preferable to an extreme and litigious one. Further, while not dispositive, the Letter appeared in the "Letters to the Editor" section, "a forum traditionally reserved for the airing of ideas on matters of public concern," where readers would expect to find the expression of opinion. Finally, the Letter fell within long-running public debates in Southampton that included debate over plaintiff's litigious approach, which she herself touted. Plaintiff's voice had been predominant in these debates; she had ample opportunity to publish her disagreement with the Letter in the same forum in which it appeared. To allow plaintiff to pursue her complaint in these circumstances would contravene the policy of the New York courts and "cast[] a pall over citizens' ability to engage in robust debate through the print ... media."

Further, the Statements in the Letter are true, substantially true, or are themselves

4

opinion, and therefore not defamatory. Documentary evidence, *i.e.*, the video recording (the "Video") and transcript of the ARB's public hearing on February 11, 2008 (the "ARB Transcript"), establish that defendant's first Statement that plaintiff "made false statements" in connection with his ARB application was accurate. The second Statement regarding the 27east article report of plaintiff's "small victory" constitutes an opinion, that by its nature, was not defamatory. The third Statement does not refer to plaintiff as an attorney - only as someone discharged by a client. When language is not libelous on its face, the plaintiff should plead the innuendo, and its basis, which plaintiff failed to do. Even assuming that plaintiff's status as a lawyer is sufficiently clear from context, a statement implying a client's discharge of a lawyer cannot support a claim of defamation, especially viewing the statement in its entirety; in context, the word "discharged" is part of description incidental to defendant's opinion that plaintiff is excessively litigious. As an expression of opinion, the third Statement does not support a defamation claim; nor could a reasonable fact-finder conclude that the appearance of the word "discharged" in this context is defamatory. Further, the transcript of an argument before the Court demonstrates that this third Statement was true, as plaintiff said that she had sued a client for her attorney's fees "Because, I have been discharged." And, the fourth Statement does not refer to any source other than the 27east article as the basis for inferring that suggestion or address whether plaintiff had failed to report what defendant gathered was a misstatement. Defendant's pure opinion that the article suggested a misstatement cannot be defamatory.

Furthermore, plaintiff is a limited-purpose public figure and defendant did not make any of the statements with knowledge of its falsity or in reckless disregard of whether it was true or false. The documents establish that plaintiff was a public figure in Southampton with respect to

5

the public controversy over limits on house-size, that she thrust herself "to the `forefront of [these] particular public controversies in order to influence the resolution of the issues involved," who offered herself as a potential candidate for public office based on the controversy that she herself had done much to raise. The documents and other evidence also establish that, defendant could not, as a matter of law, have said the Statements with knowledge of their falsity or in reckless disregard of whether or not they were true.

Finally, argues defendant, plaintiff's maintenance of her Amended Complaint despite defendant's counsel's repeated identification of plaintiff's failure to identify the particular words of which she complains, and defendant's counsel's identification of "material factual statements," warrant sanctions pursuant to 22 NYCRR 130-1.1(a), (c)(2), and (c)(3). The Amended Complaint is facially deficient pursuant to CPLR 3016(a), and in correspondence, defendant's counsel proposed to narrow or eliminate the dispute. Defendant's counsel provided the video to establish that plaintiff made multiple false statements to the ARB; yet, plaintiff's counsel purported to substantiate entirely different statements. Similarly, while defendant's counsel repeatedly referred to the second Statement as opinion concerning the "Angry neighbor" article, plaintiff's counsel repeatedly referred to assertions about the actual record in the underlying case, which are irrelevant to what the article said. Plaintiff's counsel refused to address the effect of plaintiff's own statement that she had been "discharged" by a client had on her claim.

In opposition, plaintiff argues that defendant's objection pursuant to CPLR 3016 lacks a factual basis as the Letter was not summarized but was included verbatim and identified as such.

Further, plaintiff contends that she sufficiently alleges that the Letter was wilfully and maliciously authored by defendant with the intent of causing plaintiff injury to her reputation as

6

an attorney on matters which defendant has no common interest and that the statements made by defendant were not the product of opinion.  Defendant has no common interest in the subject for which he speaks; he does not share such interest in two of the cases about which he makes three libelous statements, namely *Windsor Owners Corp. v. the City Council of NYC, et al.*, nor the case against *Southampton Village and developer Christopher Tufo*, which is on appeal.

Although expressions of opinion are constitutionally protected, accusations of criminal or illegal activity are not.  Thus, in considering the content of the communication as a whole, as well as its tone and apparent purpose, the Letter is defamatory *per se*.  Defendant accused plaintiff of violating her oath as an attorney by making false statements when to do so would violate her duty as an attorney and violate the Penal Law if the filing of false instruments was reasonably extracted by the offending claims made by defendant.  Clearly the publication is libel *per se* as it imputes wrongful and illegal conduct on the part of plaintiff as an attorney.

Plaintiff also argues that defendant's Statements were not an expression of pure opinion, but was an actionable "mixed opinion."  The actionable element of a "mixed opinion" is not the false opinion itself; it is the implication that the speaker knows certain facts, unknown to his audience, which support or justify his opinion and are detrimental to the person about whom he is speaking.  The Letter attempts to convey facts about plaintiff; not opinion.

