William Brown
27 Old Stamford Road
New Canaan, CT 06840

October 2, 2012

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 03 2012 ★

LONG ISLAND OFFICE

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021 (JFB)

Honorable Judge Bianco:

In my haste to provide the Court my reply to plaintiff's letter to Chambers dated September 29, 2012 and titled LETTER MOTION FOR LEAVE TO AMEND THE COMPAINT, the most fundamental issue was silent – **plaintiff's motion should be denied as it is procedurally deficient.**

Respectfully, plaintiff has failed to observe the Court's Rule III.A., which requires the moving party to *first* request a pre-motion conference for any motion made pursuant to Federal Rule of Civil Procedure ("FRCP") 15 where leave of the Court is required.

Plaintiff's contention that "[n]o procedurally valid answer has been filed in this case" is incorrect and leave of the Court *is* required. My Answer was properly filed with the Court on September 4, 2012 and entered on September 11, 2012; the fact that I am disputing proper service does not invalidate my Answer and thus, plaintiff's improper motion should be denied.

Further, while I understand that it is recognized that amendments to pleadings should be freely allowed when the interests of justice would be served, leave to amend may be denied because of undue delay, prejudice to the non-moving party, bad faith or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's motion should be denied for these reasons.

Precedent also places the burden on the party seeking to amend to provide satisfactory explanation for the delay, which plaintiff fails to provide. *Creswell v. Sullivan & Cromwell*, 922

RECEIVED

U.. ₵ ? ₍₎₁₂

ED:: :::  :E OFFICE

1

Honorable Judge Joseph F. Bianco											October 2, 2012

Re:	Konrad v. Epley, et al
	Docket No. 12 CV 4021

F.2d at 71. *See also Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340 (2d 2000) (A finding of good cause depends on the diligence of the moving party).

It is also my understanding that the lenient standard under FRCP Rule 15(a), which provides that leave to amend "shall be freely given," must be balanced against the requirement under FRCP Rule 16(b) that the Court's scheduling order *shall not be modified except upon a showing of good cause* or when the moving party is guilty of *bad faith*.

As noted in my letter to Chambers dated October 1, 2012, any claim by plaintiff that she was unaware that 17 Adams Lane was jointly owned by Elichia Brown is simply not credible. Plaintiff filed an Article 78 against "[r]espondents William and Elichia Brown [who] are the owners of certain vacant real property located at 17 Adams Lane", which was *dismissed with prejudice*; copy previously provided to the Court.

Even plaintiff's complaint provides irrefutable proof that she was aware of this fact; see Exhibit 14 to plaintiff's complaint providing copy of the deed of transfer for 17 Adams Lane from "SHARON E. KERR" to "WILLIAM BROWN AND ELICHA BROWN, husband & wife". No clearer lack of "good cause" or example of "bad faith" can be shown. Granting plaintiff's motion would also reasonably be expected to further delay the pre-motion conference requested by counsel to defendants Epley and Robinson in anticipation of their motion to dismiss and thus, delay resolution of this meritless action, prejudicing all defendants.

Further, while it may be well established that Courts should grant leave to amend a complaint, I believe this view is predicated on the motion having merit and unless amendment would be futile or another valid ground for denial exists, *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Building 1 Housing Development Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

In plaintiff's self-titled "Letter Motion" she concedes that Elichia Brown is a "necessary defendant" as an owner of a property subject to the Town of Southampton Code, as amended in 2005 (the "Code"), yet plaintiff has failed to join the Town of Southampton, the Village of Southampton and every other former and current owner of property that was built subsequent to the Code's amendment. Each of these parties would be prejudiced by a ruling in favor of plaintiff, who seeks to have the Code ruled "illegal" and "the houses built with [b]uilding [p]ermits based on the [Code] be torn down ..."

Respectfully, the remedy which plaintiff seeks could not possibly be granted, certainly not by simply joining Elichia Brown as a defendant and, as plaintiff admits in her Letter Motion, parties prejudiced by such a ruling must be given "an opportunity to defend [themselves] and their property in this matter." Accordingly, the motion should be denied as futile.

Lastly, plaintiff has made no effort to diffuse the unalienable fact that her complaint, self-declared a "land-use case", cannot surmount the statute of limitations relating to real property or the same as it relates to civil actions and the fact that, no matter how novel the re-packaging or how many forums she shops, the issues she raises have been previously litigated in actions to

2

Honorable Judge Joseph F. Bianco                                         October 2, 2012

Re:   Konrad v. Epley, et al
      Docket No. 12 CV 4021

which she was a party; copies previously provided to the Court. Again, the motion should be denied as futile.

Respectfully, for these reasons and those provided in my Answer and letter to Chambers dated October 1, 2012, I request that the Court deny plaintiff's request for leave to amend her complaint or, in the alternative, ask that a pre-trial conference by telephone be scheduled to allow a full and proper weighing of why plaintiff's meritless action does not collapse under the measure of futility.

Respectfully,

William Brown

cc:   Evelyn Konrad, Esq.
      via First-Class Mail, postage pre-paid

3