William Brown
27 Old Stamford Road
New Canaan, CT 06840

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 24 2012 ★
LONG ISLAND OFFICE

October 22, 2012

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

Honorable Judge Bianco:

    My wife Elichia Brown and I are private citizens and at no time have we acted under color of state law. Respectfully, for this reason, reasons previously cited and those cited in the letter to Chambers from counsel to Donald and Melinda Quintin and dated October 18, 2012, plaintiff's complaint as against me should be dismissed.

    Further, it is my understanding that the assertion in plaintiff's letter to Chambers dated October 18, 2012 (the "Letter") that the libel suit against me "does not bear on any claims asserted in this action" is misguided. Such an assertion is an attempt to narrowly define the doctrine of *res judicata* and ignores the fact that plaintiff was obliged to bring any and all related claims she may have as against me as of that time; indeed, *all* of plaintiff's claims relate to the same underlying land-use dispute pre-dating her failed libel action and her continued harassment of me and my family is precisely what the law was intended to prevent.

    It is also worth noting, among other things, the Supreme Court of the State of New York, Appellate Division, First Department's[1] findings in plaintiff's libel suit against me determined, despite plaintiff's voluminous and, in many cases, improperly submitted "new evidence" asserting baseless allegations of fraud, purported conspiracies, defamation, tortious interference and harassment, that such "other contentions [were] unavailing" and plaintiff "failed to show malice". The same "new evidence" offered by plaintiff included the letter dated December 14,

---

[1] Plaintiff's motion for leave to appeal to the State of New York Court of Appeals was denied, with costs.

RECEIVED
OCT 2012
EDNY PRO SE OFFICE

Honorable Judge Joseph F. Bianco                                    October 22, 2012

    Re:    Konrad v. Epley, et al
           Docket No. 12 CV 4021

2009 and referenced in plaintiff's Letter as an erroneous basis to join Elichia Brown in this matter[2]. The same Court also concluded plaintiff is a *limited public figure* for purposes of the "land-use" matters outlined in her complaint.

       Respectfully, I further note that plaintiff's Letter fails to address the statute of limitations, among other applicable statutes, barring the remedy she seeks. Specifically, on April 23, 2008 plaintiff initiated an Article 78 proceeding against me and my wife, Elichia Brown, in opposition to the proposed construction at 17 Adams Lane. The matter was dismissed *with prejudice* and not appealed by plaintiff. At no time did plaintiff seek an injunction to halt construction of the house, which was completed and a Certificate of Occupancy issued on April 13, 2009; no structural alterations have since been made. Accordingly, any claim by plaintiff relating to violation of any *alleged* covenants would be time-barred under New York law, as are all of plaintiff's other claims against me.

       In the same Article 78 proceeding, the Court informed plaintiff, who was acting *pro se*, that her actions were "misguided" and any challenge to local law "must be asserted in a declaratory judgment action against the legislative authority, in this case, the Southampton Village Board of Trustees." Despite this direction, plaintiff has not commenced such a proceeding and herein fails to join the Village of Southampton and its Board of Trustees as a necessary party or, for that matter, countless others as warranted by Federal Rule of Civil Procedure, Rule 19.

       I also note that plaintiff continues to fail in her obligation to provide me copy of *all* communications with Chambers, the Court's orders as directed and complete copy of any citations pursuant to E.D.N.Y. Local Civil Rule 7.2; please see attached request of plaintiff dated September 27, 2012.

Respectfully,

William Brown

cc:    Honorable E. Thomas Boyle
       via *Pro Se* Office; First-Class Mail, postage pre-paid

       Evelyn Konrad, Esq.
       via First-Class Mail, postage pre-paid

---

[2] Included as Exhibit 7 to Affidavit of Evelyn Konrad in Support of Motion for Leave to Amend, dated March 22, 2011; Index No. 102110/10.

2

William Brown
27 Old Stamford Road
New Canaan, CT 06840

September 27, 2012

Evelyn Konrad
18 South Rosko Drive
Southampton, NY 11968

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

Ms. Konrad:

Your information relating to 687 Oenoke Ridge Road is incorrect.

As indicated in my Answer to the Court, Affirmation of Service and communications with Chambers, my proper mailing address is as reflected on this letterhead; please send all Court mandated mailings to this address via First-Class mail, no release required, as I travel frequently.

Pursuant to E.D.N.Y. Local Civil Rule 7.2., I also request that you provide me full copy of any cited cases or authorities; starting with those in your complaint.

Further, as indicated in my Answer and correspondence with Chambers, I am contesting service and look forward to providing the Court clarity on the issue. Should you wish this matter to be determined on its merits alone, I encourage you to make service proper.

Regards,

*[signature]*

William Brown

William Brown
17 Old Stamford Road
New Canaan, CT 06840

STAMFORD CT 068
22 OCT 2012 PM 25 T

Via *Pro Se* Office

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RECEIVED
U.S DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND OFFICE

OCT 24 2012

ENTERED

