25 February 2013

Hon. E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

RE: Plaintiff's procedural errors
12-CV-4021 (JFB)(ETB)
*Konrad v. Epley et al.*

Dear Judge Boyle:

I am writing to request that this Court change the schedule for all plaintiff's and defendants' papers as shown in the attached Order of 7 December 2012 (Exhibit 1), by adding five weeks to the time when movants' papers are due (only for purpose of proper service) and by adding five weeks to the time for answers and replies. The Court's order of 7 December called for movants' papers by February 8, opposing papers by March 8 and replies by March 22. Those three dates would change, with Court permission, to March 15, April 12, April 26 respectively. This change of schedule would relieve some of the pressure on me from the illness in my family.

In line with part D(4) of Judge Boyle's rules, I have telephoned my adversaries with the same request, and have the following results to report:
- Monday at 9:02 am I reached Mr. Redfern of Kyser & Redfern, att'y for defendant Denis Guerin. **He gave his consent**.
- Monday at 8:48 and 8:43 am I left messages for defendant Brown on his machine, giving all the information and requesting a call-back or email to ek616367@cs.com.
- Monday at 9:09 I left a message for David Arntsen, attorney for Epley, Robinson and Robinson, who is in court this morning. I left the dates I am proposing in this letter motion, and briefly the reason, as well as telephone number and email address for getting in touch with me. **Mr. Arntsen phoned me his consent**.
- Monday at 9:14 I left a message for Dan Malone, attorney for the Quintins, giving him my requested dates, brief reason for requested delay and call-back number and email address.

It is considered inappropriate to mention any personal circumstances that impact on a lawyer's work, but I had to explain to the adversaries why I requested this delay and I ask the Court's indulgence in this case, (1) because both this Court and the defendants have a right to know that errors or delays in forwarding papers of which I have been accused have not been due to any bad faith on my part, and (2) because the illness in my family is known for its cruel impact on the patient and on those close to him.

Last Spring, the father of my four children to whom I was married for 23 years was found to have third stage lung cancer. He had a supposedly successful operation and underwent chemotherapy throughout the Summer. His illness and the need to be supportive to him and to our four children was the reason why I did not file this case until August 2012, rather than a year ago.

In February, after I came back from the events honoring my father in Germany, my former husband had a biopsy which showed that he now has cancer in both lungs. Today at noon, with our two sons at his side, he is getting a second opinion. I lost my second life partner to cancer in both lungs within nine months of this same diagnosis.

These are some of the procedural errors I have made:

1. I filed the amended complaint under the CPLR instead of the Federal Rules of Civil Procedure. I have submitted corrected papers. My original mistake may have been mitigated by the fact that my motion asking for leave to amend the complaint cites my compliance with this Court's 7 December order, thus confirming my adherence to Federal Court's jurisdiction.

2. I was ignorant of the bundle rule, and sent a courtesy copy to the Court (including the memorandum of law) and to the pro se defendant, but (a) I e-filed the amended complaint under Docket Number 49, without the memorandum of law; (b) I did not mail the required complete hard copy of the documents to the other defendants.

3. I requested a time extension for the reply to one motions to dismiss, which this Court generously granted, but I failed to ask for a comparable time extension for my answer to the other defendants' motions to dismiss. The new dates impact on my time to reply to defendants' answers to my amended complaint by causing an overlap of time for my three replies.

A five-week extension from the original schedule ordered by this Court on 7 December, would give me time (1) to properly serve all the defendants with hard copy of my motion for leave to amend the complaint, as required by the bundle rule; and it would give me (2) a chance to deal with tragic circumstances, without causing undue delay for the defendants.

At this moment, I am not even certain of all the relief I should be asking of this Court, nor of all the relief that this Court might grant me, other than to ask this Court to provide me with a way to correct the mistakes already made, without those procedural errors prejudicing the defendants' case and without their having a negative influence on the Court's ultimate decision.

Respectfully,

*Evelyn Konrad*

BY FIRST CLASS MAIL:

William Brown
27 Old Stamford Road
New Canaan, CT 0684

Evelyn Konrad
200 East 84th Street
New York, New York 10028
212-585-1240
ek616367@cs.com

-2-

Case 2:12-cv-04021-JFB-ETB   Document 46   Filed 12/07/12   Page 1 of 1 PageID #: 483

BEFORE: **E. THOMAS BOYLE**
UNITED STATES MAGISTRATE JUDGE

DATE: DECEMBER 7, 2012
TIME: 11:00 A.M.

ASSIGNED JUDGE: **BIANCO**

DOCKET NO. **CV-12-4021** CASE **KONRAD V. EPLEY**

CIVIL CONFERENCE (FTR 11:03 - 11:41)

Initial _X_ Status __ Discovery __ Settlement ___ Final Pre-trial _

Motion :

Automatic Discovery: Has been (_____) Has Not Been (_____) Completed.

APPEARANCES: Plaintiff

Evelyn Konrad

Defendant

David H. Arntsen (Epley, Ron Robinson, Elbert Robinson Jr.)
Thomas Foley - (Denis C. Guerin)
Daniel C. Malone (Melinda Quintin, Donald Quintin)
William Brown - pro-se (by phone)

* Discovery completed by _____

*The discovery completion date specified in any pre-trial order is the last day to serve discovery responses. To be timely, discovery requests must be served sufficiently in advance of the discovery completion date for responses to be served prior to the discovery completion date.

Next _____ conference _____

Pre-Trial Order filed by _____

Plaintiff _____

Defendant _____

THE FOLLOWING RULINGS WERE MADE:

1. Plaintiff(s) shall serve all automatic disclosure (Rule 26(a)(1)) by _____
   Defendant(s) shall serve all automatic disclosure (Rule 26(a)(1)) by _____

2. The parties shall serve document production/interrogatory demands by _____
   The parties shall respond to outstanding document production/ interrogatories by _____

The parties shall proceed on the following schedule with respect to the plaintiff's motion to amend and Defendants' motion to dismiss
Movant  2/8/13
Oppos.  3/5/13
Reply   3/22/13

So ordered

/S/ E. Thomas Boyle, MJ