| | |
|---|---|
| U.S. Magistrate Judge E. Thomas Boyle | Re:  *Konrad v. Epley* et al. |
| U.S. District Court | |
| Eastern District of New York | Docket: 12-CV-4021 (JFB)(ETB) |
| 100 Federal Plaza | |
| Central Islip, New York 11722 | March 24, 2013 |

FILED
CLERK
3/25/2013 9:50 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Dear Judge Boyle:

Upon rereading your order of March 7, 2013, I see that you have changed the time for our May 8 conference to 11:00 a.m.  I thank you, of course, because you are saving me an extra hour of driving from court back to Southampton.   But I also hope that the explanation below of my hearing problem will keep this Court, without meaning to,  from condemning me to an insurmountable disadvantage.  This is a motion requesting that all defendants be represented in your Court in person rather than by telephone both in the upcoming conference and in any future conferences between this Court and the litigants.  I know this may be inconvenient, but such personal appearances were the rule in courts for a couple of centuries, and I hope that an even playing field trumps inconvenience.

My hearing impairment  is  a serious problem: No lawyer in his/her right mind would argue a procedural matter needlessly with the judge who has power over his/her case.  Of course, it would be less taxing for me to sit at my desk in New York and take part by telephone, rather than taking a 2 ½ hour jitney ride to Southampton, driving one hour to court, and one hour back to Southampton, before taking another jitney to the city.  If telephone conferencing were available to me, I would joyfully accept this technological improvement.   I am going into detail about my fairly common hearing impairment to save the Court's time in the future.

About twenty years ago, I consulted a doctor in Southampton who said that my incipient hearing impairment was genetic. I thought it was old age. But one of my four children began to suffer a hearing impairment at age 49. One of my 45-year-old twins told me today that people mumble (an early sign of a hearing impediment) so the Southampton doctor may have been right.  Genetic or old age, my hearing impairment is not curable, and it is progressive.

About five or six years ago, I went to an audiologist, paid $6,000, and was fitted with external hearing aids.   They were not very effective, but I did use them in restaurants or in crowded places, in regular conversation, and when watching television.  They helped a little, but so little that I lost them within a year or two and I lost my $6,000.

About fifteen to eighteen months ago, when I was going seriously deaf, I went to Dr. Roufos, an audiologist at 1421 Third Avenue and I chose the Lyric hearing aids which are put deep into the ear canal, and do not require daily maintenance.  They worked rather well, except on the telephone where I experienced a painful static.  Dr. Roufos gave me a cushion for the ear part of the telephone.  That ruined my telephone but it did eliminate the static and the pain.  The Lyric hearing aids worked well for months, until Fall 2012, when I suffered a painful infection in my left ear, followed in December by a painful infection in my right ear.  The left ear has been cured

-1-

(with ear drops costing over $150), and my left ear has been fitted with a new Lyric hearing aid. The right ear infection has not yet been cured.

Last Wednesday, 20 March, I had a morning appointment with Dr. Judy Washington Lee, an otolaryngologist at the NYU Langone Health Center at 207 East 84th Street, who vacuumed, from my right ear, some detritus from the ear infection and from the degraded Lyric hearing aid, but cautioned me that there was still soreness and tenderness where the detritus had been, so that I could not yet be fitted for a hearing aid in my right ear. I have an appointment with her on Wednesday 27 March, so she can determine whether my right ear is good enough to be fitted with a new hearing aid. I won't take another Lyric, because two ear infections are enough.

In these years, like many hearing impaired people, I have been increasingly dependent on sight. Thus, when I started law school at age 73 (JD in 2005, LLM in 2006), I managed by always sitting in the first row in every single class. Last Thursday evening, I went to a CLE at NYCLA, but I got there too late for a seat in the first row, and sat in the second. I understood every tenth word of an evening program for which I had paid $125, and in which I was seriously interested. The evening ended with my feeling tense, tired and uninformed, except for the printed hand-outs.

Recently, in Germany, we were given hand mikes, and the young woman interviewing me held hers right in front of her mouth. I did not understand another word she said, but I was able to converse, only because I knew the context. At the earliest, I explained my problem to her, and she held the mike to the side of her mouth. In spite of my hearing aids, when someone has his/her back turned to me while speaking, I don't even catch every tenth word. Across a dinner table in a restaurant, I can fake being part of the conversation, but, Lyric notwithstanding, do not understand what the person across the table is saying, although I can approximate it by watching that person's face. Lip-reading, caption reading on television are part of my way of coping.

Please let me know if you would like any additional information or documentation of the above facts. I am sure this Court is as eager as I am for the Procedural Due Process which the Constitution guarantees. I cannot end this letter without stating again how deeply grateful I am both to this Court and to Mssrs Redfern and Arntsen for having made possible the five-week delay in our schedule because of the terminal lung cancer with which the father of my four children was diagnosed this February. It has taken me longer than I thought to get back the emotional and intellectual equilibrium to conduct my part of this litigation. But I hope to work at full capacity by late next week, so that I am not asking for any additional scheduling adjustment.

FIRST CLASS MAIL                                          Respectfully submitted,

William Brown
27 Old Stamford Road                                      /s/ Evelyn Konrad
New Canaan, CT 06840                                      Evelyn Konrad, *pro se*
                                                          200 East 84th Street
ECF                                                       New York, NY 10028
                                                          212-585-1240
Other defendants' attorneys           -2-                 ek616367@cs.com

Case 2:12-cv-04021-JFB-AKT   Document 75   Filed 03/25/13   Page 3 of 3 PageID #: 1102

Case 2:12-cv-04021-JFB-AKT   Document 75   Filed 03/25/13   Page 3 of 3 PageID #: 1102