William Brown
27 Old Stamford Road
New Canaan, CT 06840

June 12, 2013

**Via *Pro Se* Office**

Honorable E. Thomas Boyle
United States Magistrate Judge
United States District Court for the E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

Re: Konrad v. Epley, et al
    Docket No. 12 CV 4021 (JFB)(ETB)

Honorable Judge Boyle:

My letter is a request for guidance and, respectfully, sanctions in response to plaintiff Evelyn Konrad's complete disregard for the Court's express Order and proper procedure.

The Court's Order dated March 14, 2013 (DE 74) was clear in that on "June 7, 2013: Opposition papers shall be served, with courtesy copy sent by email, by June 7, 2013." Each of the defendants followed the Court's instruction; plaintiff was provided electronic copy. Plaintiff has not provided email copy, despite my request of her on June 8, 2013 (including copy of the Court's Order) and again by counsel to the Quintins on June 10, 2013 and on June 11, 2013.

Even more troubling, Ms. Konrad's opposition papers reflect *three* memorandum of law directed at *each* of defendants' motion to dismiss, in complete disregard for the Court's instruction and rule. In particular, her 24 page memorandum of law addressed to me opens as follows:

> **This memorandum of law addresses the legal points made by the three motions to dismiss Plaintiff's case, and by the memorandum of law in support of those motions.** Each defendants' motion raises its own points, but there is overlap. Therefore, the memorandum of law submitted by Plaintiff in support of her answers in opposition to various defendants' motions to dismiss, will necessarily be repetitive in part. **In some instances, one memorandum will serve for more than one set of defendants' motions**

1

Honorable E. Thomas Boyle                                                                June 12, 2013

Re:   Konrad v. Epley, et al
      Docket No. 12 CV 4021

**to dismiss.** Each memorandum states which motion to dismiss it addresses. **For a complete rebuttal, all Plaintiff's memos of law must be read.** (emphasis added)

Further, her 19 page affirmation is riddled with legal theory, citation and argument. In essence, Ms. Konrad has submitted *four* memorandum of law in opposition to *each* motion to dismiss; totaling ~100 pages, when defendants were limited to 25 pages. Simply stated, plaintiff refuses to play by the rules.

Respectfully, plaintiff undertook her actions knowingly and in blatant disregard for the Court's express Order; sanctions are warranted. Further, given the confusion she has unnecessarily created a cloud of uncertainty relating to *which* papers defendants need address. Respectfully, I ask that defendants be allowed an additional day to serve and file our reply papers for each day past June 7, 2013 we lack clarity from the Court and electronic copy of plaintiff's proper opposition papers.

I would also like to inform the Court of a change in circumstance that may impact its determination of subject-matter jurisdiction. The property located at 17 Adams Lane, for which Ms. Konrad seeks injunctive relief, was sold in an arms-length transaction on April 12, 2013; copy of the deed of transfer attached.

   Respectfully,

   William Brown

cc:   Honorable Joseph F. Bianco
      via *Pro Se* Office; First-Class Mail, postage pre-paid

      Evelyn Konrad, Esq.
      via First-Class Mail, postage pre-paid

Copy

NY 005 - Bargain and Sale Deed with Covenant against Grantor's Acts Individual or Corporation (Single Sheet) (NYBTU 8002)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT - THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the 12th day of April, in the year 2013

BETWEEN

William Brown and Elichia Brown, his wife
27 Old Stamford Road
New Canaan, CT 06840

party of the first part, and

Roger Ahn and Steven Ahn, as joint tenants with rights of survivorship
55 Thompson Street, Apartment 6E
New York, NY 10012

party of the second part,

WITNESSETH, that the party of the first part, in consideration of Ten Dollars and other valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

DESCRIBED ON SCHEDULE A ATTACHED HERETO AND MADE A PART HEREOF.

BEING AND INTENDED TO BE THE SAME PREMISES CONVEYED TO WILLIAM BROWN AND ELICHIA BROWN, HIS WIFE, WHO ACQUIRED TITLE BY DEED FROM SHARON E. KERR, DATED NOVEMBER 30, 2007 AND RECORDED DECEMBER 14, 2007 IN LIBER 12533 CP. 714 IN THE OFFICE OF THE CLERK OF THE COUNTY OF SUFFOLK.

