# DEVITT SPELLMAN BARRETT, LLP
## ATTORNEYS AND COUNSELLORS AT LAW
50 Route 111
Smithtown, New York 11787
Phone: (631) 724-8833
Fax: (631) 724-8010
Email: info@devittspellmanlaw.com

| | |
|---|---|
| THOMAS J. SPELLMAN, JR. | ANDRE N. POULIS |
| WILLIAM J. BARRETT | JOHN M. SHIELDS |
| KEVIN M. SPELLMAN | ANNE C. LEAHEY |
| JELTJE de JONG | |
| FRANCIS J. TIERNEY | STEPHAN D. TRACE |
| DAVID S. PALLAI | KELLY E. WRIGHT |
| JOHN M. DENBY | NICHOLAS M. BRINO |
| DAVID H. ARNTSEN | CHARLES W. BORGHARDT |
| KENNETH M. SEIDELL | JOSHUA S. SHTEIERMAN |
| | DANIEL L. ADAMS |
| | BRIAN J. McCALL |
| _Retired_ | |
| JOSEPH P. DEVITT | _Of Counsel_ |
| | STEFANIE AFFRONTI |
| | DEBORAH C. ZACHARY |

June 26, 2013

**VIA ECF**

Honorable Magistrate Judge E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re:   Konrad v. Epley, et al.
       Docket No. 12 CV 4021

Honorable Magistrate Judge Boyle:

We are the attorneys for the defendants, Elbert Robinson, Mark Epley and Paul Robinson, in the referenced matter. We write in strenuous opposition to the plaintiff's most recent frivolous application to the Court, filed on the ECF docket at 96, in which she requests sanctions against defendant, Elbert Robinson, on a completely unfounded and frivolous suggestion, "made upon information and belief", that Mr. Robinson is "ghostwriting" defendant Brown's legal papers in this case. Defendant Elbert Robinson also requests that the Court respectfully recognize the frivolity of the plaintiff's attorney's continuous barrage of meritless applications, of which the most recent is just another example. It is, therefore, respectfully requested, pursuant to the Court's authority under 28 U.S.C.A. §1927, that this Court order that the plaintiff satisfy the excess costs, expenses and attorney's fees reasonably incurred because of the plaintiff attorney's unreasonable and vexatious multiplication of the proceedings in this case with meritless and frivolous applications, and that a hearing be scheduled so that Robinson may present his case to the Court to justify the amount of attorney time and expense necessitated by plaintiff's misconduct, as well as to the falsehoods she has suggested about his conduct.

Honorable Magistrate Judge E. Thomas Boyle            2            June 26, 2013
United States District Court
Eastern District of New York

Re:     Konrad v. Epley, et al.
        Docket No. 12 CV 4021

As the Court is well aware, 28 U.S.C.A. §1927 provides that:

> Any attorney or other person admitted to conduct cases in any Court of the United States or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

The standard for the imposition of sanctions under §1927 requires the Court to make a finding of conduct constituting or akin to bad faith. See, Star Mark Management, Inc. v. Koon Chun Hang Kee Soy & Sauce Factory, 682 F. 3d 170, 178 (2nd Cir. 2012). This Court's review of the docket will reflect that the attorney plaintiff has made multiple motions for leave to file excess pages despite the Court's ruling denying her such relief, as well as several other motions and/or accusations of misconduct contained within other letters to the Court, as follows:

- Docket Entry 17 – Plaintiff's letter accusing defendant Brown of making misstatements to the Court;
- Docket Entry 47 – Motion for leave to file excess pages (granted and denied in part by the Court);
- Docket Entry 55 – Plaintiff's false accusation that defense counsel failed to timely file their Motion to Dismiss based upon plaintiff's ignorance of the Court's rules;
- Docket Entry 80 – Plaintiff's Motion to Compel, in actuality a letter seeking to improperly argue in substance against the defendants' Motions to Dismiss;
- Docket Entry 84 – Plaintiff's frivolous motion to "Compel Asbestos Abatement", which was followed by;
- Docket Entry 85 – Plaintiff's second frivolous motion to compel a "Moratorium for Asbestos Procedures";
- Docket Entry 94 – Plaintiff's letter for a "clarification" attributing her own failure to understand the Court's rules on her opponent's failure to "clear up plaintiff's misunderstanding of the term fully briefed", and most recently;
- Docket Entry 96 – Today's Motion for Sanctions based upon the allegation that defendant Brown's papers in this case have been "ghostwritten" by defendant, Elbert Robinson.

As the Court can readily see from the foregoing, it has been the plaintiff's *modus operandi* in this case to barrage the litigants and the Court with requests for "clarification" and repetitive motions premised upon her inexcusable ignorance of Court Rules and Procedures, even going so far as to assail the Court's Pro Se Office for failing to promptly respond to her inquiries. The Court must make this pattern and practice of the plaintiff stop, which, it is respectfully submitted, will not happen unless the plaintiff is ordered to bear the costs of such vexatious practices.

Honorable Magistrate Judge E. Thomas Boyle 3 June 26, 2013
United States District Court
Eastern District of New York

Re: Konrad v. Epley, et al.
    Docket No. 12 CV 4021

Needless to say, in substance, the plaintiff's current allegation, *i.e.*, that defendant Robinson is somehow "ghostwriting" the papers of defendant Brown, which is unsupported by any fact and made upon information and belief, which belief is only based upon the assertion that plaintiff "recognizes" defendant Robinson's "style," is categorically false. Based upon this paltry notion, the plaintiff makes the false accusation that Robinson has made "misstatements" to the Court. This baseless and false allegation alone should subject plaintiff to strict sanctions from the Court.

The Second Circuit has held that an award under §1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for improper purpose such as delay. In Ray 60 East 80th Street Equities, Inc., 218 F. 3d 109, 115 (2nd Cir. 2000), citing United States v. International Board of Teamsters, 948 F. 2d 1338, 1345 (2nd Cir. 1991). Let there be no doubt that the plaintiff's repeated course of conduct in this Court as outlined above has been done for no other purpose other than to delay the Court's consideration of the defendants' motions to dismiss, with the design of maligning the defendants, as well as their counsel, in an attempt to prejudice the Court against the dismissal of the baseless causes of action asserted in a Complaint and Proposed Amended Complaint.

It is, therefore, respectfully requested that the Court deny the plaintiff's application in its entirety, and award to the defendant, Elbert Robinson, costs, expenses and attorney's fees that were reasonably incurred because of the plaintiff's conduct herein, along with such other relief the Court seems just and proper.

The Court's consideration of this matter is greatly appreciated.

                                                Respectfully submitted,

                                                DEVITT SPELLMAN BARRETT, LLP

                                                /S/

                                                David H. Arntsen

DHA/jal
cc (via ECF):
Evelyn Konrad
200 East 84th Street
New York, NY 10028

Kayser & Redfern, LLP
515 Madison Avenue, 30th Floor
New York, NY 10022

| | | |
|---|---|---|
| Honorable Magistrate Judge E. Thomas Boyle<br>United States District Court<br>Eastern District of New York | 4 | June 26, 2013 |

Re:   Konrad v. Epley, et al.
      Docket No. 12 CV 4021


Scarola Malone & Zubatov, LLP
1700 Broadway, 41st Floor
New York, NY 10019

Via First Class Mail
William Brown
27 Old Stamford Road
New Canaan, CT 06840