Evelyn Konrad
18 So. Rosko Drive
Southampton, New York 11968
631-283-4407
ek616367@cs.com

19 July 2013

Hon. Magistrate Judge E. Thomas Boyle
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

Re: *Konrad v. Epley et al.*
Docket: 12-cv-04021 (JFB)(ETB)

RE: Requesting Court to reconsider
And Grant Motion for Partial
Summary Judgment v Denis Guerin

Dear Judge Boyle;

I respectfully ask this Court to reconsider its decision to postpone my Motion for partial Summary Judgment for fraud v. Denis Guerin (without prejudice) for a number of reasons. To preserve this Court's time, I am only showing highlights of the reasons why this Court may want to hear this Motion for Partial Summary Judgment for fraud v. defendant Denis Guerin. The reasons include, but are not limited, to the following:

1. To decide this Motion, the Court would not even have to consider whether the disputed 10 November 2005 zoning amendment, turned into local law with the 11 November 2005 mailed filing, is (a) legal; or (b) cannot be adjudicated because of the Statute of Limitations, even though it is still being daily used to continue the deception and violate Plaintiff's rights.

2. The frauds alleged to have been committed are limited, in this Motion for Partial Summary Judgment v. Denis Guerin, to the claim maintained on his behalf that his property at 7 South Rosko Drive, directly across from Plaintiff's property at 18 So. Rosko Drive and therefore impacting on her property rights as well as her Constitutional rights, to those fraudulent claims. That defendant Denis Guerin was unjustly enriched by being granted, by the ARB, the application for a "McMansion" in place of the ranch that occupies this 7 So. Rosko Place land.

3. This defendant's lawyers have continuously violated this Court's orders, and the stipulation which Plaintiff filed with this Court about entering the papers ordered by this Court and agreed upon between Plaintiff and D. Redfern, partner in Kyser & Redfern, the law firm representing Denis Guerin.

Indeed, as the excerpt from the transcript of the 7 December pre-motion conference shows, even this extremely patient Court finally showed some irritation with this defendant's and his representative's lack of preparation for the conference, as to wit, starting on page 20 and

-1-

line 23 of the transcript by Terri Gribben's Transcription Service:

l. 23: THE COURT: and do you have issues?
l.24: MR. FOLEY, who identified himself in lines 4-5 of the same page, as representing Mr. Guerin, as follows:   I am from Denis Guerin's office representing the defendant. . .
l.24  MR. FOLEY: His position at this time is that he would like to make a motion to dismiss.
 THE COURT: That's why I asked you the issues.
 MR. FOLEY: The issues, we don't know what the issues are, Your Honor. His house is a small house.
 THE COURT: You don't know what the issues are, but you want to make a motion to dismiss, is that your position?
 MR. FOLEY: Well, the Plaintiff is claiming. . .
 THE COURT: I'm going to have to deny your application if that's what your position is at this conference.
 MR. FOLEY: No, that's not our position, Your Honor. Our position is, is that his house in its current state is not a mcmansion, as plaintiff is alleging. And his further position is that. . .
 THE COURT: What is the name of your client?
 MR. FOLEY: Denis Guerin.
 THE COURT: Go ahead.
 MR. FOLEY: As far as the zoning requirements, Mr. Guerin believes that his house does come under the relevant zoning requirements and is valid for all purposes.
 THE COURT : You did not put much preparation into this conference, did you?
 MR. FOLEY: Is that a specific question –
 THE COURT: It's the pre-motion conference.
 MR. FOLEY: I understand that, Your Honor.
 THE COURT: You're supposed to advise the Court what the issues are that you want to raise and/or discuss.
 MR. FOLEY: We're alleging the same issues that the other defendants are alleging as well.
 THE COURT: Thank you. And last, but not least, we have the pro se defendant on the phone. [END of DENIS GUERIN discussion.]

4. Under *respondeat superior* and the cases about Principal liability for agent's frauds which Plaintiff submitted with the original request for this Court to grant her Motion for Partial Summary Judgment v. Denis Guerin, Plaintiff's key interest in the prosecution of this motion is to assure that Denis Guerin's non-stated oppositions to Plaintiff's Motion for Leave to Amend her Complaint, and his procedurally lacking motions to dismiss will not result in defendant Guerin to be dismissed from this litigation.

A key purpose for this Motion for Partial Summary Judgment for Fraud v. Denis Guerin (doc. 113) is to make sure that the documents submitted with the request for the motion will be part of the Court Record of this case and this litigation. This precautionary step is intended to

insure that there would be a complete Record on Appeal for the Second Circuit Court of Appeals in the highly unlikely eventuality that Judge Bianco, with our without such a recommendation from this Court, might dismiss Plaintiff's Amended Complaint, and the suit at bar.

Respectfully submitted,

*Evelyn Konrad*

Evelyn Konrad

ecf

FIRST CLASS
Magistrate Judge E. Thomas Boyle

Wm. Brown   (Is this necessary?)
27 Old Stamford Road
New Canaan, CT 06840