Evelyn Konrad
18 So. Rosko Drive
Southampton, NY 11968
631-283-4407
ek616367@cs.com

21 August 2013

Hon. Judge Joseph E. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Konrad v. Epley et al.*
Docket No. 12-cv-4021 (EJB)(AKT)

Request for Court Ruling

Dear Judge Bianco:

Plaintiff herewith respectfully asks the Court to refer to the relevant evidence in the public docket No. 14 (attachment 1 hereto) and No. 15 (attachment 2 hereto), and consider them in its final determination, since they were (1) ignored, or (2) misstated by Magistrate Boyle's R&R, and are brought to mind by Mr. Brown's document 129. In docket No. 14, Mr. Brown, in an attempt to deny having been properly served, makes the following misstatement to the Court in his letter to Judge Bianco dated 14 September 2012, in lines 1-2 of his second paragraph:

> ". . . the above-mentioned address relates to an investment property. . ." referring to his sole residence from 2009 through 2012 at 17 Adams Lane.

In Docket No. 15, plaintiff presents evidence of defendant Brown's misstatement, including his own letter to the editor of *The Southampton Press* dated 24 December 2009, attachment 1 to plaintiff's letter to Judge Biance, dated 20 September 2012, quoting from Mr. Brown's letter:

> "We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes. We're not spec builders, not that it's relevant. We live here full-time, raising a family and have enjoyed getting to know others in the area."

Plaintiff included additional evidence of Mr. Brown's misstatements to Judge Bianco in that same docket No. 15. However, no reprimand was ever forthcoming for these clear misstatements either from Judge Bianco or from Magistrate Judge Boyle. Judge Boyle dismisses plaintiff's evidence above as having been previously heard, but the issue of defendant Brown living at 17 Adams Lane had never been at issue in the defamation case, nor was it in doubt in the fraud case presented to Judge Mayer. It did not become an issue, until Mr. Brown wrote his 14 September 2012 letter to Judge Bianco, implying that 17 Adams Lane was and had been an investment property, which he himself had denied in his public statement above.

As for Mr. Brown's most recent pot-shots at plaintiff in his Docket No. 129, plaintiff made the

-1-

same error of misunderstanding the bundle rule as did attorney Daniel C. Malone, and made a lesser mistake in the excessive number of pages in her answer to Epley, Robinson and Robinson motion to dismiss (four pages), than did Mr. Arntsen, attorney for Epley, Robinson and Robinson.

Plaintiff's Amended Complaint was the first motion for leave to amend the complaint, other than the request to add Mrs. Elichia Brown, defendant Brown's wife, as a defendant based on her co-ownership of the 17 Adams Lane property, and her signature of the fraudulent testimonial letter to the ARB, dated 14 December 2009, (Exhibit 12 to Plaintiff's original complaint.) The letter claims that chunks of the Rosko Place subdivision are not part of it, despite the dispositive descriptive plan for the Rosko Place subdivision filed by developer Leo Rosko with the Suffolk County Clerk in August 1956, and approved by the Village of Southampton Planning Board in three separate geographic sections, with the 17 Adams Lane property part of the first approved and certified map (Exhibit 8 to Plaintiff's original complaint.) Both of these exhibits are part of Docket No. 1, the original complaint, submitted on 13 September 2012.

In spite of the evidence of defendant Brown's "misstatement" to Judge Bianco, and in spite of the dispositive evidence of Elichia Brown's participation in a fraudulent claim to a government body, namely the ARB, this Court has made no comment about either. Plaintiff respectfully asks this Court to make an adjudication about defendant Brown's and Elichia Brown's truthfulness, and to take into consideration (among some 1,000 government documents ignored in Magistrate Boyle's R&R) at the very least the documents cited above (from plaintiff's original complaint, Docket No. 1, filed on 13 August 2012.)

As for the balance of the documentation that the Rosko Place subdivision is an approved and certified entity of 67 lots (most of them developed) and the New York State Law, Village Law §§ 7-720 through 7-730, quoted by plaintiff and ignored by Magistrate Judge Boyle, will be referred to in plaintiff's objections to the R&R. In the meantime, plaintiff does respectfully request that this Court include the above evidence in its record and in its deliberation.

