# DEVITT SPELLMAN BARRETT, LLP
## ATTORNEYS AND COUNSELLORS AT LAW
50 Route 111
Smithtown, New York 11787
Phone: (631) 724-8833
Fax: (631) 724-8010
Email: info@devittspellmanlaw.com

| | |
|---|---|
| THOMAS J. SPELLMAN, JR. | ANDRE N. POULIS |
| WILLIAM J. BARRETT | JOHN M. SHIELDS |
| KEVIN M. SPELLMAN | ANNE C. LEAHEY |
| JELTJE de JONG | |
| FRANCIS J. TIERNEY | STEPHAN D. TRACE |
| DAVID S. PALLAI | KELLY E. WRIGHT |
| JOHN M. DENBY | NICHOLAS M. BRINO |
| DAVID H. ARNTSEN | CHARLES W. BORGHARDT |
| KENNETH M. SEIDELL | JOSHUA S. SHTEIERMAN |
| | DANIEL L. ADAMS |
| | BRIAN J. McCALL |
| _Retired_ | _Of Counsel_ |
| JOSEPH P. DEVITT | STEFANIE AFFRONTI |
| | DEBORAH C. ZACHARY |

August 22, 2013

**Via ECF**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

     Re:    Konrad v. Epley, et al
               Docket No. 12 CV 4021

Honorable Judge Bianco:

     We are attorneys for the defendants Epley, Robinson and Robinson. I write in vigorous opposition to the attorney plaintiff, Evelyn Konrad's, latest exercise in vexatious litigation practice: a motion for a protective order from "harassment", purportedly coming from my office and my clients. The attorney plaintiff uses these preposterous allegations of harassment as cover for her own continued practice of making frivolous applications, as well as her second request for an extension of time to file objections to the Report and Recommendations of Magistrate Judge Boyle (DE 126). In the Report, Magistrate Judge Boyle recommended a complete dismissal of the plaintiff's complaint and denied her motion for leave to amend the complaint. This Court, by order dated August 9, 2013, has already granted the attorney plaintiff additional time to file her objections through September 4, 2013.

     For reasons that will follow, it is respectfully requested that this Court deny in its entirety the plaintiff's motion for a protective order and extension of time to file objections to Magistrate Judge Boyle's Report and Recommendations, and that the Court affirmatively impose sanctions

Honorable Judge Joseph F. Bianco            2                    August 22, 2013
United States District Court
Eastern District of New York

      Re:    Konrad v. Epley, et al
            Docket No. 12 CV 4021

against the attorney plaintiff in the amount of $5,000 for her continued vexatious and malicious burdening of the Court and the litigants herein with baseless motion practice, in accord with 28 U.S.C. §1927.

      The underlying factual scenario which gives rise to the instant motion is quite simple, even though the plaintiff has tried to disguise its simplicity by filing two pages of nonsense in an attempt to obfuscate the truth.  My clients' insurer, The New York Municipal Insurance Reciprocal, mistakenly sent a check, intended to pay this firm's legal bills, to the plaintiff.  The insurer notified this office of the mistake, and both the insurer and this office attempted to obtain the check back from the plaintiff.  Rather than take the simple step of placing the check in an envelope and returning it to its source and/or the firm of the undersigned as agent for the insurer, the plaintiff involved her accountant in the proceedings and put him in touch with the insurer.  This office never spoke with the accountant and would have no reason to.

      It is beyond any reasonable person's expectations to think the simple act of a mistakenly mailed check would give rise to the need to involve multiple individuals and, least of all, this Court.  Rather than take the most obvious, the most honest, and the most expedient step, the plaintiff has sought to use the mistaken payment as subterfuge for another maligning attack on the undersigned and his clients and to disguise her delay in preparing her objections to Magistrate Judge Boyle's Report and Recommendations.  Any allegation of harassment by the attorney plaintiff herein is preposterous and slanderous.

      In his Report and Recommendations, at "X", Magistrate Judge Boyle carefully, yet sternly, admonished the plaintiff from engaging in vexatious and harassing behavior, noting that the District Court "has the inherent right to issue an injunction preventing the plaintiff from engaging in vexatious proceedings".  Magistrate Judge Boyle noted the plaintiff's "voluminous filings in this case", and stated that they "have grown so unmanageable that the Court was compelled to enter an order prohibiting the submission of any further filings without leave".

      Magistrate Judge Boyle went on to note the following:

> "Based on plaintiff's conduct both in this case and in the prior state court litigations, I find that plaintiff has engaged in a pattern of 'vexatious litigation' (citations omitted).  The vexation, harassment and needless expense to the Village and the homeowners of the Rosko Place subdivision has persisted long enough (citations omitted).  It is my recommendation that plaintiff be warned that any further attempts to use her status as a licensed attorney to further harass the Village and her neighbors will 'result in the issuance of an order barring the acceptance of any future complaints without plaintiff's first obtaining leave of this

Honorable Judge Joseph F. Bianco     3     August 22, 2013
United States District Court
Eastern District of New York

      Re:    Konrad v. Epley, et al
           Docket No. 12 CV 4021

           Court'...and will also lead to sanctions pursuant to 28 U.S.C. §1927".

    It is respectfully submitted that the plaintiff has clearly ignored Magistrate Judge Boyle's admonishment. Since the issuance of the Report and Recommendations, the plaintiff has filed no less than three motions to this Court (DE 128, 131 and 132). It is respectfully submitted that it is time for this Court to impose a monetary sanction of $5,000, or such other sum as the Court deems just, against the attorney plaintiff in order to persuade her to cease her frivolous and vexatious litigation tactics.

    As such, it is respectfully requested that the Court (1) deny plaintiff's motion in its entirety, (2) direct plaintiff to return the check she has received in error to NYMIR immediately, and (3) issue sanctions as requested herein, along with such other and further relief as to the Court seems just and proper.

    The Court's consideration of this matter is greatly appreciated.

                Respectfully submitted,

                DEVITT SPELLMAN BARRETT, LLP

                /S/

                David H. Arntsen

DHA:eo'r
cc (Via ECF):
Evelyn Konrad
200 East 84th Street
New York, NY 10028

Kayser & Redfern, LLP
515 Madison Avenue, 30th Floor
New York, NY 10022

Scarola Malone & Zubatov, LLP
1700 Broadway, 41st Floor
New York, NY 10019

cc (Via First Class Mail):
William Brown
27 Old Stamford Road
New Canaan, CT 06840