William Brown
27 Old Stamford Road
New Canaan, CT 06840

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ SEP 03 2013 ★
LONG ISLAND OFFICE

August 30, 2013

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RECEIVED
SEP 0 - 2013
EDNY PRO SE OFFICE

Re: Konrad v. Epley, et al
Docket No. 12 CV 4021

Honorable Judge Bianco:

My letter is in reply and opposition to plaintiff's letter motion dated August 21, 2013, requesting sanctions against me (DE-131), and for my request for sanctions against Ms. Konrad. The basis for plaintiff's motion, that I mischaracterized our former property at 17 Adams Lane in Southampton, NY as an investment property, is lacking in a good-faith basis in law and fact, and is moot.

Ms. Konrad would have the Court believe she is privy to my personal activities, but she it not. Her sole basis for the claim is my letter to the editor dated December 24, 2009, at which time my family was living in Village of Southampton. Subsequently, our needs changed and the property was listed with The Corcoran Group for rent and for sale. After nearly three years and prior to any attempted service, we rented a property in New Canaan, CT; the same address as shown on the docket, this letterhead and where my family presently resides.[1]

---

[1] If it would please the Court, I would be happy to provide documentation of these facts, but would otherwise prefer to not publicly disclose our personal affairs in rebuttal of the one person, Ms. Konrad, who knows the very least of my family's personal goings-on.

1

Honorable Judge Joseph F. Bianco                                          August 30, 2013

Re:     Konrad v. Epley, et al
        Docket No. 12 CV 4021

In any event, the matter is moot. My motion to dismiss plaintiff's complaint, as against me, did not raise the issue of service as grounds for dismissal; nor does Magistrate Judge Boyle's Report and Recommendation ("R&R"). Ms. Konrad's sole purpose for her action is to harass me, distract from the fact that she failed to properly file my papers in opposition to her motion to amend, as required by Magistrate Judge Boyle's bundle rule, and in an attempt to draw the Court's attention away from the R&R's finding that Ms. Konrad has used her status as a licensed attorney to engage in a pattern of "vexatious litigation" against me, among others.

Her false allegation and motion for sanctions is lacking in a good-faith basis in law and fact, just as Magistrate Judge Boyle found her baseless allegation of ghost-writing, as directed against me, and is a clear violation of the relevant rules of conduct. _See_ New York State Bar Association ("NYSBA") Rules of Professional Conduct, Rule 3.1(a)[2]; _see also_ Eastern District of New York Local Civil Rule 1.5(b)(5) (noting that attorneys admitted to practice in the Eastern District may be disciplined for failure to adhere to the NYSBA Rules of Professional Conduct in their conduct before this Court); _see also_ Rules of Professional Conduct, Rule 3.2.[3]

Magistrate Judge Boyle concluded that Ms. Konrad's "vexation, harassment, and needless expense….has persisted long enough". In the event the Court was not aware, my family and I have been subject to Ms. Konrad's harassment for more than _five_ years, spanning three lawsuits.

Despite what can only be interpreted as a stern warning from Magistrate Judge Boyle to Ms. Konrad, her improper conduct continues. Absent the Court sanctioning her actions, she has proven time and again that her misconduct will continue.

---

[2] RPC Rule 3.1(a), Comment [2]. The filing of a claim or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery. Lawyers are required, however, to inform themselves about the facts of their clients' cases and the applicable law, and determine that they can make good-faith arguments in support of their clients' positions. Such action is not frivolous even though the lawyer believes that the client's position ultimately will not prevail. The action is frivolous, however, if the action has no substantial purpose other than to harass or maliciously injure a person, or if the lawyer is unable either to make a good-faith argument on the merits of the action taken or to support the action taken by a good-faith argument for an extension, modification or reversal of existing law (which includes the establishment of new judge-made law).

[3] RPC Rule 3.2, Comment [1]. Dilatory practices bring the administration of justice into disrepute. Such tactics are prohibited if their only substantial purpose is to frustrate an opposing party's attempt to obtain rightful redress or repose. It is not a justification that such tactics are often tolerated by the bench and bar. The question is whether a competent lawyer acting in good faith would regard the course of action as having some substantial purpose other than delay or needless expense. Seeking or realizing financial or other benefit from otherwise improper delay in litigation is not a legitimate interest of the client.

Honorable Judge Joseph F. Bianco						August 30, 2013

Re:	Konrad v. Epley, et al
	Docket No. 12 CV 4021

Respectfully, I request the Court to sanction Ms. Konrad for her continued and inappropriate conduct and to put an end to the abuse of her status as a licensed attorney, to advance frivolous actions, and her harassment of me and my family.

Respectfully,

William Brown

cc:	Evelyn Konrad, Esq.
	*via* First-Class Mail, postage pre-paid

William Brown
27 Old Stamford Road
New Canaan, CT  06840

RECEIVED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

SEP 03 2013 ★

LONG ISLAND OFFICE

WESTCHESTER NY 105

30 AUG 2013 PM 6 L



Freedom FOREVER

**Via *Pro Se* Office**

Honorable Judge Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

1172234438