UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EVELYN KONRAD,

                              Plaintiff,

– against –

MARK EPLEY, Individually and in his capacity as Mayor of the Village of Southampton; PAUL ROBINSON, Individually and as former Trustee of the Village of Southampton; ELBERT W. ROBINSON, Jr., Individually, and in his capacity as Assistant Attorney for the Village of Southampton; WILLIAM BROWN; DENIS GUERIN; and DONALD and MELINDA QUINTIN,

                              Defendants.

Case No. 12 Civ. 4021 (JFB) (ETB)

Hon. Joseph F. Bianco

# RESPONSE OF DEFENDANTS DONALD AND MELINDA QUINTIN TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Dated: New York, New York
       September 27, 2013

Daniel C. Malone
SCAROLA MALONE & ZUBATOV LLP
1700 Broadway, 41st Floor
New York, New York 10019
Tel.: (212) 757-0007
Fax: (212) 757-0469
daniel.malone@smzllp.com

*Attorneys for defendants Donald and Melinda Quintin*

Defendants Donald and Melinda Quintin submit this response, pursuant to Federal Rule of Civil Procedure 72, to plaintiff Evelyn Konrad's objections and addendum (the "Objections") (Docs. 141, 141-1, 146, & 146-1) to the report and recommendation (Doc. 126) of the Honorable Magistrate Judge E. Thomas Boyle that this Court grant the defendants' motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); deny plaintiff's motion to amend the complaint; deny plaintiff's motion for sanctions against defendant William Brown and counsel for the Quintins and for defendants Mark Epley, Paul Robinson, Elbert W. Robinson, Jr., and defendant Denis Guerin; deny the cross-motions of defendants William Brown and Elbert W. Robinson, Jr., for sanctions against the plaintiff; and warn plaintiff against filing future actions against the Village of Southampton and/or individual homeowners in the Rosko Place subdivision (the "Report and Recommendation" or "R&R").

I.  INTRODUCTION

Plaintiff's Objections show a misunderstanding of the procedure for objecting to the Report and Recommendation. She has failed to file a proper objection to the R&R, which the Court accordingly should adopt.

Even were that not the case, the Objections display a fundamental misunderstanding of the legal standard and procedure by which a motion to dismiss—rather than for summary judgment—is evaluated. The Objections fail to identify anything wrong in the R&R. Instead, the plaintiff, an attorney licensed to practice in the State of New York, simply repeats, with great insistence, the factual allegations of her pleadings and what she asserts to be inevitable factual conclusions to be drawn from voluminous exhibits to her various filings with the Court; reiterates conclusory legal arguments already made and rejected, without presenting authority and legal reasoning that would show why Magistrate Judge Boyle incorrectly rejected

1

them in the first place; and repeatedly, and unfittingly, vents her rage at Magistrate Judge Boyle. Plaintiff's insistence that she has proved her case is misplaced at this stage of the procedure. Magistrate Boyle's R&R assumed the truth of the allegations in plaintiff's complaint and proposed amended complaint (the "Complaints")—as required under the standards for deciding a motion to dismiss and for judging the futility of a motion to amend—and properly concluded that plaintiff's claims must be dismissed and her motion to amend denied as a matter of law.

Plaintiff's federal claims under the Complaints must fail as against the Quintins because the Quintins are private citizens, not state actors; because plaintiff has failed to identify a single federal constitutional right of which she has been deprived that would give this Court jurisdiction; and because plaintiff's claims are barred by applicable statutes of limitation and collaterally estopped by the multiple state court proceedings she has brought against similarly situated homeowners. Magistrate Boyle's R&R accurately and thoroughly cuts through the morass of plaintiff's pleadings and her many other filings to explain, clearly and succinctly, why her claims should be dismissed by the Court as a matter of law and why her filings are vexatious to the point of warranting a warning of sanctions. The Court should accordingly adopt the R&R and dismiss the case based on plaintiff's failure properly to object to the R&R and for the many reasons set out in it.

