UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EVELYN KONRAD,

      Plaintiff,

  -against-

MARK EPLEY, et al.,

      Defendants.
----------------------------------------------------------X

ORDER
12-CV-4021 (JFB)(ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 25 2013 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Boyle, recommending that the Court: (1) grant defendants' respective motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); (2) deny plaintiff's motion to amend the complaint; (3) deny all pending motions for sanctions in their entirety; and (4) warn plaintiff against filing any future actions against the Village and/or homeowners within the Rosko Place subdivision in federal court. For the reasons set forth below, the Court adopts the R&R in its entirety.

## I. PROCEDURAL HISTORY[1]

  Plaintiff filed the complaint in this action on August 13, 2012, filing multiple motions to amend the complaint. Defendants subsequently moved to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Court lacks subject matter jurisdiction over this dispute and that plaintiff has failed to state a claim upon which relief may be granted. Additionally, plaintiff moved for sanctions against defendant William

---

[1] Numerous motions and correspondence were submitted during the time of the plaintiff's initial filing of her complaint and Magistrate Judge Boyle's issuance of his R&R. The Court only summarizes the filing of those motions that are pertinent to the present R&R.

Brown ("Brown"), and also, against counsel for defendants Mark Epley ("Epley"), Paul Robinson ("P. Robinson"), Elbert Robinson ("E. Robinson"), Denis Guerin ("Guerin"), Donald Quintin ("D. Quintin"), and Melinda Quintin ("M. Quintin"). Defendants Brown and E. Robinson cross-moved for sanctions against plaintiff. The Court referred all pending motions to Magistrate Judge Boyle by orders dated October 2, 2012 and November 2, 2012. Magistrate Judge Boyle issued the R&R on July 31, 2013, recommending that defendants' respective motions to dismiss be granted in their entirety, that plaintiff's motion to amend be denied, and that all pending motions for sanctions be denied in full. The R&R additionally recommended that plaintiff be warned against bringing future litigation against the Village and/or homeowners within the Rosko Place subdivision in federal court. Lastly, the R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R dated July 31, 2013, at 40.) Plaintiff filed her objections – after seeking an extension of the filing deadlines – on September 3, 2013. She filed another set of objections on September 10, 2013, as well as additional replies to the pending motions to dismiss addressed in the R&R. Defendant Brown submitted his reply to plaintiff's objections on September 16, 2013, and the Village defendants submitted their response on September 25, 2013. Defendants Donald and Melinda Quintin submitted their response on September 27, 2013. The Court has fully considered the parties' submissions *de novo*.

For the reasons that follow, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with plaintiff's objections and defendants' responses), the Court adopts Judge Boyle's thorough and well-reasoned R&R in its entirety.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y.

2

1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## III. DISCUSSION

Plaintiff objects to the R&R with respect to its recommendation that the Court grant defendants' motions to dismiss, deny her motion to amend the complaint, and deny her motion for sanctions on the grounds that, *inter alia*, the R&R (1) failed to consider – or was unable to consider, due to defendants' alleged improper filing of plaintiff's submitted documentation – evidence supporting plaintiff's position (*see* Pl.'s Sept. 2, 2013 Objections at 1–5), (2) made an "unwarranted harsh condemnation" of plaintiff (Pl.'s Sept. 9, 2013 Objections at 1–2), (3) "misstates prior court decisions and blames plaintiff" (*id.* at 3–4), (4) "mocks plaintiff's request for help" while permitting a claim of asbestos spillage to go unpunished (*id.* at 11), (5) improperly concluded that plaintiff had failed to identify a constitutionality cognizable right of which she was deprived (*id.* at 8–10), and (6)

made "innumerable errors of fact" and "fail[ed] to cite relevant case law and documents" (Pl.'s Sept. 2, 2013 Objections at 8–10). In sum, plaintiff contends that the R&R improperly applied the law to plaintiff's case, failed to consider all of the evidence in the record, and lastly, was unwarrantedly harsh with respect to plaintiff's claims.

Plaintiff submits various forms of evidence in objection to Magistrate Judge Boyle's findings. (*See generally* Pl.'s Sept. 2, 2013 Objections; Pl.'s Sept. 9, 2013 Objections.) However, this evidence does not undermine the factual or legal conclusions reached by Magistrate Judge Boyle in his R&R. In particular, plaintiff fails to point to any facts or cite to any precedent establishing why her claims are not barred by the statute of limitations (having filed her Complaint after the applicable statute of limitations for each of her claims had long passed). Additionally, plaintiff does not explain why these claims should not be deemed barred by the doctrine of collateral estoppel, particularly in light of her various State Court proceedings involving the same substantive claims as those at issue here and in which plaintiff's claims were both considered and dismissed. (*See* R&R at 21–23 (citing and discussing plaintiff's prior State Court actions)); *see In re Hyman*, 502 F.3d 61, 65 (2d Cir. 2007) ("Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action."). Instead, plaintiff calls the Court's attention to a host of exhibits that do not serve to further her position in this case. In short, Magistrate Judge Boyle correctly concluded that the claims are barred by the statute of limitations and the doctrine of collateral estoppel.