And, plaintiff argues, because defendant has no common interest in the subject for which he speaks, defendant cannot claim that his Statements are protected by any qualified privilege. In any event defendant does not argue that the communication was expressed in a reasonable manner and for a proper purpose - and the privilege is now lost and/or dissolved if the communication was made with malice, spite, ill will, or probability of falsity.  The submissions fail to demonstrate the

7

applicability of the common interest privilege as a matter of law, or that the offending statements were not made with malice - or in a light most favorable to defendant it cannot be said that the movant has demonstrated the absence of any questions of fact concerning his motive for creating the offending publication and having it published.

Further, as defendant has submitted extrinsic evidence in support of his defense of truth, the standard of review is whether plaintiff has stated a cause of action, and the extrinsic evidence does not negate *beyond substantial question the elements of plaintiff's defamation claim.*

Plaintiff also denies being discharged by any client, and denies making any false statements to a public regulating agency or making a false statement to win a decision against another neighbor, in violation of Judiciary Law §487 and Rule DR 1-102 [1200.3], which provides that a lawyer shall not engage in conduct that is prejudicial to the administration of justice. Plaintiff also claims that she did not fail to meet her obligation to report "her misstatement" to the court, in violation of New York State Bar Association Rules of Professional Conduct, which upon information and belief would be in violation of DR 1-105 [1200.5-a].

Plaintiff also contends that defendant annexed an uncorrected transcript to prove the truth of his statement that plaintiff was "Discharged" - a matter in which defendant shares no common interest. Defendant did not offer the transcript to plaintiff for correction; nor did he proceed to inquire about what the Appellate Division wrote on this case because to do so would prove that his statement was false. Plaintiff was not discharged, and the decision of the Appellate Division indicates that plaintiff was constructively dismissed without cause.

Plaintiff further argues that she is not a public figure. There is no "Association" that she represents. Plaintiff, like other individuals who spoke out against the development of oversized

8

homes in the community, is a private citizen entitled to express her opinions, especially as it impacts the land where she maintains a residence. A plain reading of the Letter discloses that defendant viewed plaintiff as a private citizen, and not a public figure, speaking on her own behalf or in a limited role as a *pro bono* attorney speaking on behalf of the interests of a client. An issue of fact remains as to whether defendant reasonably believed that his Statements were true, which cannot be decided at this juncture.

Further, the branch of defendant's motion for sanctions is, in itself a frivolous motion and the Court should decide, *sua sponte*, if Rule 130 applies to the conduct by defendant and his counsel, especially since defendant's motion is defective and because of what is not said and/or not included in the voluminous papers submitted in support of defendant's motion.

In reply, defendant argues that plaintiff failed to provide any reasoned basis to deny his motion. Defendant argues that this action is ripe for decision on the documentary evidence, or for summary judgment. Plaintiff does not dispute the authenticity or accuracy of the documents defendant offered as evidence, nor does she dispute that, on their face, they refer to and say exactly what defendant, in his opening submission said that they did. Plaintiff addresses the summary judgment standard, and indicates no need for discovery pursuant to CPLR 3212(f). Thus, the parties are deliberately charting a summary judgment course and the disposition of this motion pursuant to CPLR 3211(a)(1) and (a)(7), or alternatively, CPLR 3211(c), is appropriate. Despite her conclusory assertion that "there are multiple issues of fact," plaintiff fails to identify any such issues, or to demonstrate how the truth, substantial truth, or status as opinion of the Statements about which she complains is not resolved by the documentary record.

Plaintiff does not challenge defendant's claim that the Letter was an opinion on matters of

9

public concern under *Brian v Richardson*. The sifting and parsing that plaintiff urges are inappropriate, given the contents and circumstances of the Letter.

The Video and Transcript establish the first Statement's accuracy in saying that plaintiff "made false statements" in connection with defendant's ARB application. Plaintiff's conclusory denial and assertions about her representation of defendant's neighbors is insufficient; none of the false statements that defendant identified in his motion, however, concerned whether plaintiff represented any of defendant's neighbors. Also, defendant need not establish that everything that plaintiff told the ARB was false, or that any particular statement was false. It is enough to show that plaintiff made "false statements" to the ARB.

Plaintiff's conclusory denial and mischaracterization of the second Statement, is insufficient. Defendant in no way refers to whether evidence of the public notice of an ARB hearing was included in a "Certified Record." Plaintiff offers no actual opposition to defendant's argument that the second Statement was protected opinion. Plaintiff also fails to explain how the Penal Law might apply, or how the Letter accuses her of violating the Penal Law or Disciplinary Rules.

As to the third Statement, plaintiff does not contest her failure to plead the innuendo that she was discharged as an attorney, that the word "discharged" is incidental to defendant's opinion that she is excessively litigious, and that it is not defamatory in context. Further, even assuming that plaintiff can now rely on her own failure to make corrections to the transcript, the addition of the word "constructively" before "discharged" would not create an issue as to whether the Statement that she had been "discharged" was substantially true. The leading legal dictionary includes no entry at all for "constructive *dismissal;"* it defines "constructive *discharge"* as "[a]

10

termination of employment brought about by making the employee's working conditions so intolerable that the employee feels compelled to leave." Thus, a statement that plaintiff's client had *discharged* her would not have a "different effect on the mind of the reader" from one that the client had so adamantly refused to cooperate with her that she felt compelled to quit the engagement, *i.e., constructively* discharged her.

Plaintiff also does not contest defendant's argument as to the fourth Statement, and does not deny her general obligation to report a misstatement on her part. The Letter never refers to the underlying case and, in connection with the fourth Statement, refers only to the article. And, plaintiff admits that she sued her former client.