TOGETHER with all right, title and interest, if any, of the party of the first part of, in and to any streets and roads abutting the above-described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been incumbered in any way whatever, except as aforesaid.
AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.
The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

WILLIAM BROWN

ELICHIA BROWN

USE ACKNOWLEDGMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

State of New York, County of                             } ss.:

On the    day of                in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

USE ACKNOWLEDGMENT FORM BELOW WITHIN NEW YORK STATE ONLY:

State of New York, County of                             } ss.:

On the    day of                in the year
before me, the undersigned, personally appeared

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

ACKNOWLEDGMENT FORM FOR USE WITHIN NEW YORK STATE ONLY:
*(New York Subscribing Witness Acknowledgment Certificate)*

State of New York, County of                             } ss.:

On the    day of                in the year
before me, the undersigned, personally appeared

the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in

*(if the place of residence is in a city, include the street and street number, if any, thereof);* that he/she/they know(s)

to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

ACKNOWLEDGMENT FORM FOR USE OUTSIDE NEW YORK STATE ONLY:
*(Out of State or Foreign General Acknowledgment Certificate)*

State of CT., Fairfield } ss.:

*(Complete Venue with State, Country, Province or Municipality)*

On the 7th day of April in the year 2013
before me, the undersigned, personally appeared
WILLIAM BROWN and Elichia Brown,
personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), that by his/her/ their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the
State of Connecticut County of Fairfield

*(Insert the city or other political subdivision and the state or country or other place the acknowledgment was taken).*

*[signature]*
NOTARY

FLORENCE R CARBONE
NOTARY PUBLIC
CONNECTICUT
MY COMMISSION EXPIRES JANUARY 31, 2017

---

BARGAIN & SALE DEED
WITH COVENANTS AGAINST GRANTOR'S ACTS

TITLE NO. _____

**WILLIAM BROWN AND ELICHIA BROWN**

TO

**ROGER AHN AND STEVEN AHN**

FIDELITY NATIONAL TITLE
INSURANCE COMPANY
*INCORPORATED 1928*
*Appreciate the Fidelity Difference!*
Member New York State Land Title Association

DISTRICT 0904
SECTION 01.00
BLOCK 01.00
LOT 063.000
COUNTY OR TOWN SUFFOLK

*RECORDED AT REQUEST OF*
**Fidelity National Title Insurance Company**
*RETURN BY MAIL TO*

RESERVE THIS SPACE FOR USE OF RECORDING OFFICE

**Fidelity National Title Insurance Company**
TITLE NO. F13-7404-89547SUFF

**SCHEDULE A-1** (*Description*)

AMENDED 04/12/13

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Southampton, Town of Southampton, County of Suffolk and State of New York being bounded and described as follows:

BEGINNING at a point at the intersection of the northerly side of Adams Lane and the easterly side of land now or formerly of Robert and Diane Smith; said point also being 93.60 feet easterly from the extreme easterly end of an arc of a curve that connects the northerly side of Adams Lane with the easterly side of Rosko Drive as measured along the easterly side of Adams Lane the said curve having a radius of 32.46 feet and a length of 42.62 feet;

RUNNING THENCE from said point of beginning along said last mentioned land North 17 degrees 27 minutes 10 seconds East 172.12 to land now or formerly of Catherine Kiser and Mary M. Dick;

RUNNING THENCE along said land South 73 degrees 10 minutes 40 seconds East 115.06 feet to land now or formerly of William Antilety and Anne Denise Antilety;

RUNNING THENCE along land now or formerly of William Antilety and Anne Denise Antilety South 20 degrees 14 minutes 40 seconds West 196.97 feet to the northerly side of Adams Lane; and

THENCE along the northerly side of Adams Lane North 60 degrees 03 minutes 20 seconds West 108.00 feet to the point and place of BEGINNING.

*THE POLICY TO BE ISSUED* under this commitment will insure the title to such buildings and improvements on the premises which by law constitute real property.

*FOR CONVEYANCING ONLY:* Together with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

SCHEDULE A-1 (*Description*)
Rev. (03/04)