DATE:  Southampton, New York
       21 August 2013

ecf and FIRST CLASS MAIL

Respectfully submitted,

Evelyn Konrad

Hon. Judge Bianco (courtesy copy)

pro se defendant William Brown
            27 Old Stamford Road
            New Canaan, CT 06840

Case 2:12-cv-04021-JFB-AKT Document 14 Filed 09/18/12 Page 1 of 2

William Brown
27 Old Stamford Road
New Canaan, CT 06840
(203) 966-5753

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2012 ★
LONG ISLAND OFFICE

September 14, 2012

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

Honorable Judge Bianco:

My name is William Brown and, while reserving all rights and defenses as a named *pro se* defendant in the above-referenced matter, it is my desire to clarify and crystalize certain facts for the Court. It is my understanding that the plaintiff attempted service on me August 16, 2012 at 17 Adams Lane in Southampton, NY 11968. I was not personally served and this address does not represent my *dwelling or usual place of abode*.

As indicated in my Answer, which was filed with the Court on September 4, 2012, the above-mentioned address relates to an investment property currently listed for sale and/or rent. My family resides in New Canaan, CT, which has been my residence since prior to any attempted service; each of my two daughters attend school in New Canaan and my address may be easily confirmed via numerous third-party sources available to the plaintiff.

Respectfully, I do not accept that plaintiff has properly served me as of this date. Should the plaintiff desire my participation in this proceeding, it my expectation to be properly served; the plaintiff is welcome to serve me personally at the address in my Affirmation of Service or, as I frequently travel, pursuant to Federal Rule of Civil Procedure 4(d), if properly made.

In the absence of proper service, it would be my expectation to file a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure for improper service, among other reasons. As the Court is no doubt aware, plaintiff is a licensed and practicing attorney in good standing. For this

Honorable Judge Bianco   September 14, 2012

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

reason, I respectfully request the Court to dispense with the procedural considerations or deferential review ordinarily afforded to the plaintiff as a *pro se* litigant.

Thank you in advance for your consideration.

Regards,

William Brown

CC:  Evelyn Konrad, Esq.
     via First-Class Mail, postage pre-paid

Evelyn Konrad
Attorney-at-Law
18 So. Rosko Drive
Southampton, New York 11968
631-283-4407
212-585-1240
ek616367@cs.com

20 September 2012

Hon. Joseph F. Bianco
Eastern District Court of New York
100 Federal Plaza
Central Islip, NY 11722

RE: Konrad v. Epley, et al.
Docket No. 12 CV 4021
Via ECF

Dear Judge Bianco:

I am writing in answer to the letter to you from William Brown, dated September 14, 2012, disputing the valid affidavit of service for process served on defendant Brown's wife Elichia in their then-home at 17 Adams Lane in Southampton on August 15, 2012.

William Brown's statement that his "family resides in New Canaan, Ct., which has been my residence since prior to any attempted service" is a misstatement. In his letter to this court, Mr. Brown denies that 17 Adams Lane is or was his "dwelling" or "legal place of abode," claiming 17 Adams Lane as "an investment property." I am attaching a redacted letter to the editor by Mr. Brown, The Southampton Press dated 24 December 2009, in which he states (attachment 1):

> "We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes. We're not spec builders, not that it's relevant. We live here full time raising a family and have enjoyed getting to know others in the area."

The same process server served William Brown's wife, Alicia aka Elichia Brown, at the same address, 17 Adams Lane in the Rosko neighborhood or subdivision of Southampton Village, on February 15, 2010, and Mr. Brown did not dispute the service. (Attachment 2)

Until Spring 2012, when William Brown bought a property in New Canaan, the 17 Adams Lane address was his only legal residence, and, as shown by my email to two friends dated 20 August 2012, he appears not to have moved from that address until August 20, five days after my process server served his wife, Elichia, in their home at 17 Adams Lane, in front of his daughter. In the email I refer to in the previous sentence (attachment 3), I state:

> "when I got back from grocery shopping around 6 or so pm, I thought I saw a large moving truck in the Brown driveway. . ."

-1-

Do this letter and the three attachments put this service dispute to rest?