## II.   ARGUMENT

### A.   Plaintiff Has Not Properly Objected to the Report and Recommendation.

In the Objections, plaintiff has failed to provide specific written objections to the R&R and to file a copy of the actual report to which she objects, in violation of Federal Rule of Civil Procedure 72(b)(2) (party opposing magistrate's proposed findings and report authorized to file "specific written objections to the proposed findings and recommendations"), 28 U.S.C. § 636(b)(1) (objections to be filed "as provided by rules of court" and "[a] judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."), and Rule III.F of this Court's rules. ("All appeals and objections must set forth in detail those specific aspects of the order or report that are being challenged. The … objection must also provide a copy of the actual … report being challenged. The Court *will not consider* … objections where a copy of the actual … report being challenged is not provided.") (emphasis added).

The plaintiff has omitted specific objections to the R&R and failed to provide a copy of the R&R—despite plaintiff's two filings and the Court's two extensions of plaintiff's time to object. Given this, as well as the absence of clear error on the part of Magistrate Judge Boyle, the Court should adopt the R&R entirely. *E.g., Mero v. Prieto*, 557 F. Supp.2d 357, 359, 361 (E.D.N.Y. 2008) (Bianco, *J.*) (reviewing *de novo* all portions of a report and recommendation to which party "specifically objected" and the rest for clear error).

### B. Magistrate Judge Boyle Properly Concluded that Plaintiff's Claims Against the Quintins Must Be Dismissed Because Plaintiff Does Not and Cannot Plead That the Quintins Are State Actors.

Even if the Objections were properly made, they fail on the merits. As the R&R determined, the Complaints' federal claims against the Quintins fail to plead a basis of the Court's subject matter jurisdiction: the Quintins are private citizen homeowners, not state actors. *See* R&R at 26. Plaintiff does not dispute that 42 U.S.C. § 1983 is the sole vehicle for all of her federal claims asserted in the Complaints,[1] nor does she dispute that it is black letter constitutional law that, "[i]n order to state a claim under § 1983, a plaintiff must allege (1) that

---

[1] Plaintiff asserted, without basis, claims under 42 U.S.C. § 1981 in her original complaint, but has abandoned those claims in her subsequent filings with the Court and does not mention them in her Objections. *See*, *e.g.*, R&R at 24.

[2] In truth, plaintiff goes further still. In what might be an *homage* to Humphrey Bogart in the role of Captain Queeg were it not offered with evident seriousness, plaintiff recounts a demand by the Village defendant's counsel for the return of a mistakenly mailed check, describing it as a "misuse of the postal services and subsequent wire fraud," and then asserts, "If that exchange about the 'mistaken check' does not show the malice and hostility by the government defendants,

3

the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." R&R at 25 (quoting *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985)). Plaintiff does not take issue with Magistrate Judge Boyle's exposition of the law explaining that the "traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'" and that "[a]llegations that are merely conclusory will be insufficient to support a claim that private individuals have acted 'under color of state law.'" R&R at 25 (quoting *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250 (1988) and *White v. Monarch Pharmaceuticals, Inc.*, 346 Fed. App'x 739, 741 (2d Cir. 2009), respectively).

Instead, plaintiff objects to Magistrate Boyle's finding that the Quintins and other homeowner defendants were not state actors simply by reiterating the vague, conclusory allegations in her pleadings. *See* Objections at 26-28. With regard to the Quintins, plaintiff offers only that the "homeowner defendants [*sic*] goals coincide [with those of the government defendants] in that the Quintins have bought a McMansion and added an impermissible pool house to their 37 Leo's Lane property, thus adding to their property's value at plaintiff's expense." Objections at 28, ¶ 53.[2] As Magistrate Boyle properly concluded, these allegations "reveal only that the homeowner defendants sought and were granted building permits from the

---

[2] In truth, plaintiff goes further still. In what might be an *homage* to Humphrey Bogart in the role of Captain Queeg were it not offered with evident seriousness, plaintiff recounts a demand by the Village defendant's counsel for the return of a mistakenly mailed check, describing it as a "misuse of the postal services and subsequent wire fraud," and then asserts, "If that exchange about the 'mistaken check' does not show the malice and hostility by the government defendants, in a tight link with the homeowner defendants[,] then it is hard to envision anything short of their confession that would persuade the Court." Objections at 27-28, ¶¶ 51-52.