Even if assuming *arguendo* that the statute-of-limitations and collateral-estoppel doctrines should not be deemed applicable here, plaintiff also has not shown, whether via facts, legal precedent, or other evidence, that the R&R's determination that her federal claims also should be

4

dismissed on other grounds is incorrect. After *de novo* review, the Court agrees with the R&R's determination, in the alternative, that there are additional grounds for dismissal. A review of the record shows that (1) plaintiff has abandoned her claims made pursuant to 42 U.S.C. § 1981 (having expressly stated as such in her opposition motion to the Village defendants' motion to dismiss); (2) even if she has not, plaintiff fails to allege facts showing that she is a member of one of Section 1981's protected groups, *see Brown v. City of Oneonta*, 221 F.3d 229, 239 (2d Cir. 1999) (identifying as one of prongs for Section 1981 claim that a plaintiff be a member of a racial minority); (3) plaintiff fails to identify a state actor in support of her claim pursuant to 42 U.S.C. § 1983, and lastly, (4) plaintiff does not identify a constitutionally cognizable right of which she was deprived, *see Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir. 1985) ("It is axiomatic that a successful § 1983 claim requires more than a showing that one has been wronged at the hands of a state or municipal official. Rather, a plaintiff must allege that he has been deprived of some right secured by federal statute or the United States Constitution.").

Regarding this last point, although plaintiff sets forth various reasons in her September 2 Objections as to why she has *not* failed to identify a constitutionally cognizable right, plaintiff's arguments, in essence, contest her neighbor's use of their land; this is insufficient for purposes of establishing a constitutionally protected property interest. (*See* Pl.'s Sept. 2, 2013 Objections at 31 ("[Plaintiff's] residence and presence in the Village of Southampton would be impaired by the change in the Village that is undesirable, and which profits only the speculative builders and the members of the administration who partner with them . . . ."); *see also Schubert v. City of Rye*, 775 F. Supp. 2d 689, 707 (S.D.N.Y. 2011) (noting that it is insufficient to establish a constitutionally cognizable right where a plaintiff's claims amount to nothing more than that "they have a constitutionally protected interest in *preventing* municipal authorities from granting another property

owner a certain use of his property under the land use regulations" (emphasis added)); *Puckett v. City of Glen Cove*, 631 F. Supp. 2d 226, 238 (E.D.N.Y. 2009) (stating that the "right to prohibit a nearby landowner from building on his land . . . [does not] exist[] under the Constitution").

Regarding plaintiff's state law claims, it is clear that the Court holds discretion to "decline supplemental jurisdiction [over state law claims] when all claims over which the district court had original jurisdiction have been properly dismissed." *Choe v. Fordham Univ. Sch. of Law*, 81 F.3d 319, 319 (2d Cir. 1996). Plaintiff has shown no reason as to why supplemental jurisdiction should be granted here. Therefore, the Court similarly agrees with the R&R's recommendation that supplemental jurisdiction be denied. (*See* R&R at 29.)

As to plaintiff's motion to amend, the Court likewise adopts the R&R's recommendation that such motion be denied. A review of plaintiff's proposed amended complaint reveals nothing more than additional details concerning those claims plaintiff asserts in her original complaint. These pleadings are insufficient for purposes of curing those fundamental flaws in her original complaint, as discussed herein. Moreover, the only new substantive federal claim that plaintiff raises in her proposed amended complaint, a First Amendment retaliation claim, is – as the R&R notes – insufficiently pled because plaintiff fails to show facts from which an alleged retaliatory intent on the part of defendants may be reasonably inferred. (*See* R&R at 31–34 (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 91 (2d Cir. 2002)). Because plaintiff continued to exercise her First Amendment rights after the alleged retaliation, this claim must fail. *See Agostino v. Simpson*, No. 08-CV-5760(CS), 2008 WL 4906140, at *8 (S.D.N.Y. Nov. 17, 2008) (finding that dismissal of First Amendment retaliation claim was warranted where "[t]here is no allegation that Defendants' retaliation against Plaintiff actually chilled or silenced [plaintff's] protected speech").

Accordingly, the Court agrees that plaintiff's motion to amend should be denied as futile.[2]

In addition, because plaintiff cannot show grounds supporting amendment as to any federal claims, the Court also adopts the R&R's recommendation that the Court should not exercise supplemental jurisdiction over any new state law claims raised in the proposed amended complaint.