Defendant also adds that plaintiff does not dispute that, if she is a limited-purpose public figure, then defendant was entitled, in submitting the Letter to the letters to the editor forum, to the same protection to which *The Southampton Press* would be entitled as a media defendant: to be liable for defamation, he must have made the Statements knowing they were false or with reckless disregard of whether they were true or false. Plaintiff's reference to other individuals who cannot be considered limited-purpose public figures is irrelevant as to plaintiff's status in this regard. As to each of the Statements, the absence of defendant's knowledge of falsity or his reckless disregard for truth is patent. Plaintiff cites no authority to support her claim that her status as a "private citizen" renders the limited-purpose public figure doctrine inapplicable, or that the fact that she does not represent an "Association" renders the doctrine inapplicable. Plaintiff also fails to identify any issues of fact as to whether defendant "justifiably erred in believing the statements that he made to be true." Finally, plaintiff's claim that she is not a public figure lacks merit.

11

Defendant also insists that sanctions are warranted as plaintiff's opposition papers continue to evade defendant's arguments and focuses on irrelevancies.

*Discussion*

In determining a motion to dismiss pursuant to CPLR 3211(a)(7), the Court's role is ordinarily limited to determining whether the complaint states a cause of action (*Frank v DaimlerChrysler Corp.*, 292 AD2d 118, 741 NYS2d 9 [1st Dept 2002]). The standard on a motion to dismiss a pleading for failure to state a cause of action is not whether the party has artfully drafted the pleading, but whether deeming the pleading to allege whatever can be reasonably implied from its statements, a cause of action can be sustained (*see Stendig, Inc. v Thom Rock Realty Co.*, 163 AD2d 46 [1st Dept 1990]; *Leviton Manufacturing Co., Inc. v Blumberg*, 242 AD2d 205, 660 NYS2d 726 [1st Dept 1997] [on a motion for dismissal for failure to state a cause of action, the court must accept factual allegations as true]). When considering a motion to dismiss for failure to state a cause of action, the pleadings must be liberally construed (*see*, CPLR § 3026), and the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit into any cognizable legal theory" (*Nonnon v City of New York*, 9 NY3d 825 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88, 614 NYS2d 972 [1994]).

A party may move for judgment dismissing one or more causes of action asserted against him pursuant to CPLR 3211(a)(1) on the ground that "a defense is founded upon documentary evidence." Where documentary evidence and undisputed facts negate or dispose of the claims in the complaint or conclusively establish a defense to the asserted claims as a matter of law, dismissal may be granted pursuant to CPLR 3211(a)(1) (*Biondi v Beekman Hill Housing Apt.*

12

*Corp.*, 257 AD2d 76, 692 NYS2d 304 [1ˢᵗ Dept 1999]; *Kliebert v McKoan*, 228 AD2d 232, 43

NYS2d 114 [1ˢᵗ Dept 1996]; *Gephardt v Morgan Guaranty Trust Co. of N.Y.*, 191 AD2d 229, 594

NYS2d 248 [1st Dept 1993]; *Juliano v McEntee*, 150 AD2d 524, 541 NYS2d 232 [1st Dept

1989]; *see also Leon v Martinez*, 84 NY2d 83, 88, 614 NYS2d 972 [1994]; *Frank v

DaimlerChrysler Corp.*, 292 AD2d 118, 741 NYS2d 9 [1ˢᵗ Dept 2002]). The test on a CPLR

3211 (a)(1) motion is whether the documentary evidence submitted "conclusively establishes a

defense to the asserted claims as a matter of law" *(Scott v Bell Atlantic Corp.*, 282 AD2d 180, 726

NYS2d 60 [1ˢᵗ Dept 2001] *citing Leon v Martinez*, 84 NY2d 83, 88, *supra; IMO Indus., Inc. v

Anderson Kill & Olick, P.C.*, 267 AD2d 10, 11, 699 NYS2d 43 [1ˢᵗ Dept 1999]).

Summary judgment is unavailable to either side prior to joinder of issue absent CPLR

3211(c) notice *(Four Seasons Hotels Ltd. v Vinnik*, 127 AD2d 310, 515 NYS2d 1 [1ˢᵗ Dept

1987]). Such notice must come directly from the court and should fairly advise as to the issues it

deems dispositive of the action *(id)*. There are, however, three exceptions to the requirement of

notice: (1) if the action involves no issues of fact, but only issues of law fully argued by both

sides, such as in a declaratory judgment action involving an issue of statutory construction; (2)

when a request for CPLR 3211(c) treatment is specifically made by both sides; and (3) when both

sides make it unequivocally clear that they are laying bare their proof and deliberately charting a

summary judgment course *(id)*.

Here, defendant specifically requested that this Court treat his motion as one for summary

judgment, to which plaintiff did not oppose, and both parties submitted numerous documents to

support their positions. Plaintiff, in particular, submitted, *inter alia*, her own affidavit explaining

her position and denying the Statements made by defendant, a subdivision map, her submissions

13

in the prior Article 78 proceeding, and prior orders of the Court and Appellate Division. Plaintiff also does not claim the need for further discovery. Given that the parties have charted a summary judgment course, and plaintiff did not oppose defendant's request pursuant to CPLR 3211(c), the Court will treat defendant's motion as one for summary judgment.