Respectfully submitted,

*Evelyn Konrad*

Evelyn Konrad

Attachments 1. Redacted Brown Letter to the Editor, The Southampton Press, 24 December 2009
2. Affidavit of service William Brown, accepted by his wife, on February 19, 2010
3. Copy of 20 August 2012 email by Plaintiff Konrad to friends noting a moving van in the 17 Adams Lane driveway for Elichia and William Brown

cc: By U.S. Mail: Courtesy Copy to Judge Joseph F. Bianco
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

By U.S. Mail to William Brown
27 Old Stamford Road
New Canaan, CT 06840

687 Oanoke Ridge
New Canaan, CT 06840

Case 2:12-cv-04021-JFB-AKT   Document 131   Filed 08/21/13   Page 7 of 9 PageID #: 3373
Case 2:12-cv-04021-JFB-AKT   Document 15   Filed 09/20/12   Page 3 of 5 PageID #: 267

Plant a tree                                                                 1/13/10 7:45 PM

Publication: Southampton Press - Eastern; Date: Dec 24, 2009; Section: Letters to the Editor; Page: A15 

## Plant a tree

We live in the Rosko neighborhood and built one of the houses Evelyn Konrad opposes. We're not spec builders—not that it's relevant. We live here full time raising a family and have enjoyed getting to know others in the area.

We're new to the village and process, starting with an empty lot. This was our first house. We hired a wonderful architect tasked with designing a house for a growing family, but traditional and cottage-like in style.

**WILLIAM BROWN**

Southampton

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

Date Filed: February 18, 2010
Court Date:
Assigned Justice:

ATTORNEY(S): EVELYN KONRAD, ESQ. PH: 212-585-1240
ADDRESS: 200 E. 84th ST NEW YORK NY 10028 File No.:

**EVELYN KONRAD**

vs.

**WILLIAM BROWN**

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

STATE OF NEW YORK, COUNTY OF SUFFOLK SS.:

PATRICIA CONROY, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in New York State. On Friday, February 19, 2010 at 10:27AM. at 17 ADAMS LANE SOUTHAMPTON, NY 11968 deponent Served the within

**SUMMONS WITH NOTICE**

on: WILLIAM BROWN Defendant therein named.

The index number and the filing date of the action were endorsed upon the face of the papers so served herein.

#1 INDIVIDUAL [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person.

#2 CORPORATION [ ] By delivering to and leaving with _____ and that deponent knew the person so served to be the authorized agent of the corporation, and said person stated that he/she was authorized to accept service on behalf of the corporation.

#3 SUITABLE AGE PERSON [X] By delivering a true copy of each to ALICIA BROWN - WIFE a person of suitable age and discretion. Said premises is recipient's- [ ] actual place of business [X] dwelling house (usual place of abode) within the state.

#4 AFFIXING TO DOOR [ ] By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called thereat
on ___ at ___
on ___ at ___
on ___ at ___
on ___ at ___
Address confirmed by ___

MAR - 3 2010

#5 MAIL COPY [X] On 2/23/2010, deponent completed service under the last two sections by depositing a true copy of each document to the above address in a 1st Class postpaid properly addressed envelope not indicating that mailing was from an attorney or concerned legal action and marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

#7 DESCRIPTION [X] (use with #1, 2 or 3) A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
Sex: Female Color of skin: White Color of hair: Blonde Age: appx. 30'S Height: appx. 5'4"
Weight: appx. 140 Other Features: ___

#8 WIT. FEES [ ] the authorized witness fee and / or traveling expenses were paid (tendered) to the recipient.

#9 MILITARYSRVC [X] Your deponent asked person spoken to whether the defendant was in the active military service of the United States or N. Y. State and received a negative reply. Upon information and belief I have; being based on the conversation and observations above narrated, defendant is not in the military service.

#10 OTHER [ ]

Sworn to before me on this 23 day of FEBRUARY, 2010

DIANNE GONZALEZ-PRINGLE
NOTARY PUBLIC, State of New York
No. 01GO6025621, Qualified in Suffolk County
Term Expires June 01, 2011

PATRICIA CONROY
Server's Lic #
InvoiceWorkOrder 0956168

ONE WORLD JUDICIAL SERVICES, INC. - P.O. BOX 93 - DEER PARK, NY 11729 (631.667.8260)



**Brown moving?**

From: ek616367 <ek616367@cs.com>
To: efoxmd <efoxmd@optonline.net>; esallyc <esallyc@optonline.net>
Date: Mon, Aug 20, 2012 7:24 pm

Hi friends:
when I got back from grocery shopping around 6 or so this pm, I thought I saw a large moving truck in the Brown driveway. if either of you knows anything about that, it would, of course, be helpful.

In the meantime, he got off scott-free, and I've been damaged.

Love, Evelyn