4

Village ARB in accordance with the 2005 Zoning Ordinance and other applicable Village laws, and that the homeowner defendants subsequently engaged in and completed the approved construction." R&R at 26. Such action "taken by private entities with the mere approval or acquiescence of the State is not state action." *Rodriguez v. Clinton*, 357 Fed. Appx. 355, 2009 WL 4882516, at *1 (2d Cir. Dec. 18, 2009). As Magistrate Boyle found, plaintiff's "allegations of a 'nexus' between the homeowner defendants are, at best, conjecture." R&R at 26 (finding that plaintiff has provides no facts or evidence of such a nexus, or of willful participation in joint activity, or of a scheme to build "McMansions" for financial benefit).

Plaintiff herself reveals the general and conclusory nature of her conspiracy allegations when she asserts:

> This group of government defendants enter [*sic*] into a conspiracy *with every individual speculative builder or property owner* who owns a property in the Rosko Place subdivision or has bought one for that purpose, and applies for an ARB permission to build a huge house like those that the government defendants want to have replace ranches in the Rosko Place subdivision.

Objections at 29, ¶ 58 (emphasis added). Rather than fairly plead state action by the Quintins, the Complaints would allege that the Quintins, like others, have simply sought permission to take actions of which she disapproves. Accordingly, Magistrate Boyle properly concluded that plaintiff cannot plead a viable federal claim against the Quintins.

> **C. Magistrate Judge Boyle Properly Concluded that Plaintiff's Claims Against the Quintins and Other Defendants Must Be Dismissed Because Plaintiff Has Failed to Identify a Constitutionally Cognizable Right of Which She Has Been Deprived.**

Even if plaintiff could properly allege that the Quintins were state actors subject to Section 1983 claims, she has failed to identify a constitutionally cognizable right of which she has been deprived, as Magistrate Judge Boyle properly concluded. The law is clear that the "right to prohibit a nearby landowner from building on his land ... [does not] exist[] under the

5

Constitution." *Puckett v. City of Glen Cove*, 631 F.Supp.2d 226, 238 (E.D.N.Y. 2009). Additionally, where a plaintiff's "sole theory in support of a due process challenge or a claim pursuant to 42 U.S.C. § 1983 is that 'they have a constitutionally protected interest in *preventing* municipal authorities from granting another property owner a certain use of his property under the land use regulations'"—as is the case under plaintiff's Complaints—"plaintiff's claims will be dismissed as a matter of law." R&R at 28 (quoting *Schubert v. City of Rye*, 775 F.Supp.2d 689, 707 (S.D.N.Y. 2011) (emphasis in quoted case report). Further, the "Second Circuit has held that plaintiffs have 'no right to demand that [municipal officials] enforce' land use restrictions against plaintiff's neighbors, even where the neighbors' properties are not in compliance with prevailing zoning laws or other land use regulations." *Id*. (quoting *Gagliardi v. Village of Pawling*, 18 F.3d 188, 192 (2d Cir. 1994)). Based on this straightforward case law, Magistrate Boyle properly concluded that plaintiff's federal claims against the Quintins and other defendants must be dismissed.

Plaintiff offers only one inapposite Supreme Court case from 1926—*Village of Euclid v. Amber Realty Co.*—in answer to the clear and controlling case law discussed by Magistrate Boyle. *See* Addendum to Objections at 8, ¶ 19. *Village of Euclid*, however, in no way addressed whether an individual has a constitutional right to prohibit a neighbor from building on or altering her property; rather, *Village of Euclid* addressed the "scope of the [police] power" of local governments—as the language quoted by plaintiff on page 8 of the addendum to her Objections clearly indicates—and affirmed the general proposition that local zoning ordinances "must find their justification in some aspect of the police power, asserted for the public welfare." 272 U.S. 365, 387 (1926). Accordingly, Magistrate Boyle properly concluded

that plaintiff's federal claims should be dismissed because plaintiff has failed to identify a constitutionally cognizable right of which she has been deprived.