Regarding the pending motions for sanctions that the parties have filed, the Court agrees with the R&R that all such motions for sanctions be denied in their entirety. As to plaintiff's requests for sanctions, the Court concludes that plaintiff has failed to set forth any factual or legal basis for the imposition of sanctions against any defendants or their counsel. There is absolutely nothing in the record to suggest that any of the defendants or their counsel have engaged in any conduct that would warrant the imposition of sanctions. As to the defendants' various motions for sanctions, although plaintiff is a licensed attorney and had already brought various proceedings in state court litigating the exact issues raised in this case, this is the first time plaintiff has sought to challenge these legal determinations in federal court. Although plaintiff's federal claims are completely devoid of merit for the reasons stated herein and in the R&R, plaintiff apparently had persuaded herself that there was some recourse to federal court. Thus, the Court does not believe her misguided effort to re-litigate the state law claims in federal court is sanctionable. Accordingly, the Court agrees with the

---

[2] Since the filing of the R&R, plaintiff has submitted a number of additional letters/motions (including, *inter alia*, letters of November 6, 2013, November 8, 2013 and November 19, 2013) in support of her effort to amend the complaint to add additional defendants and claims. However, none of these submissions addresses how plaintiff could cure the legal defects in her pleading identified in the R&R and this Memorandum and Order. Thus, having reviewed these latest submissions, the Court again concludes that any attempt to amend would be futile. Similarly, in a letter dated October 17, 2013, plaintiff seeks a copy of an affidavit that she believes is missing from Docket No. 130. The Court is unaware of any missing documents that were filed with the Court as part of Docket No. 130 and, thus, such relief is denied. Any other motions filed by plaintiff for a protective order or other relief are also denied because they lack any factual or legal merit.

R&R's determination that plaintiff should not be sanctioned.[3]

However, the Court also agrees with the R&R that plaintiff should be warned that any further efforts to re-litigate these issues in federal court may expose her to sanctions, including being permanently enjoined from filing future lawsuits related to the subject matter of this lawsuit. (*See* R&R at 36–39.) As the R&R acknowledges, this is plaintiff's fifth action contesting the construction of larger-sized homes in the Rosko Place subdivision. (*Id.* at 37.) Additionally, as the R&R notes, plaintiff, while a licensed attorney, has repeatedly failed to abide by the rules of this Court (*id.* at 37–38). She also has submitted numerous voluminous filings of such a nature that the Court was required to enter an Order prohibiting the submission of further filings without leave subject to the Court's resolution of the pending motions to dismiss and motion to amend. (*See id.* at 38–39.) The Court agrees with Magistrate Judge Boyle that, if plaintiff continues in pursuing "vexatious litigation," the Court can, and should, impose a litigation injunction. *See In re Martin-Trigona*, 737 F.2d 1254, 1263 (2d Cir. 1984); *see also In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982) (stating that issuance of an injunction was appropriate where plaintiffs' actions "have resulted in vexatious, harassment and needless expense to the appellees and have placed an unnecessary burden on the courts and their supporting personnel"). Accordingly, the Court advises plaintiff that, should she continue to bring actions against the Village and/or homeowners within the Rosko Place subdivision in federal court – raising essentially the same substantive allegations as those at issue

---

[3] Following the issuance of the R&R, by letters dated August 27, 2013 and November 21, 2013, defendants requested that the Court impose sanctions based upon plaintiff's series of filings while the R&R was under review by this Court. Given that the Court did not seek a response to the baseless allegations raised by plaintiff in these latest filings, the Court again does not believe sanctions are warranted at this juncture. However, as discussed *infra*, the Court will consider the imposition of monetary sanctions and a litigation injunction should plaintiff pursue any additional frivolous or vexatious litigation in connection with the subject matter of this case.

here – an injunction may issue barring the acceptance of any such complaints without plaintiff's first obtaining leave of the Court, as well as other sanctions, including monetary sanctions. *See, e.g., Malley v. N.Y.C. Bd. of Educ.*, No. 94-CV-7186, 1995 WL 434322, at *3 (S.D.N.Y. July 24, 1995).

## IV. CONCLUSION

Having conducted a *de novo* review of the R&R in its entirety, the Court adopts the R&R in all respects. Thus, the Court grants defendants' motions to dismiss the federal claims, and declines to exercise supplemental jurisdiction over any state law claims. The Court also denies plaintiff's motion to amend, as well as the various motions for sanctions. In addition, for the reasons set forth herein, plaintiff's other requests for relief from this Court (including, *inter alia*, for protective orders and for allegedly missing documents) are denied. Accordingly, plaintiff's complaint is dismissed. The Court warns plaintiff against filing any future actions against defendants that are of the same substantive nature as those at issue here, at the risk of being permanently enjoined from such filings and being sanctioned pursuant to 28 U.S.C. § 1927. The Clerk of the Court shall enter judgment accordingly and close the case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated:   November 25, 2013
         Central Islip, New York