Contrary to defendant's contention, the Amended Complaint sufficiently alleges the particular words complained of pursuant to CPLR 3016. Plaintiff specifically quotes portions of the Letter which plaintiff finds objectionable. By alleging that the Letter "made false statements" as an attorney to a "regulating agency," plaintiff is referencing the Letter's statement that she wanted the ARB to deny defendant's application and *made false statements*. Plaintiff also alleges that the Letter indicates that she "won a decision by making false statements, as an attorney" and these words appear in the Letter. Although the Letter does not state that plaintiff was discharged by a client, "as the attorney," the reference to plaintiff as an attorney toward the end of the Letter coupled with the word discharge may lead one to conclude that plaintiff was indeed discharged by a client in her role as an attorney. Further, the Letter's reference to plaintiff's failure to report her misstatement indicates that plaintiff had a duty to make such a report. That defendant stated that the article failed to mention this alleged fact does not remove the indication that plaintiff was duty bound as an attorney to report her purported misstatement pursuant to the New York State Bar Association's Rules of Professional Conduct. Therefore, although plaintiff quotes the entire Letter, the Amended Complaint also identifies the four Statements that plaintiff claims defamed her. Thus, dismissal based on CPLR 3016 is unwarranted, and denied.

However, the challenged Statements in the Letter express opinions about plaintiff that are not actionable and that are substantially true. An action for defamation is one where a defendant

14

is accused of making a false statement which tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of her in the minds of right-thinking persons, and to deprive her of their friendly intercourse in society (*Brooks v Anderson*, 18 Misc 3d 1109, 856 NYS2d 22 [Sup Ct Bronx County 2007] *citing Foster v Churchill*, 87 NY2d 744, 751 [1996]). The elements of a defamation action are (1) the publishing of a false statement to a third party; (2) publishing said statement without authorization or privilege; (3) fault, judged at a minimum by a negligence standard; and (4) special harm or defamation *per se (Brooks, supra citing Dillon v City of New York*, 261 AD2d 34 [1st Dept 1999]). Special harm or special damage means the loss of something having economic or pecuniary value (*Brooks, supra citing Liberman v Gelstein*, 80 NY2d 429 [1992]). Special damages need not be pled or proven when the cause of action is for defamation *per se (Brooks, supra citing Rinaldi v Holt, Rinehart & Winston, Inc.*, 42 NY2d 369 (1977]).

In evaluating whether a statement is defamatory, the words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction (*Brooks, supra citing Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]; *see also, Aronson v Wiersma*, 65 NY2d 592 [1985]). Accordingly, whether words are defamatory present a question of law for the court to decide in the first instance, and courts will not strain to find defamation where none exists *(Dillon, supra; Fairley v Peekskill Star Corp.*, 83 AD2d 294 [2d Dept 1981]). Loose, figurative, or hyperbolic statements, even if deprecating are not actionable (*Dillon, supra*).

15

Further, truth provides a complete defense to an action asserting defamation (*Brooks, supra citing Fleckenstein v Friedman*, 266 NY19 [1934]; *Dillon v City of New York*, 261 AD2d 34 [1st Dept 1999). Substantial truth, will also suffice to defeat an action for defamation (*Brooks, supra citing Leibowitz v St. Luke's Roosevelt Hosp. Ctr.*, 281 AD2d 350 [1st Dept 2001]). On the issue of substantial truth as a bar to defamation the court in *Fleckenstein v Friedman* (266 NY19 [1934]), articulated what it called a workable test, namely whether the statement as published would have a different effect on the reader or listener than the truth as pleaded (*Brooks, supra citing Fleckenstein*).

A conditional privilege also bars a claim for defamation (*Brooks, supra*). A conditional privilege is one only available in the absence of malice (*Brooks, supra*). As such, under certain circumstances, an otherwise defamatory statement is immune from liability if the same is qualifiedly privileged, *e.g.*, the common interest privilege (*Brooks, supra citing Foster v Churchill*, 87 NY2d 744 [1996]; *Dillon v City of New York*, 261 AD2d 34 [1st Dept 1999]).

With regard to the common-interest privilege a "communication made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty, although it contained criminating matter which, without this privilege, would be slanderous and actionable; and this though the duty be not a legal one, but only a moral or social duty of imperfect obligation" (*Brooks, supra citing Stukuls v State of New York*, 42 NY2d 272, 278-279 (1977]).

Yet another conditional privilege is the limited issue public figure privilege which is based upon the status of the plaintiff, the burden of proving said status resting on the defendant (*Brooks, supra citing Fairley v Peekskill Star Corp.*, 83 AD2d 294 [2d Dept 1981]). A plaintiff is

16

considered a limited issue public figure, and thus a defendant's defamatory statements regarding the same are immune from liability if the plaintiff has "voluntarily acted to influence the resolution of a public controversy" (*id. citing Fairley*). In order for the privilege to apply, there must be a controversy, and the same must not merely be a matter of public interest, but it must be a real dispute whose outcome affects the general public or some segment in a substantial way (*Id*). The controversy must be addressing some specific question rather than a general interest or concern (*Id*). Like the common interest privilege and the public figure privilege, the limited use public figure privilege can be overcome by proof of actual or common-law malice (*Id*).

As to defendant's statement that plaintiff "wanted the ARB to deny our application, [and] "made false statements," the Court concludes that such statements are nonactionable statements of opinion. The average person, reading the entire paragraph indicating that plaintiff wanted to delay defendant's construction process, would recognize the allegedly defamatory statement is an expression of defendant's opinion of plaintiff's actions as reflected in the videotape and transcript of the ARB meetings. And, defendant's statement that plaintiff made false statements at the ARB hearing is substantially true; plaintiff initially stated that she was representing "the owners on - - around [the subject] property" (Tr. 2:8-9), but in reality, was representing "their interests" only (Tr. 6:12-13).[1] In any event, the common interest privilege applies to this Statement, as defendant's comment concerns his ARB application and his characterization of plaintiff's conduct at the ARB hearing concerning his application. And, upon a reading of the Letter in its entirety, and in the absence of any showing by plaintiff that defendant made such Statement with malicious

---

[1] The Court notes that by letter dated February 12, 2008, the ARB wrote plaintiff addressing "several factual inaccuracies" contained in her January 29, 2008 letter to the ARB.