> **D. Magistrate Judge Boyle Properly Concluded that Plaintiff's Claims Against the Quintins and Other Defendants Must Be Dismissed Because They Are Barred by the Statute of Limitations.**

Even if plaintiff could properly allege that the Quintins were state actors subject to Section 1983 claims and could identify constitutionally cognizable rights of which she was deprived, those claims would be barred by all applicable statutes of limitations, as Magistrate Judge Boyle properly concluded. *See* R&R at 17-20. Plaintiff does not dispute that any claims as to the alleged illegality of the 2005 Zoning Ordinance should have been raised in a declaratory judgment proceeding in New York State Court. Such claims now are barred by a six-year statute of limitations. Nor does plaintiff dispute that a challenge to the process by which the 2005 Zoning Ordinance was passed is now barred by the four-month statute of limitations for Article 78 proceedings and the three-year statute of limitations for § 1983 claims. R&R at 17-18. Rather, plaintiff objects to Magistrate Boyle's conclusion that there are no grounds here for tolling the applicable statutes of limitations, R&R at 19, and Magistrate Boyle's conclusion that these statutes of limitations bar her claims because the claims "rest, at heart, on the alleged illegality of the 2005 Zoning Ordinance, insofar as the 2005 the 2005 Zoning Ordinance is the legal vehicle through which the homeowner defendants were able to obtain approval to expand the size of their homes, and to add accessory buildings on their properties." R&R at 17; *see also id.* at 17-18 (abandoned Section 1981 claim would be barred by four-year limitations period).

As Magistrate Boyle properly concluded, plaintiff does not have grounds to toll the applicable statutes of limitations in this case; plaintiff does not dispute that New York State tolling rules are applied in Section 1983 actions, *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002), or that the "only available bases for tolling statutes of limitations in New York

7

State proceedings are 'infancy or insanity' or absence from the state." R&R at 19 (quoting N.Y. C.P.L.R. §§ 207-208 (Consol. 2013)). Rather, plaintiff argues that the statute of limitations should be tolled because she "had no proof of the flaws in the November 2005 Zoning Ordinance until former mayor Bill Hattrick gave plaintiff his files late in 2009." Objections at 19, ¶ 42. Not only is this an impermissible reason for tolling under C.P.L.R. §§ 207-208, but plaintiff's own pleadings contradict this position that she now takes in an effort to save her claims. *See* R&R at 19 (citing Compl. at ¶ 51 and ¶ 63, where plaintiff herself indicates that she was aware and a vocal opponent of the 2005 Zoning Ordinance at the time of its passage). Plaintiff now asserts that, "contrary to a mistaken portion in another part of her papers, plaintiff has never brought up the Zoning Ordinance.…" Objections at 20, ¶ 43. As Magistrate Boyle explained—and plaintiff does not dispute—"the Court may 'properly disregard[]' any statements by plaintiff that 'seek[] to controvert [her] own pleading.'" R&R at 19, n. 9 (quoting *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985)).

        Plaintiff makes equally unsupportable objections to Magistrate Boyle's conclusion that her claims rest on the alleged illegality of the 2005 Zoning Ordinance. Plaintiff now argues that the legality of that ordinance is irrelevant to her case, which "rests on the rights that any homeowner in a subdivision has to protect the common plan and scheme of that subdivision and to enforce the covenants that run with the land," Objections at 17, ¶ 35, even while admitting that the 2005 Zoning Ordinance permits the actions of which she now complains. Objections at 19, ¶ 38. Since "all of the defendants' actions with which plaintiff now takes issue—the construction on her neighbors' properties, the procedures followed at various community meetings about that construction—were taken in accordance with the 2005 Zoning Ordinance," R&R at 20, the 2005 Zoning Ordinance would be the root of any possible claims

made by plaintiff, and the statute of limitations has long passed for her challenge to the ordinance. Accordingly, Magistrate Boyle properly concluded that "the statute of limitations bars all of plaintiff's claims sounding in federal law." R&R at 20.