17

intent, this Court finds that such Statement falls within the protection of the common interest privilege. Therefore, for the reasons stated, this first Statement cannot serve as a basis for plaintiff's defamation claim.

Nor is defendant's statement that the 27east article suggests that plaintiff won a decision by making false statements against a neighbor, a defamatory statement. Defendant clearly referenced the 27east article, and gave his characterization of what such article stated. Following this statement, was defendant's assertion that he was "surprised" that her "win" was considered a victory by any measure. When read in context, it is clear that defendant was offering his opinion of what east27 reported about the case plaintiff filed against another neighbor.

And, the third Statement indicating that plaintiff was discharged by a client does not contain any accusation of criminal conduct on the part of defendant and thus, does not constitute defamation *per se*. A client has the right to discharge his or her attorney at any time, for any reason, or for no reason (*Nabi v Sells*, 70 AD3d 252, 892 NYS2d 41 [1st Dept 2009]). Thus, it cannot be said that a mere reference to the discharge of plaintiff by her client tended to expose her to public contempt, ridicule, aversion or disgrace, or induced an evil opinion of her in the minds of right-thinking persons, or deprived her of their friendly intercourse in society. Since the Letter does not indicate the basis for plaintiff's discharge, the alleged discharge, in and of itself, is not defamatory. Further, while plaintiff contends that she was constructively dismissed, the average person, reading the entire paragraph, would not distinguish "constructively dismissed" from "discharged." Moreover, the transcript of the proceeding before this Court demonstrates the truth of the third Statement. In fact, plaintiff admitted that she was discharged; plaintiff stated that her claim for attorneys' fees was based on *quantum meruit* because she "[had] been discharged" (Tr.

18

5:8-10). Even accepting as true plaintiff's claim that the word "constructive" was omitted from her statement concerning a prior client, the third Statement cannot support her defamation claim. And, plaintiff's claim that the third Statement accuses her of committing a crime in violation of the Penal Law is wholly lacking in merit.

Finally, the fourth Statement indicating that the 27east article failed to mention that plaintiff is bound, as an attorney, by the New York State Bar Association's Rules of Professional Conduct to report her misstatement to the court, is not defamatory when read in context. The Letter does not state that plaintiff failed to report any misstatement, but indicates that plaintiff is simply *required* to report such a statement. Merely stating that plaintiff has an obligation to report a misstatement to the Court does not tend to expose her to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of her in the minds of right-thinking persons, or deprive her of their friendly intercourse in society, absence an indication that she failed to so report. Therefore, the fourth Statement is not actionable as a defamatory statement.

Furthermore, even if the four Statements had been false and factual, plaintiff would have no cause of action, as the record indicates that defendant did not submit the Letter with actual malice, as required to be shown when the plaintiff is a limited public figure.

There is a four-part test helpful in determining whether plaintiff is a public figure (*Lee v City of Rochester*, 174 Misc 2d 763, 663 NYS2d 738 [Sup Ct Monroe County 1997]). "A defendant must show the plaintiff has: (1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing

19

access to the media" (*Lee v City of Rochester, supra citing Lerman v Flynt Distributing Co.*, 745 F2d 123, 136-37 [2d Cir 1984], *cert. denied*, 471 US 1054, 105 SCt 2114 [1995]). "The New York law of public figure classification uses a similar approach, although it is not articulated in terms of separate elements" (*Lee v City of Rochester, supra*). New York courts have held that plaintiffs who (1) "'thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved,'" (2) "'invite attention and comment'" by "tak[ing] an affirmative step to attract public attention" with respect to the subject of the allegedly defamatory commentary; (3) "project" their "name and personality" before the community or "into the limelight" as a "leading authority" on the subject of the litigation "(which seems to be the functional equivalent of 'assum[ing] a position of prominence')"; and (4) maintain "continuou[s]" contact with the press or media, harbor the limited public figure status only for the particular controversy into which plaintiff thrusts herself (*Lee v City of Rochester, supra citing James v. Gannett Co.*, 40 NY2d 415, 386 NYS2d 871 [1976] and *Maule v N.Y.M. Corp.*, 54 NY2d 880, 444 NYS2d 909 [1981]).

The record indicates that plaintiff has indeed thrust herself to the forefront of and has invited attention and comment on, the controversy concerning the issue of "McMansions" in her neighborhood. Plaintiff has written *36* letters to the editor over the span of three years, complaining about the "eight bedroom" "mega-bombs" and other "McMansions" being built in her community. In one of these letters, plaintiff invited others with similar concerns to come to her house for a "party" to discuss the issues and meet politicians who will support her cause. Plaintiff even provided her telephone number, inviting others to call her to "join this effort," which included "legal actions against the spec builders" that people could join "at no cost to you."

Plaintiff also hinted at volunteering to run for public office to address the issue. Plaintiff, the seemingly self-appointed spokesperson in preserving the "small and modest" character of her village neighborhood, is a limited public figure for the particular controversy over the construction of oversized houses in her neighborhood.