### E. Magistrate Judge Boyle Properly Concluded that Plaintiff's Claims Against the Quintins and Other Defendants Must Be Dismissed Because They Are Barred by Collateral Estoppel.

Even if plaintiff had valid federal claims that were not barred by the statutes of limitations, those claims would be barred by the doctrine of collateral estoppel, as Magistrate Judge Boyle properly concluded. Plaintiff agrees with Magistrate Boyle that the "party who is to be estopped need not have litigated against the same parties in the prior action, so long as the party being estopped had a 'full and fair opportunit[y] to litigate its grievances' in the prior matter." R&R at 20 (quoting *Yeshiva Imrei Chaim Viznitz of Boro Park, Inc. v. City of New York*, 496 Fed. App'x 122, 123 (2d Cir. 2012)); Objections at 21, ¶ 45. Plaintiff even concedes that the "issues in [plaintiff's] Tufo case…were indeed identical to some of the issues in the case at bar," but asserts that "[v]iolation of [her] Due Process rights and her Equal Protection rights were totally ignored by Judge Denise F. Molia.…" Objections at 22, ¶ 46(c).

In fact, as Magistrate Boyle correctly found and plaintiff effectively concedes, plaintiff had a full and fair opportunity to litigate her present grievances in New York State Court in several proceedings against different parties that now nonetheless collaterally estop her from asserting those claims against the Quintins. In *Konrad v. Southampton Vill. Bd. Of Architect. Review & Historic Preservation*, Index No. 07-35049 (which plaintiff apparently refers to as the "Tufo case" in her Objections), Justice Molia heard and dismissed plaintiff's Equal Protection claims identical to those here, ruling that "[w]hile the petitioner alleges that the respondent [ARB]'s requirements for public notification of the date, time and place of public hearings runs afoul of ... the Equal Protection Clause of the United State Constitution ... the petitioner has

9

failed to provide evidence or case law to support such claim." Slip Op. at 3 (N.Y. Sup. Ct. Suffolk Cnty. June 28, 2010). Justice Molia further found that plaintiff "failed to set forth a sufficient basis upon which to annul the decision of the respondent [ARB] and the related actions of other municipal departments or divisions." *Id*., Slip Op. at 4. Clearly, Justice Molia heard, considered, and rejected plaintiff's claims in that case, rather than "totally ignor[ing]" them, as plaintiff merely asserts—but does not show—in her Objections. Objections at 22, ¶ 46(c).

Plaintiff makes equally spurious arguments about her other state court proceedings that bar her claims here. It is hard to determine which cases plaintiff refers to in her Objections because she fails to provide proper citations, but she appears to assert that the "central issue" in *Konrad v. Southampton Vill. Bd. of Architect. Review & Historic Preservation*, Index No. 08-13838, Slip Op. at 3 (N.Y. Sup. Ct. Suffolk Cnty., May 8, 2009), was "the fact that William and Elichia Brown had committed a fraud by claiming that their 17 Adams Lane property was not part of the Rosko Place subdivision." Objections at 22, ¶ 46(b). In fact, in that case "plaintiff and other petitioners specifically alleged that the Village ARB enacted a resolution 'without adequate public notice thereby constituting a violation of lawful procedure and petitioners' due process rights.'" R&R at 21 (quoting *Konrad*, Index No. 08-13838, Slip Op. at 2). Justice Mayer "discussed, in detail, plaintiff's allegations that the Village ARB failed to perform its duties to maintain certain building standards within the Village, and otherwise failed to adhere to necessary procedures, thereby violating plaintiff's due process rights." R&R at 21 (quoting *Konrad*, Index No. 08-13838, Slip Op. at 4). Upon "due consideration, Justice Mayer found that plaintiff's contention that the ARB's decision 'was rendered in violation of lawful procedure and petitioners' due process rights' was without merit.'" R&R at 21-22 (quoting *Konrad*, Index No. 08-13838, Slip Op. at 3).