Thus, in order to establish her cause of action she must show the existence of actual malice on the part of defendant (*DiBernardo v Tonawanda Pub. Corp.*, 117 AD2d 1009, 499 NYS2d 553 [4th Dept 1986] *citing New York Times Co. v Sullivan*, 376 US 254, 84 SCt 710). Plaintiff must prove that defendant acted with knowledge of the falsity, or with reckless disregard for the falsity of the Letter.

In light of plaintiff's (albeit minor) misstatements reflected in the Transcript, defendant's citation to and opinion based on his reliance upon the 27east article, the fact that plaintiff used the word "discharge" to describe her *quantum meruit* claim, and the uncontested fact that an attorney does have an obligation to report misstatements made to a Court (see Verified Complaint ¶¶10-12), it cannot be said that defendant acted in reckless disregard of whether the four Statements were true or false. Further, there is no evidence presented by plaintiff or revealed in the documents submitted by defendants, indicating that defendant acted with knowledge that any of the Statements were false, if false at all.

Therefore, plaintiff's defamation action cannot be maintained and is dismissed.

However, the Court declines defendant's and plaintiff's requests for sanctions against each other. Section 130-1.1 permits Court to award sanctions, in its discretion, for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct. Pursuant to Section 130-1.1(c), conduct is frivolous if:

(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false.
Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section. In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

The Court finds that notwithstanding the Amended Complaint's lack of merit and plaintiff's counsel refusal to resolve this matter, plaintiff's complaint was not completely frivolous, within the meaning of 22 NYCRR 130-1.1(c)(1).

And, having prevailed on his motion, defendant's conduct does not warrant sanctions.

*Conclusion*

Based on the foregoing, it is hereby

ORDERED that defendant motion to dismiss the Amended Complaint of the plaintiff pursuant to CPLR 3211(a)(1) (documentary evidence), (a)(7) (failure to state a claim), and pursuant to CPLR 3212 for summary judgment, is granted, and this action is hereby dismissed; and it is further

ORDERED that the branch of defendant's motion for an order awarding sanctions against plaintiff is denied; and it is further

ORDERED that plaintiff's application for an order awarding sanctions against defendant is denied; and it is further

22

ORDERED that defendant shall serve a copy of this order with notice of entry upon

plaintiff within20 days of entry; and it is further

ORDERED that the Clerk may enter judgment accordingly.

This constitutes the decision and order of the Court.

September 10, 2010

Hon. Carol Robinson Edmead, J.S.C.

**HON. CAROL EDMEAD**

23

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EVELYN KONRAD,

                                    Plaintiff,          Index No. 102110/2010

            – against –

WILLIAM BROWN,                                          **JUDGMENT OF AFFIRMANCE**

                                    Defendant.

WHEREAS, a judgment herein was entered in the Supreme Court on September 30, 2010, and the Plaintiff filed a Notice of Appeal from the judgment, and the Appellate Division signed an order on January 24, 2012, unanimously affirming the judgment with costs,

NOW THEREFORE, upon the Bill of Costs and supporting documents filed by Defendant, it is hereby:

ADJUDGED, that the judgment entered in the New York County Supreme Court on September 30, 2010, which dismissed the amended complaint is unanimously affirmed; and it is further

ADJUDGED, that the Defendant William Brown, who resides at 17 Adams Lane, Southampton, NY 11968, shall have judgment and recover against the Plaintiff Evelyn Konrad, who resides at 200 East 84th Street, New York, NY 10028, costs and disbursements as taxed by the clerk in the amount of ~~a hundred six hundred and three dollars and three cents ($749.14)~~ $603.03 and the Defendant shall have execution thereof.

Dated: March 2, 2012
       New York, New York

                                    _____
                                    Clerk of the Court

FILED
MAR - 2 2012
COUNTY CLERK'S OFFICE
NEW YORK

FILED: NEW YORK COUNTY CLERK 03/01/2012

INDEX NO. 102110/2010

NYSCEF DOC. NO. 107

RECEIVED NYSCEF: 03/01/2012



156 -Bill of Costs (with CPLR sections) Blank Court: 1-95

Blumberg Excelsior, Publisher, NYC 10013
www.blumberg.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 102110/2010