10

In sum, plaintiff's Objections to Magistrate Boyle's conclusion that her claims are collaterally estopped by the "various decisions of the State Court issued in the four cases filed by [plaintiff] over the past six years" rest on a willful misreading or a misrepresentation of the decisions in those cases. R&R at 23. Magistrate Boyle properly concluded that plaintiff's claims against the Quintins and other defendants are barred by the doctrine of collateral estoppel.

### F. Plaintiff Does Not Object to Magistrate Judge Boyle's Recommendation that the Court Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims.

Plaintiff does not dispute that the Court has discretion to decline supplemental jurisdiction over her state law claims if the Court dismisses her federal claims. *See* R&R at 29. Nor does plaintiff object to Magistrate Boyle's recommendation that plaintiff's state law claims be dismissed without prejudice given that "the case remains at its outset" and "[n]o discovery has occurred due to the stay pending the outcome of the instant motion." *Id.* Accordingly, because plaintiff's federal claims against the Quintins should be dismissed, the Court should adopt Magistrate Judge Boyle's recommendation that it decline to exercise supplemental jurisdiction over her state law claims and dismiss those without prejudice.

### G. Plaintiff's Conduct Merits a Warning.

Magistrate Judge Boyle neutrally describes plaintiff's conduct in the litigation and accurately sets forth the case law concerning vexatious litigation. R&R at 36-37. Plaintiff has since demonstrated more of the same kind of vexatious conduct—insulting Magistrate Boyle and this Court, and falsely impugning defendants and their counsel. *E.g.*, Objections at 33, ¶¶ 70-71 (defendants have "purposely failed" to file plaintiff's papers). If plaintiff's conduct does not merit sanctions now, it merits the warning that the Magistrate recommended.

11

### III.  CONCLUSION

      For the foregoing reasons, the Court should adopt the Report and Recommendation in its entirety and should dismiss all of plaintiff's claims against the Quintins.

Dated:  New York, New York           SCAROLA MALONE & ZUBATOV LLP
       September 27, 2013

                                          By  /s/
                                                Daniel C. Malone (DM6612)

                                      1700 Broadway, 41st Floor
                                      New York, New York  10019
                                      Tel.:  (212) 757-0007
                                      Fax:  (212) 757-0469
                                      daniel.malone@smzllp.com

                                      *Attorneys for defendants Donald and Melinda*
                                         *Quintin*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 27, 2013, the foregoing Response of Defendants Donald and Melinda Quintin to Plaintiff's Objections to the Magistrate's Report and Recommendation was filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District of New York's Local Rules, and the Eastern District's Rules on Electronic Service on the following parties:

| | |
|---|---|
| Evelyn Konrad, Esq.<br>18 South Rosko Drive<br>Southampton, New York 11968 | David H. Arntsen, Esq.<br>Devitt Spellman Barrett, LLP<br>50 Route 11<br>Smithtown, New York 11787 |
| *Plaintiff* Pro Se | *Attorneys for defendants Mark Epley, Paul Robinson, and Elbert W. Robinson, Jr.* |
| Declan P. Redfern, Esq.<br>Kayser & Redfern, LLP<br>515 Madison Avenue<br>New York, New York 10022 | William Brown<br>27 Old Stamford Road<br>New Canaan, CT 06840 |
| *Attorneys for defendant Denis Guerin* | *Defendant* Pro Se<br><br>(By first-class mail) |

                                                         /s/

Daniel C. Malone (DM6612)
Scarola Malone & Zubatov LLP
1700 Broadway, 41st Floor
New York, New York  10019
Tel.:  (212) 757-0007
Fax:  (212) 757-0469

*Attorneys for defendants Donald and Melinda Quintin*