Evelyn Konrad

*Plaintiff(s)*

*against*

**Costs of** Defendant/Respondent

William Brown

*Defendant(s)*

| COSTS | $ | DISBURSEMENTS | | $ |
|---|---|---|---|---|
| Costs before note of issue CPLR §8201 subd. 1 | | Fee for index number CPLR §8018(a) | | |
| Costs after note of issue CPLR §8201 subd. 2 | | Referee's fees CPLR §8301(a)(1), 8003(a) | | |
| Trial of issue CPLR §8201 subd. 3 | | Commissioner's compensation CPLR §8301(a) (2) | | |
| Allowance by statute CPLR §8302(a),(b) | | Clerk's fee, filing notice of pend. or attch. CPLR §8021(a)(10) | | |
| | | Entering and docketing judgment CPLR §8301(a)(7), 8016(a)(2) | | |
| | | Paid for searches CPLR §8301(a)(10) | | |
| | | Affidavits & acknowledgments CPLR §8009 | | |
| Additional allowance CPLR §8302(d) | | Serving copy summons & complaint CPLR §8011(h)(1). 8301(d) | | |
| Motion costs CPLR §8202 | | Request for judicial intervention | | |
| | | Note of issue CPLR §8020(a) | | |
| Appeal to Appellate Term CPLR §8203(b) | | Paid referee's report CPLR §8301(a)(12) | | |
| | | Transcripts and filing CPLR §8021 | | |
| Appeal to Appellate Division CPLR §8203(a) | 250.00 | Certified copies of papers CPLR §8301(a)(4) | | |
| | | Satisfaction piece CPLR §5020(a), 8021 | | |
| | | Certified copy of judgment CPLR §8021 | | |
| Appeal to Court of Appeals CPLR §8204 | | Postage CPLR §8301(a)(12) | | |
| | | Jury fee CPLR §8020(c) | | |
| Costs upon frivolous claims and counterclaims CPLR §8303-a | | Stenographers' fees CPLR §8002, 8301 | | |
| | | Sheriff's fees on execution CPLR §8011, 8012 | | |
| | | Sheriff's fees, attachment, arrest, etc. CPLR §8011 | | |
| | | Paid printing cases CPLR §8301(a)(6) | | ~~499.68~~ 353.03 |
| | | Clerk's fees Court of Appeals CPLR §8301(a)(12) | | |
| | | Paid copies of papers CPLR §8016(a)(4) | | |
| | | Motion expenses CPLR §8301(b) | | |
| | | Fees for publication CPLR §8301(a)(3) | | |
| | | Serving subpoena CPLR §8011(h), 8301(d) | | |
| | | Paid for search CPLR §8301(a)(10) | | |
| | | Referee's Report | | |
| | | Attendance of Witnesses CPLR §8001(a)(b)(c), 8301 (a)(1) | | |

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$ 603.03

MAR - 2 2012

Norman Footman
CLERK

| | | |
|---|---|---|
| COSTS $ | 250.00 | |
| DISBURSEMENTS | 353.03 ~~499.68~~ | 353.03 ~~499.68~~ |
| TOTAL $ | 603.03 ~~749.68~~ | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EVELYN KONRAD,

                                    Plaintiff,

            – against –

WILLIAM BROWN,

                                    Defendant.

Index No. 102110/2010

**AFFIRMATION OF
DANIEL C. MALONE AND
NOTICE OF TAXATION**

            DANIEL C. MALONE affirms the following to be true subject to the penalties of

perjury:

            1.        I am a partner of Scarola Malone & Zubatov LLP, counsel to William

Brown, the defendant in this case. I am a member in good standing of the bar of the State of

New York.

            2.        I submit this affirmation in support of defendant's bill of costs and

disbursements ("Bill of Costs"), as authorized by the Decision and Order of the Supreme Court,

Appellate Division, First Department (the "Appellate Order"), entered on January 24, 2012, by

that court and remitted to and entered by the Clerk of this Court on February 17, 2012 (NYSCEF

Doc. No. 104). A true copy of the Appellate Order is attached as Exhibit A to this affirmation.

            3.        The Appellate Order affirmed this Court's order granting judgment in

favor or defendant and against plaintiff and dismissing the amended complaint herein, with costs.

Ex. A at 44.

            4.        Defendant is therefore entitled to costs in the amount of two hundred fifty

dollars ($250.00), as the Appellate Order did not award a lesser amount. CPLR 8203(a).

5.      Defendant is also entitled to tax his necessary disbursements, including for "[t]he reasonable expenses of printing the papers for a hearing, when required." CPLR 8301(a)(6). Defendant, as respondent before the Appellate Division, was required to submit and therefore to print a brief in response to plaintiff's appellate brief.

6.      A true copy of the printer's bill for defendant's appellate brief is attached as Exhibit B to this affirmation. The price set forth on Exhibit B, four hundred ninety-nine dollars and sixty-eight cents ($499.68), was the least expensive of several bids obtained by defendant's counsel for printing defendant's appellate brief. That amount was actually and necessarily expended by defendant to pay such printer's bill.

7.      The total of the Bill of Costs is seven hundred forty-nine dollars and sixty-eight cents ($749.68). A proposed judgment in that amount is attached as Exhibit C hereto.

8.      Plaintiff, an attorney acting *pro se*, consented to electronic service in this case, as reflected in the records of the NYSCEF system. Plaintiff therefore, pursuant to Section 202.5-b(f) of the Uniform Civil Rules, will have been served with the Bill of Costs, together with this affirmation and its exhibits, by their electronic filing.

PLAINTIFF IS HEREBY NOTIFIED that the costs and disbursements set forth in the Bill of Costs will be taxed pursuant to CPLR 8403 by the Clerk of the Supreme Court of New York for New York County at his office in the courthouse thereof on Thursday, March 1, 2012, at 4 p.m., and the amount inserted in the judgment.

Dated: March 1, 2012
       New York, New York

_____
Daniel C. Malone

FILED

MAR - 2 2012

COUNTY CLERK'S OFFICE
NEW YORK

FILED: NEW YORK COUNTY CLERK 03/01/2012

NYSCEF DOC. NO. 110

INDEX NO. 102110/2010

RECEIVED NYSCEF: 03/01/2012

## *Appeal Press, LLC*

**Invoice Number 18324**

**34 South Broadway**
**White Plains, N.Y. 10601**

Scarola Malone & Zubatov LLP
888 Seventh Ave. - 45th Floor
New York, NY 10106

| | |
|---|---|
| *Client* | Daniel C. Malone, Esq. |
| *Case Name* | **Konrad v. Brown** |
| *Work Description* | Preparation and Printing/ECF of Brief for Defendant-Respondent William Brown |
| *File Number* | 15335 |

### *Invoice Date*      10/12/2011

| | | |
|---|---|---|
| *Table of Contents* | $0.00 | |
| *Brief* | $325.00 | |
| *Service* | ~~$60.00~~ 0 | **Original Invoice** |
| *Filing* | ~~$75.00~~ 0 | |
| *Misc.* | $0.00 | |
| *Amount* | ~~$460.00~~ 325.00 | |
| *Sales Tax* | ~~$39.88~~ 28.03 | *Please be considerate!  Pay promptly.* |
| *Total* | ~~$499.88~~ 353.03 | |
| *Paid* | $0.00 | |

| | |
|---|---|
| *Balance Due* | ~~$499.88~~ 353.03 |

Tax I.D. #56-2672857

**Questions?  Call 1-800-371-2044**

FILED: NEW YORK COUNTY CLERK 02/24/2012

NYSCEF DOC. NO. 106

INDEX NO. 102110/2010

RECEIVED NYSCEF: 02/24/2012

Tom, J.P., Friedman, DeGrasse, Richter, Manzanet-Daniels, JJ.

6609-
6610-
6611-
6612

Evelyn Konrad,
    Plaintiff-Appellant,

        -against-

    William Brown,
        Defendant-Respondent.

Index 102110/10

---

Evelyn Konrad, appellant pro se.

Scarola Malone & Zubatov LLP, New York (Daniel C. Malone of counsel), for respondent.

---

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered September 30, 2010, dismissing the amended complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 14, 2010, which granted defendant's motion for summary judgment pursuant to CPLR 3211(c), unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered on or about February 18, 2011, which granted plaintiff's motion to renew and adhered to the prior determination, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 25, 2011, which denied plaintiff's motion for leave to amend the amended complaint, unanimously dismissed, without costs, as abandoned.

The motion court correctly found that defendant's allegedly defamatory statements in his letter to the editor were either not susceptible to a defamatory meaning, true or substantially true or pure opinion.  The assertion that plaintiff had made a false statement before an administrative tribunal was substantially true, as shown by the video and transcript of the hearing; this was a complete defense (*see Panghat v New York Downtown Hosp.*, 85 AD3d 473 [2011].  Considered as a whole, in context and based on its tone and apparent purpose (*see Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 AD3d 32, 42 [2011]) as well as the lack of any implication that it was based on undisclosed facts in light of defendant's reference to the videotape and transcript (*see Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]; *Guerrero v Carva*, 10 AD3d 105, 112 [2004]), it was also pure opinion. Defendant's assertion that plaintiff had made a false statement in an article 78 proceeding was both substantially true and his opinion of the news article reporting such conduct.  The assertion that plaintiff, an attorney, had been discharged by a client, was true, as supported by the transcript of plaintiff's quantum meruit fee request wherein she stated that she had been discharged, and, in any event, was not susceptible of a defamatory meaning because defendant did not mention any reason

45

for the discharge.

The court's alternative ground for dismissal, that plaintiff failed to show malice, was also appropriate, as plaintiff was a limited public figure (*see Huggins v Moore*, 94 NY2d 296, 301-302 [1999]) and defendant's statements were based on documents or articles he had read and thus were not made with knowledge of their falsity or reckless disregard of whether or not they were true (*see Kipper v NYP Holdings Co., Inc.*, 12 NY3d 348, 353-354 [2009]).  Nor did plaintiff show that defendant's statements were actuated by ill will (*see id.* at 354 fn 4), her conclusory assertions to that effect notwithstanding.

Although the court correctly determined that plaintiff failed to justify her failure to submit her purported new evidence in opposition to defendant's motion, and that such evidence would not have warranted a different outcome, the court granted renewal and adhered to its initial determination. Accordingly, we need not disturb that result.

46

We have considered plaintiff's other contentions and find
them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED:   JANUARY 24, 2012

_____
                                CLERK

FILED
FEB 17 2012
COUNTY CLERKS OFFICE
NEW YORK

47

FILED: NEW YORK COUNTY CLERK 03/02/2012          INDEX NO. 102110/2010
NYSCEF DOC. NO. 112-1                             RECEIVED NYSCEF: 03/02/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EVELYN KONRAD,

Index No. 102110/2010

Plaintiff,

-against-

WILLIAM BROWN

Defendant.

## JUDGMENT OF AFFIRMANCE

SCAROLA MALONE & ZUBATOV LLP
Attorneys for Defendant
888 Seventh Avenue
45th Floor
New York, New York 10106
Tel.: (212) 757-0007

FILED AND DOCKETED
MAR - 2 2012
AT 2:46 M
N.Y., CO. CLK'S OFFICE

DOCKETED BY

From:  (212) 378-0830
William Brown
BHR Capital LLC
545 Madison Avenue, 10th Floor

New York, NY 10022

Origin ID: JRBA


FedEx
Express

J1220120716032S

Ship Date: 01OCT12
ActWgt: 1.0 LB
CAD: 102274155/INET3300

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

**SHIP TO:  (212) 378-0830**            **BILL SENDER**
**Honorable Judge Joseph F. Bianco**
**Via Pro Se Office  – US District Court,**
**100 FEDERAL PLZ**            **E.D.N.Y'**

**CENTRAL ISLIP, NY 11722**

RELEASE#: 3785346

**TUE - 02 OCT  A4**
**PRIORITY OVERNIGHT**

TRK#  **7990 9327 0519**
0201

**ZM COPA**

**11722**
NY-US
**JFK**





515G1/9CCB/AA44

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html            10/1/2012